D. Michael Lynn
Texas Bar I.D. No. 12736500
John Y. Bonds, III
Texas Bar I.D. No. 02589100
Clay M. Taylor
Texas Bar I.D. No. 24033261
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

ATTORNEYS FOR MOVANT JAMES DONDERO

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: § <br> §<br>HIGHLAND CAPITAL MANAGEMENT, L.P. §<br>§<br>Debtor. § | | Case No. 19-34054 <br><br> Chapter 11 |
| UBS SECURITIES LLC, §<br>UBS AG LONDON BRANCH, §<br>§<br>Plaintiffs. §<br>§<br>v. §<br>§<br>HIGHLAND CAPITAL MANAGEMENT, L.P., §<br>§<br>Defendant. § | | Adversary No. 21-03020 |

## NONPARTY DEPONENT JAMES DONDERO'S
## MOTION FOR PROTECTIVE ORDER

Nonparty deponent James D. Dondero (the "Movant"), files this *Motion for Protective Order* pursuant to Federal Rules of Bankruptcy Procedure 7026, 7030, and 7034, applying Federal Rules of Civil Procedure 26, 30, 34, and 45.[1] In support, Movant presents the following:

---

[1] FED. R. CIV. P. 45 is applied by FED. R. CIV. P. 30 & 34.

## BACKGROUND

1. On March 29, 2021, the Plaintiffs ("UBS") filed a *Motion for Leave to File Adversary Complaint and Other Materials Under Seal* in the main bankruptcy case.[2] That same day, the Debtor filed a *Motion for Leave to File under Seal the Debtor's Statement with Respect to UBS's Motion for Leave to File Adversary Complaint and Other Materials Under Seal*.[3] Two days later, the Court granted UBS' motion on March 31, 2021,[4] and UBS commenced this adversary proceeding that same day under seal. The next day, on April 1, 2021, the Court granted the Debtor's motion and the Debtor filed its statement under seal.[5] On April 9, 2021, the Court entered a TRO in this adversary proceeding enjoining the Debtor from making payments to certain entities not named in this adversary proceeding.[6]

2. While the events above were unfolding, UBS sent a document preservation letter to the Movant dated March 30, 2021,[7] and the Debtor followed with a similar letter dated March 31, 2021.[8] The Debtor's letter states that "UBS has recently commenced an adversary proceeding against [the Debtor]"[9] such that the Preservation Letters appear related to this suit.

---

[2] Main Case Docket No. 2128.

[3] Main Case Docket No. 2129.

[4] Main Case Docket No. 2140; Adversary Proceeding Docket No. 2.

[5] Main Case Docket Nos. 2146 & 2148.

[6] Adversary Proceeding Docket No. 21 ("Order Granting Plaintiffs' Motion for a Temporary Restraining Order") ("TRO").

[7] Ex. 1.

[8] Ex. 2 (collectively, Ex. 1 and Ex. 2 are referred to as the "Preservation Letters").

[9] Ex. 2, at 1.

3. On April 1, 2021, UBS' counsel issued two subpoenas addressed to the Movant and requested undersigned counsel to accept service.[10,11] The Subpoenas have not been served as of this time. The Subpoenas commanded: (a) production by April 9, 2021, at 9 a.m.; and (b) appearance at deposition on April 16, 2021.

### SUMMARY OF ARGUMENTS

4. UBS seeks discovery on a schedule that it cannot get absent stipulation because: "[a] subpoena served on a third party . . . is subject to the same standards that govern discovery between the parties[,]" *Ortiviz v. Follin*, No. 16-cv-02559-MSK-MEH, 2017 U.S. Dist. LEXIS 113143, at *5 (D. Colo. July 20, 2017) (citing *Segura v. Allstate Fire & Cas. Ins. Co.*, No. 16-cv-00047-NYW, 2016 U.S. Dist. LEXIS 188003, 2016 WL 8737864, at *5 (D. Colo. Oct. 11, 2016)), and " . . . subpoenas . . . are subject to the same time constraints that apply to all of the other methods of formal discovery[.]" *Nicholas v. Wyndham Int'l, Inc.*, No. 2001/147-M/R, 2003 U.S. Dist. LEXIS 24085, at *5-6, 2003 WL 23198847 (D.V.I. Oct. 1, 2003) (quoting *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind. 2001) (followed by *Williamson v. Horizon Lines, LLC*, 248 F.R.D. 79, 83 (D. Me. 2008)); *Dockery v. Horvath*, No. 3:11cv408-TSL-MTP, 2011 U.S. Dist. LEXIS 124997, at *4 (S.D. Miss. Oct. 27, 2011). If a Rule 26(f) conference occurred between UBS and the Debtor during the first two days of this adversary proceeding, this apparently friendly-party litigation could be attempting to prejudice the rights of a nonparty in violation of established discovery rules.

---

[10] Ex. 3 (the "Production Subpoena") and Ex. 4 (the "Deposition Subpoena") (collectively, the "Subpoenas").

