Andrew B. Clubok
Direct Dial: 1.202.637.3323
andrew.clubok@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS LLP**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

March 30, 2021

**CONFIDENTIAL**
**VIA EMAIL AND OVERNIGHT MAIL**

Sentinel Reinsurance, Ltd.
Sentinel Re Holdings, Ltd.
SS Holdings, Ltd.

c/o Bonds Ellis Eppich Schafer Jones LLP
D. Michael Lynn
John Y. Bonds
Clay M. Taylor
Bryan C. Assink
420 Throckmorton Street, Suite 1000
Fort Worth, TX 76102
Email: Michael.lynn@bondsellis.com
john@bondsellis.com
clay.taylor@bondsellis.com
bryan.assink@bondsellis.com

      Re:    Preservation Demand in Connection with *In re Highland Capital Management, L.P.*, No. 19-34054-sgj11 (Bankr. N.D. Tex.) and Adversary Case

Dear Judge Lynn:

      We represent UBS Securities LLC and UBS AG London Branch (together, "UBS"), creditors of Highland Capital Management, L.P. ("HCMLP" or the "Debtor") in the above-captioned Chapter 11 case (the "Bankruptcy Case"). We also represent UBS in connection with pending litigation in the Supreme Court of the State of New York against HCMLP, Highland CDO Opportunity Master Fund, L.P. ("CDO Fund"), Highland Special Opportunities Holding Company ("SOHC," and together with CDO Fund, the "Funds"), and Highland Credit Opportunities CDO, L.P. (n/k/a Highland Multi Strategy Credit Fund, L.P.) ("Multi-Strat"), among other defendants, in a consolidated action captioned *UBS Securities LLC et al. v. Highland Capital Management, L.P. et al.*, No. 650097/2009 (N.Y. Sup. Ct.) (the "UBS Litigation").

      We provide this document preservation notice to you as counsel to James B. Dondero, in his capacity as an owner and controller of Sentinel Reinsurance, Ltd., Sentinel Re Holdings, Ltd., and SS Holdings, Ltd. (collectively, "Sentinel," and together with its affiliates, the "Sentinel Entities"). The purpose of this document preservation notice (this "Notice") is to notify Sentinel

LATHAM&WATKINS LLP

of its obligation to preserve documents and information relating in any way to the matters referenced herein.  Please ensure, on behalf of Mr. Dondero, that this Notice is immediately provided to the directors and officers of Sentinel and advise us if this Notice should be distributed to any other individuals or entities with authority or control over Sentinel.  To the extent that the Sentinel Entities are represented by counsel in connection with these matters, please advise us immediately so that we may communicate with such designated counsel regarding this Notice going forward.  Please advise us immediately if you are not authorized to accept this Notice on behalf of Mr. Dondero and confirm to whom this Notice should be directed.

UBS will soon commence an adversary proceeding against the Debtor (the "Adversary Case") in connection with the Bankruptcy Case.  In the Adversary Case, UBS alleges that the Debtor, acting through and at the direction of Mr. Dondero and other current and/or former employees of HCMLP, fraudulently transferred hundreds of millions of dollars of assets (the "Transferred Assets") away from the Funds and affiliated entities—in anticipation of a judgment that UBS obtained against the Funds in the UBS Litigation—to Sentinel Reinsurance, Ltd., a Cayman Islands entity that Mr. Dondero and Mr. Ellington owned and controlled.

UBS further alleges that certain of these assets were fraudulently transferred to Sentinel pursuant to a purported purchase agreement (the "Purchase Agreement"), dated as of August 7, 2017, purportedly to satisfy the premium on a legal liability insurance policy issued by Sentinel (the "Insurance Policy"), which policy was supposedly intended to insure the Funds against an adverse judgment in the UBS Litigation.  Among the assets that were purportedly transferred to Sentinel are (i) a redemption interest in Multi-Strat (the "Sentinel Redemption") and (ii) assets held by CDO Fund related to Greenbriar CLO Ltd., Greenbriar CLO Corp., Aberdeen Loan Funding Ltd., Eastland CLO Ltd., Grayson CLO Ltd., Valhalla CLO Ltd., and Governance Re, Ltd., including cash payments related to those assets (collectively, the "CDO Fund Assets").

