

NEW YORK, NY
LOS ANGELES, CA
COSTA MESA, CA
SAN FRANCISCO, CA
WILMINGTON, DE

780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**

FACSIMILE: 212/561 7777

**LOS ANGELES**

10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760

**COSTA MESA**

650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

**TELEPHONE: 714/384 4750**

FACSIMILE: 714/384 4751

**SAN FRANCISCO**

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**

FACSIMILE: 415/263 7010

**DELAWARE**

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**

FACSIMILE: 302/652 4400

WEB: www.pszjlaw.com

John A. Morris

March 31, 2021

212.561.7700
jmorris@pszjlaw.com

**Via Federal Express**

James D. Dondero
3807 Miramar
Highland Park, TX 75205

  Re: *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj11 (Bankr. N.D. Tex.)

Dear Mr. Dondero:

We are counsel to Highland Capital Management, L.P. ("HCMLP"), the debtor in the above captioned Chapter 11 case (the "Bankruptcy Case"). The purpose of this document preservation notice (this "Notice") is to notify you of your obligation to preserve documents and information relating in any way to the matters referenced herein.

UBS Securities LLC and UBS AG London Branch (together, "UBS") has recently commenced an adversary proceeding against HCMLP (the "Adversary Case") in connection with the Bankruptcy Case. In the Adversary Case, UBS has alleged that HCMLP, acting through and at the direction of James Dondero and other former employees of HCMLP, fraudulently transferred hundreds of millions of dollars of assets (the "Transferred Assets") away from Highland CDO Opportunity Master Fund, L.P. ("CDO Fund") and Highland Special Opportunities Holding Company ("SOHC," and together with CDO Fund, the "Funds") and affiliated entities—in anticipation of a judgment that UBS obtained against the Funds in the UBS Litigation[1]—to Sentinel Reinsurance, Ltd. ("Sentinel," and together

---

[1] "UBS Litigation" refers to the action commenced by UBS in the Supreme Court of the State of New York against HCMLP, the Funds, and Highland Credit Opportunities CDO, L.P. (n/k/a Highland Multi Strategy Credit Fund, L.P.) ("Multi-Strat"), among other defendants, and which has been consolidated in the action captioned *UBS Securities LLC et al. v. Highland Capital Management, L.P. et al.*, No. 650097/2009 (N.Y. Sup. Ct.).

DOCS_NY:42744.1 36027/002



James D. Dondero
March 31, 2021
Page 2

with its affiliates, the "Sentinel Entities"), a Cayman Islands entity that Mr. Dondero and Scott Ellington owned and controlled.

UBS further alleges that certain of these assets were fraudulently transferred to Sentinel pursuant to a purported purchase agreement (the "Purchase Agreement"), dated as of August 7, 2017, purportedly to satisfy the premium on a legal liability insurance policy issued by Sentinel (the "Insurance Policy"), which policy was supposedly intended to insure the Funds against an adverse judgment in the UBS Litigation. Among the assets that were purportedly transferred to Sentinel are (i) an interest in Multi-Strat that was ostensibly redeemed in November 2019 (the "Sentinel Redemption") and (ii) assets held by CDO Fund related to Greenbriar CLO Ltd., Greenbriar CLO Corp., Aberdeen Loan Funding Ltd., Eastland CLO Ltd., Grayson CLO Ltd., Valhalla CLO Ltd., and Governance Re, Ltd., including cash payments related to those assets.

HCMLP will seek discovery from various parties and third parties in connection with the Adversary Case and any other legal actions that may be commenced relating to the subject matter of this Notice, potentially including from you. You are receiving this preservation demand because we believe that you have documents or other materials related to the matters referenced herein. Applicable law and the rules of discovery require the immediate preservation of all documents and electronically stored information in your possession, custody, or control that relate in any way to these matters.

