| | |
|---|---|
| **LATHAM & WATKINS LLP** | **BUTLER SNOW LLP** |
| Andrew Clubok (*pro hac vice*) | Martin Sosland (TX Bar No. 18855645) |
| Sarah Tomkowiak (*pro hac vice*) | Candice Carson (TX Bar No. 24074006) |
| 555 Eleventh Street, NW, Suite 1000 | 2911 Turtle Creek Blvd., Suite 1400 |
| Washington, District of Columbia 20004 | Dallas, Texas 75219 |
| Telephone: (202) 637-2200 | Telephone: (469) 680-5502 |

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234

*Counsel for UBS Securities LLC and UBS AG London Branch*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-SGJ11 |
| | § | |
| Debtor. | § | |
| | § | |
| UBS SECURITIES LLC AND UBS AG LONDON BRANCH, | § | Adversary Proceeding |
| | § | No. 21-03020-sgj |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Defendant. | § | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Plaintiffs UBS Securities LLC and UBS AG London Branch (together, "UBS") in the above-captioned adversary proceeding (the "Adversary Proceeding") shall take the deposition of James Dondero, in connection with *Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction* against Highland Capital Management, L.P. ("Highland" or the "Debtor") [Adv. Pro. Docket No. 4] (the "Motion") and the subject matter set forth in **Attachment A**, on **April 14, 2021**, beginning at **9:00 a.m.** Central Time, or at such other day and time as counsel for UBS, counsel for the Debtor, and counsel for Mr. Dondero agree. The deposition will be taken remotely via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition and by use of Interactive Realtime. Parties who wish to participate in the deposition should contact Andrew Clubok and Robert Allen, Latham & Watkins LLP, at andrew.clubok@lw.com and robert.allen@lw.com, **no fewer than 24 hours before the start of the deposition** for more information regarding participating in this deposition remotely.

[*Remainder of Page Intentionally Left Blank*]

Dated: April 1, 2021                        Respectfully submitted,

*/s/ Andrew Clubok*

**LATHAM & WATKINS LLP**
Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, District of Columbia 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
        sarah.tomkowiak@lw.com

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Email: jeff.bjork@lw.com
        kim.posin@lw.com

**BUTLER SNOW LLP**
Martin Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
Email: martin.sosland@butlersnow.com
        candice.carson@butlersnow.com

*Counsel for UBS Securities LLC and UBS AG London Branch*

## ATTACHMENT A

1. The formation or acquisition of Sentinel Reinsurance, Ltd., Sentinel Re Holdings, Ltd., and their affiliates.

2. The organizational structure of Sentinel Reinsurance, Ltd., Sentinel Re Holdings, Ltd., and their affiliates.

3. The identities of the directors and officers of Sentinel Reinsurance, Ltd., Sentinel Re Holdings, Ltd., and their affiliates.

4. The Legal Liability Insurance Policy dated as of August 1, 2017 between Sentinel Reinsurance, Ltd. as Insurer and Highland CDO Opportunity Master Fund, LP, Highland CDO Holding Company, and Highland Special Opportunities Holding Company as Insureds (the "Insurance Policy"), including without limitation (i) the purpose and terms of the Insurance Policy; (ii) any amendment thereto; (iii) board minutes or resolutions concerning the Insurance Policy; (iv) claims made on the Insurance Policy; (v) communications with the IRS concerning the Insurance Policy; and (vi) any similar agreements.

5. The Purchase Agreement dated as of August 7, 2017 between Sentinel Reinsurance, Ltd. as Purchaser and each of Highland CDO Opportunity Master Fund, L.P., Highland CDO Holding Company, and Highland Special Opportunities Holding Company as Sellers (the "Purchase Agreement"), including without limitation (i) the purpose and terms of the Purchase Agreement; (ii) any amendment thereto; (iii) the transfer of assets pursuant to the Purchase Agreement; (iv) board minutes or resolutions concerning the Purchase Agreement; (v) communications with the IRS regarding any assets transferred pursuant to the Purchase Agreement; and (vi) any similar agreements.

6. The Memorandum dated June 30, 2018 and entitled "Tax Consequences of Sentinel Acquisition of HFP/CDO Opportunity Assets" (the "Tax Memo"), including without limitation (i) the origin and purpose of the Tax Memo; (ii) any diligence conducted to support the Tax Memo and the $105,647,679 value of assets listed in the Tax Memo; (iii) any amendment thereto; (iv) board minutes or resolutions concerning the Tax Memo; and (v) any similar memoranda.

7. Assets transferred from Highland Capital Management, L.P., Highland CDO Opportunity Master Fund, L.P., Highland Special Opportunities Holding Company, and/or Highland Financial Partners, L.P. to Sentinel Reinsurance, Ltd. and/or Sentinel Re Holdings, Ltd., including without limitation (i) the assets transferred pursuant to the Insurance Policy or Purchase Agreement; (ii) the value of any such transferred assets; (iii) any subsequent transfer or dissipation of such assets; (iv) the request to redeem the value of any such assets from Highland Multi Strategy Credit Fund, L.P., (f/k/a Highland Credit Opportunities CDO, L.P.); and (v) the accounts used to transfer or receive any such assets.