[11] Counsel, at this point, is not authorized to accept service. However, out of an abundance of caution, this motion is being filed at this time to preserve all rights. In conjunction herewith, a separate but related motion to reconsider sealing is being filed by Movant.

5.  If *no* Rule 26(f) conference occurred before UBS issued the Deposition Subpoena (and this adversary proceeding is not exempt under FED. R. CIV. P. ("Rule") 26(a)(1)(B))),[12] Rule 30(a)(2)(A)(iii) required the Plaintiffs to obtain leave of court before issuing it. Rule 30(a)(2)(A)(iii)) prohibits commanding a deposition " . . . before the time specified in Rule 26(d) . . ." without having " . . . the party certif[y] in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time[.]"; *see* Notice of Deposition at Ex. 5 (including no such certification or supporting facts). The Deposition Subpoena "is thus invalid." *Burdick v. Union Sec. Ins. Co.*, 2008 U.S. Dist. LEXIS 99994, at *12 (C.D. Cal. Dec. 3, 2008) ("Plaintiff issued a [Rule 30] deposition notice without leave of court, despite the requirement of [Rule 30(a)(2)]. The notice **is thus invalid**.") (emphasis added) (citing *Ameristar v. Signal Composites*, 244 F.3d 189, 192 (1st Cir. 2001)). While a court must grant leave consistent with this rule when asked, the process is still required. *Id.*

6.  Unlike the Deposition Subpoena, the Production Subpoena fails whether it was issued before, or after, a Rule 26(f) conference. It is "invalid[,]" *id.*, if issued prematurely because "[r]ule 26(d)(1) provides that '[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized ... by court order." *BKGTH*

---

[12] FED. R. CIV. P. 26(a)(1)(B) exempts the following types of proceedings:

    (i) an action for review on an administrative record;
    (ii) a forfeiture action in rem arising from a federal statute;
    (iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;
    (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;
    (v) an action to enforce or quash an administrative summons or subpoena;
    (vi) an action by the United States to recover benefit payments;
    (vii) an action by the United States to collect on a student loan guaranteed by the United States;
    (viii) a proceeding ancillary to a proceeding in another court; and
    (ix) an action to enforce an arbitration award.

The Debtor's Letter at Ex. 2 makes it unlikely that this adversary proceeding falls within the above list, but the Movant cannot access the sealed adversary complaint and is uncertain on this point.

*Prods., LLC v. Doe*, 2013 U.S. Dist. LEXIS 140924 (E.D. La. Sep. 30, 2013) (quoting *St. Louis Group, Inc. v. Metals and Additives Corp., Inc. et al.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011)). And it is nevertheless improper if issued after a Rule 26(f) conference because UBS disregarded early Rule 34 requirements when issuing it.[13] Early Rule 34 Requests may be delivered to a party no earlier than 21 days after the summons and complaint have been served upon that party,[14] and Rule 34(c) applies this rule to nonparties via Rule 45. There is no language in Rule 45 shortening the Early Rule 34 Request provisions for nonparties.

7. Finally, if the Deposition Subpoena was issued after a Rule 26(f) conference, it could, arguably, be technically proper. But requiring a nonparty to sit for early deposition in friendly-party litigation – without allowing him to see the complaint and prepare for possible intervention of right – urges caution. *Texas v. United States*, 805 F.3d 653, 658 (5th Cir. 2015) (" . . . our cases reveal that the [Rule 24(a)(2) intervention of right] inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way").

**RELIEF REQUESTED AND BASIS FOR RELIEF**

8. Movant asks the Court to enter a protective order regarding the UBS Subpoenas for the reasons introduced above and further explained below.

    **A.    The Production Subpoena is Not Authorized by, and Does Not Comply with, Rule 34**

9. Regardless of whether a Rule 26(f) conference occurred, the Production Subpoena violates Rule 34. Early Rule 34 Requests may be delivered to a party no earlier than 21 days after

---

[13] *See* Rule 26(d)(2) (entitled "Early Rule 34 Requests").

[14] *Id.*

the summons and complaint have been served upon that party,[15] and Rule 34(c) applies this rule to nonparties via Rule 45. Rule 45 does not shorten Early Rule 34 Request provisions for nonparties. "A subpoena served on a third party pursuant to [Rule 45] is subject to the same standards that govern discovery between the parties[.]" *Ortiviz*, at *5. "[S]ubpoenas . . . are subject to the same time constraints that apply to all of the other methods of formal discovery[.]" *Nicholas*, at *5-6.[16]

### B. If Two Conditions (Unknown to the Movant) are Met, the Deposition Subpoena is Not Authorized by, and Does Not Comply with, Rule 30

10. Unlike the Production Subpoena, the Deposition Subpoena is only "invalid"[17] if: (a) there was no Rule 26(f) conference before it was issued; and (b) this adversary proceeding is not exempt.[18] If these two conditions apply, UBS was required by Rule 30(a)(2)(A)(iii) to obtain leave of court beforehand, and although a Court must grant leave consistent with this rule when asked, the process is still required.[19] The requirement to obtain leave of court is not an empty one. "[C]ourts generally only permit expedited discovery before the Rule 26(f) conference upon a showing of good cause. Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Vizio*, at *7. Here, the prejudice to the Movant outweighs the need for expedited discovery. The parties to this adversary proceeding could be using "friendly-party litigation" to prejudice the

---

[15] *Id.*

[16]

[17] *Burdick*, at *12 ("Plaintiff issued a [Rule 30] deposition notice without leave of court, despite the requirement of [Rule 30(a)(2)]. The notice is thus invalid").