UBS will seek discovery from various parties and third parties in connection with the Adversary Case and any other legal actions that UBS may commence relating to the subject matter of this Notice, potentially including from Sentinel.  Sentinel is receiving this preservation demand because we believe that Sentinel has documents or other materials that relate to the matters referenced herein.  Applicable law and the rules of discovery require the immediate preservation of all documents and electronically stored information in Sentinel's possession, custody, or control that relate in any way to these matters.

Pursuant to the Notice, UBS demands that Sentinel retains all documents and other materials in its possession, custody, or control (including such documents and materials in the possession or custody of Sentinel's representatives, agents, employees, or affiliates) that relate, directly or indirectly, to the subject matter of this Notice, including, *but not limited to*, any of the following:

- The Bankruptcy Case;

- The Adversary Case and any future claims or actions that UBS may bring against Sentinel relating to the subject matter of this Notice;

**LATHAM&WATKINS**LLP

- UBS or the UBS Litigation, including without limitation any actual or potential judgments entered therein;

- The Sentinel Entities, including without limitation Sentinel Reinsurance, Ltd., Sentinel Holdings, Ltd., and SS Holdings, Ltd., and all predecessors, successors, directors, officers, employees, representatives, and agents of the Sentinel Entities;

- The Insurance Policy, including without limitation any claims made on the Insurance Policy, and all related documents and agreements;

- The Purchase Agreement and all related documents and agreements;

- All assets actually or potentially transferred from the Debtors, the Funds, or any affiliated entities to the Sentinel Entities, including without limitation the value of all such assets;

- All documents and agreements relating to any accounts in which such assets are or have been transferred, deposited, or held;

- All documents and agreements reflecting any actual or potential transfer of assets from the Debtors, the Funds, or any affiliated entities to the Sentinel Entities;

- All actual or potential interests that any Sentinel Entities have had or purport to have in Multi-Strat, including without limitation any redemption interests, partnership interests, or other economic interests; and

- All documents and agreements relating to any subsequent transfers by the Sentinel Entities of any assets received from the Debtors, the Funds, or any affiliated entities.

For the avoidance of doubt, the foregoing topics are not intended to be exhaustive; Sentinel must retain all documents and other materials that relate in any way to the subject matter of this Notice. The terms "related to" or "relating to" should be construed as broadly as possible, and any doubts concerning the potential relevance of a document should be resolved in favor of preservation.

For purposes of this Notice, the term "documents" should be construed broadly to encompass all manner of communication and information, whether or not in physical or electronic form, and shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure. "Documents" expressly include, without limitation, all of the following:

- Hard copy documents, including without limitation writings (whether typed or printed, or in final or draft form), printouts, calendars, handwritten notes, notebooks, sketches, photographs, drawings, photographs, and other tangible objects; and

LATHAM&WATKINS LLP

- Electronic files and electronically stored information ("ESI"), including without limitation emails and attachments, text messages, chat messages, instant messages, electronic calendars, schedules, social media content and communications, video or sound recordings, pictures, presentations (*e.g.*, PowerPoint), spreadsheets, PDFs, word processing documents, presentations, voicemails, diagrams, images, databases, servers, metadata, and other electronic information, whether stored or maintained on a laptop, desktop computer, hard drive, server, network, legacy system, flash drive, internal or external hard drive, shared drive, CD, CD-ROM, DVD, PDA, tablet, iPad, iPhone, smartphone, Blackberry, computer log, or other removable media or storage device. This also includes potentially relevant documents and information stored on products Sentinel does not own, such as the personal laptops or home computers of its employees or affiliates.

Sentinel must take all steps necessary to preserve all physical and electronic documents and ESI in its possession, custody, or control that relate to the subject matter of this Notice, including without limitation ensuring that potentially relevant documents are preserved intact and are not destroyed, altered, modified, or deleted. In particular, Sentinel must immediately suspend any document retention/destruction policies, including any backup tape recycling policies, that could result in the destruction or deletion of any potentially relevant documents in its possession, custody, or control, and must retain all software, hardware, or other information required to access or view potentially relevant ESI. Failure to take such actions may subject Sentinel to sanctions.

This preservation demand is continuing in nature and requires Sentinel's preservation of potentially relevant documents and materials that come into its possession, custody, or control after the date of this Notice.

Please acknowledge receipt of this Notice and promptly confirm, on behalf of Mr. Dondero, that Sentinel will comply with this preservation demand.

Sincerely,

*Andrew B. Clubok*

Andrew B. Clubok
of LATHAM & WATKINS LLP