Pursuant to the Notice, HCMLP demands that you retain all documents, communications (including e-mails and text messages), and other materials in its possession, custody, or control (including such documents and materials in the possession or custody of your representatives, agents, employees, subsidiaries, or affiliates) that relate, directly or indirectly, to the subject matter of this Notice, including, *but not limited to*, any of the following:

- The Bankruptcy Case;

- The Adversary Case and any future claims or actions that may be brought relating to the subject matter of this Notice;

DOCS_NY:42744.1 36027/002



James D. Dondero
March 31, 2021
Page 3

- UBS or the UBS Litigation, including without limitation any actual or potential judgments entered therein;

- The Sentinel Entities, including without limitation Sentinel Reinsurance, Ltd., Sentinel Holdings, Ltd., and SS Holdings, Ltd., and all predecessors, successors, directors, officers, employees, representatives, and agents of the Sentinel Entities;

- The Insurance Policy, including without limitation any claims made on the Insurance Policy, and all related documents and agreements;

- The Purchase Agreement and all related documents and agreements;

- All assets actually or potentially transferred from HCMLP, the Funds, or any affiliated entities to the Sentinel Entities, including without limitation the value of all such assets;

- All documents and agreements relating to any accounts in which such assets are or have been transferred, deposited, or held;

- All documents and agreements reflecting any actual or potential transfer of assets from HCMLP, the Funds, or any affiliated entities to the Sentinel Entities;

- All actual or potential interests that any Sentinel Entities have had or purport to have in Multi-Strat, including without limitation any redemption interests, partnership interests, or other economic interests; and

- All documents and agreements relating to any subsequent transfers by the Sentinel Entities of any assets received from HCMLP, the Funds, or any affiliated entities.

For the avoidance of doubt, the foregoing topics are not intended to be exhaustive; you must retain all documents and other materials that



James D. Dondero
March 31, 2021
Page 4

relate in any way to the subject matter of this Notice. The terms "related to" or "relating to" should be construed as broadly as possible, and any doubts concerning the potential relevance of a document should be resolved in favor of preservation.

For purposes of this Notice, the term "documents" should be construed broadly to encompass all manner of communication and information, whether or not in physical or electronic form, and shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure. "Documents" expressly include, without limitation, all of the following:

- Hard copy documents, including without limitation writings (whether typed or printed, or in final or draft form), printouts, calendars, handwritten notes, notebooks, sketches, photographs, drawings, photographs, and other tangible objects; and

- Electronic files and electronically stored information ("ESI"), including without limitation emails and attachments, text messages, chat messages, instant messages, electronic calendars, schedules, social media content and communications, video or sound recordings, pictures, presentations (e.g., PowerPoint), spreadsheets, PDFs, word processing documents, presentations, voicemails, diagrams, images, databases, servers, metadata, and other electronic information, whether stored or maintained on a laptop, desktop computer, hard drive, server, network, legacy system, flash drive, internal or external hard drive, shared drive, CD, CD-ROM, DVD, PDA, tablet, iPad, iPhone, smartphone, Blackberry, computer log, or other removable media or storage device. This also includes potentially relevant documents and information stored on products HCMLP does not own, such as the personal laptops or home computers of its employees, subsidiaries, or affiliates.

You must take all steps necessary to preserve all physical and electronic documents and ESI in its possession, custody, or control that relate to the subject matter of this Notice, including without limitation ensuring that potentially relevant documents are preserved



James D. Dondero
March 31, 2021
Page 5

intact and are not destroyed, altered, modified, or deleted. In particular, you must immediately suspend any document retention/destruction policies, including any backup tape recycling policies, that could result in the destruction or deletion of any potentially relevant documents in its possession, custody, or control, and must retain all software, hardware, or other information required to access or view potentially relevant ESI. Failure to take such actions may subject you to sanctions.

This preservation demand is continuing in nature and requires your preservation of potentially relevant documents and materials that come into its possession, custody, or control after the date of this Notice.

Please acknowledge receipt of this Notice and promptly confirm that you will comply with this preservation demand.

                Sincerely,

                /s/ John A. Morris

                John A. Morris

cc:    D. Michael Lynn
       John Y. Bonds III
       James P. Seery, Jr.

DOCS_NY:42744.1 36027/002