[18] *See* n.10, *supra* (listing 26(a)(1)(B) exemptions).

[19] Rule 30(a)(2)(A)(iii)) prohibits commanding a deposition " . . . before the time specified in Rule 26(d) . . ." without having " . . . the party certif[y] in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time[.]"; *see* Deposition Subpoena at Ex. 4 (including no such certification or supporting facts).

rights of a nonparty for as long as possible by: (a) making allegations against the Movant in the Preservation Letters; while (b) barring the Movant from seeing the complaint so they can prepare for possible intervention; and (c) moving quickly before possible intervention to get discovery while not being subject to discovery.

        **C.     The Discovery Seems Designed to Prejudice the Rights of a Nonparty**

11.     The complaint was filed under seal; the parties immediately sent Preservation Letters with allegations against the Movant (such that he may need to intervene); and UBS seeks discovery from the Movant while perhaps delaying his ability to do the same. Intervention of right exists if the Movant "has a stake in the matter that goes beyond a generalized preference that the case come out a certain way" and "representation of the [Movant's] interest by existing parties is or may be inadequate[.]" *Texas*, 805 F.3d, at 658 (quoted first in sentence); *Bhd. of R.R. Trainmen v. Balt & Ohio R.R.*, 331 U.S. 519, 525 (1947) (quoted second in sentence). Without seeing the adversary complaint, the Movant cannot determine whether he has more than "a generalized preference that [this adversary proceeding] come out a certain way[,]" but the parties' Preservation Letters suggest that is the case.[20] If so, "representation of the [Movant's] interest by existing parties is or may be inadequate." *Trainmen,* 331 U.S. at 525.

        **D.     The Discovery Seeks Some Confidential and/or Privileged Information and is Unduly Burdensome and Harassing**

12.     Preventing the Movant from seeing the adversary complaint and accompanying materials prevents the Movant from being able to raise certain objections, but the Court should enter a protective order to the extent that: (i) the Debtor's discovery seeks to obtain documents and

---

[20] Ex.'s 1 & 2.

communications that are confidential and privileged pursuant to Rule 408 and under the attorney-client privilege; and (ii) the Discovery Requests are unduly burdensome, overbroad, harassing, irrelevant, or unlikely to lead to admissible evidence.

13. For example, only Paragraphs III-8 and III-10 of the Production Subpoena specify time ranges, and Paragraph III-12 requests "[d]ocuments or [c]ommunications between Sentinel and any person concerning the [l]egal [a]ction." Movant will make objections accordingly when the Subpoenas are either served or Movant can accept service, and after the Court, hopefully, orders a new discovery schedule that that is both reasonable and brings the Production Subpoena in line with Rule 34.

### REQUEST FOR RELIEF

For the foregoing reasons, the Movant asks the Court to:

i. enter a protective order which would, at a minimum, bring the Production Subpoena in line with Rule 34;

ii. if the two conditions unknown to the Movant in paragraph 10, *supra*, exist, the Movant asks that the protective order bring the Deposition Subpoena in line with

Rule 30 as well; and

iii. delay one-sided discovery until possible intervention of right is addressed.

Dated: April 16, 2021          Respectfully submitted,

                                         */s/ Clay M. Taylor*
                                         D. Michael Lynn
                                         Texas Bar I.D. No. 12736500
                                         John Y. Bonds, III
                                         Texas Bar I.D. No. 02589100
                                         Clay M. Taylor
                                         Texas Bar I.D. No. 24033261

>BONDS ELLIS EPPICH SCHAFER JONES LLP
>420 Throckmorton Street, Suite 1000
>Fort Worth, Texas 76102
>(817) 405-6900 telephone
>(817) 405-6902 facsimile
>Email: michael.lynn@bondsellis.com
>Email: john@bondsellis.com
>Email: clay.taylor@bondsellis.com
>
>**ATTORNEYS FOR MOVANT JAMES DONDERO**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 16, 2021, true and correct copies of this Motion were electronically served by the Court's ECF system on parties entitled to notice thereof, including on counsel for Highland Capital Management, L.P, UBS Securities LLC, and UBS AG London Branch.

>*/s/ Clay Taylor*
>Clay Taylor

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that, on April 16, 2021, I conferred with Plaintiffs' and Defendants' counsel, who did not agree to the relief requested in this motion.

>*/s/ Clay Taylor*
>Clay Taylor