D. Michael Lynn
State Bar I.D. No. 12736500
John Y. Bonds, III
State Bar I.D. No. 02589100
Clay M. Taylor
State Bar I.D. No. 24033261
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

ATTORNEYS FOR DEFENDANT JAMES DONDERO

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: § <br> § <br> HIGHLAND CAPITAL MANAGEMENT, L.P. § <br> § <br> Debtor. § | | Case No. 19-34054 <br><br> Chapter 11 |
| UBS SECURITIES LLC, § <br> UBS AG LONDON BRANCH, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> HIGHLAND CAPITAL MANAGEMENT, L.P., § <br> § <br> Defendant. § | | Adversary No. 21-3020 |

## JAMES DONDERO'S MOTION TO MODIFY ORDER
## GRANTING LEAVE TO FILE UNDER SEAL

James Dondero moves under Federal Rule of Bankruptcy Procedure 9018 to modify this Court's *Order Granting Leave for UBS to File Adversary Complaint and Other Materials Under Seal* (the "Order")[1] to allow for a limited unsealing of: (i) the *Original Complaint for Injunctive*

---

[1] Main Case Docket No. 2140; Adversary Proceeding Docket No. 2.

*Relief*;[2] (ii) the *Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction*;[3] (iii) the *Appendix of Exhibits to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction*,[4] and the *Plaintiffs' Memorandum of Law in Support of Motion for a Temporary Restraining Order and Preliminary Injunction*[5] (collectively the "Pleadings") and in support states as follows:

1. The Pleadings should be unsealed for the limited purpose of review by Mr. Dondero because the Pleadings likely involve Mr. Dondero's rights and interests. *See Texas v. United States*, 805 F.3d 653, 658 (5th Cir. 2015) (" . . . our cases reveal that the [Rule 24(a)(2) intervention of right] inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way"); *see also* Ex. 1 (the "UBS Letter"); Ex. 2 (the "Debtor's Letter") (making allegations against Mr. Dondero suggesting that right to intervene may exist in this adversary proceeding).

## BACKGROUND

2. On March 29, 2021, the Plaintiffs ("UBS") filed their *Motion for Leave to File Adversary Complaint and Other Materials Under Seal* ("UBS' Motion").[6] The basis of UBS' Motion was that the complaint and motion "rely on and contain protectable information and/or information pursuant" to an *Agreed Protective Order*[7] in the underlying bankruptcy.[8]

3. On March 31, 2021, this Court granted UBS' Motion by entry of the Order.

---

[2] Adversary Proceeding Docket No. 3.

[3] Adversary Proceeding Docket No. 4.

[4] Adversary Proceeding Docket No. 5.

[5] Adversary Proceeding Docket No. 6.

[6] Main Case Docket No. 2128.

[7] Main Case Docket No. 382.

[8] UBS's Motion, ¶ 13.

4.  On the same day, UBS filed the Pleadings under seal initiating this adversary proceeding.

5.  On March 30, 2021, UBS sent a preservation letter to Mr. Dondero.[9] In that letter, UBS informed Mr. Dondero that it would be commencing an adversary proceeding against Highland Management, L.P. (the "Debtor") alleging that the "Debtor, acting through and at the direction of Mr. Dondero…fraudulently transferred hundreds of millions of dollars of assets."[10]

6.  On March 31, 2021, the Debtor sent a nearly identical preservation letter to Mr. Dondero repeating the UBS allegation verbatim.[11]

7.  There is little doubt that Adversary Proceeding No. 21-03020-sgj is the adversary proceeding both UBS and the Debtor refer to in their preservation letters. However, Mr. Dondero cannot confirm this because the Pleadings are sealed from his view.

8.  On April 1, 2021, Mr. Dondero attempted to resolve the hidden pleading issue with UBS and the Debtor. Mr. Dondero offered, and continues to offer, to abide by the provisions of the Protective Orders UBS referenced in UBS' Motion and under which the asserted sealable information was originally provided to UBS. Mr. Dondero simply wishes to review the Pleadings to understand to what extent they may impair his interests. UBS and the Debtor denied Mr. Dondero's request.

**NEED FOR MODIFICATION**

9.  Federal Rule of Bankruptcy Procedure 9018 provides that, "[i]f an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order[.]" UBS' Motion confirms that notice was not provided to Mr. Dondero, and states that

---

[9] Ex. 1 (the "UBS Letter").

[10] *Id.*

[11] Ex. 2 (the "Debtor's Letter"); collectively, Ex. 1 & Ex. 2 are referred to as the "Preservation Letters."

notice was only provided to Debtor, Debtor's counsel, and the U.S. Trustee.[12] The Preservation Letters suggest that the Pleadings concern Mr. Dondero's rights and interests.

10. Because intervention of right " . . . turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way[,]" *Texas*, at 658, Mr. Dondero should be afforded the opportunity to determine whether he has a right to intervene here.

11. Public policy disfavors sealed court pleadings. *See, e.g., Securities & Exchange Comm. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993). It is UBS' burden to rebut the presumption that the Pleadings should not be made public record. *In re N. Bay Gen. Hosp., Inc.*, 404 B.R. 429, 439-40, fn. 6 (Bankr. S.D. Tex. 2009). If this Court, unlike the District Court in *Van Waeyenburghe*, did properly balance competing interests justifying sealing from public view, the Order should still be modified to permit Mr. Dondero (subject to confidentiality provisos) to evaluate possible intervention of right.

12. The Court has the discretion to "make any order which justice requires" to protect trade secret or confidential information, but neither Federal Rule of Bankruptcy Procedure 9018 nor 11 U.S.C. § 107(b) dictate that the order should be to seal pleadings. *See* FED. R. BANKR. P. 9037 (providing for redaction). If the Court has properly decided that the Pleadings should be sealed from public view, the Court could allow the Pleadings to be reviewed *in camera*. *In re Meyrowitz*, No. 06-31660-bjh-11, 2006 Bankr. LEXIS 2931, at *13 (Bankr. N.D. Tex. 2006).

13. The requested relief is limited only to unsealing the Pleadings for Mr. Dondero. Mr. Dondero is willing to review the Pleadings subject to the restrictions in the protective order,[13]

---

[12] UBS's Motion, ¶ 15.

[13] Main Case Docket No. 382.

the same restrictions under which UBS received the alleged confidential information from Debtor originally.

WHEREFORE, James Dondero respectfully requests that this Court enter an order granting this motion, and modify its *Order Granting Leave for UBS to File Adversary Complaint and Other Materials Under Seal* [14] to allow James Dondero to review the Pleadings.

Dated: April 16, 2021

Respectfully submitted,

*/s/ Clay M. Taylor*
D. Michael Lynn
Texas Bar I.D. No. 12736500
John Y. Bonds, III
Texas Bar I.D. No. 02589100
Clay M. Taylor
Texas Bar I.D. No. 24033261
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
Telephone: (817) 405-6900
Facsimile: (817) 405-6902
E-mail: michael.lynn@bondsellis.com
E-mail: john@bondsellis.com
E-mail: clay.taylor@bondsellis.com

**ATTORNEYS FOR MOVANT JAMES DONDERO**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 16, 2021, true and correct copies of this Motion were electronically served by the Court's ECF system on parties entitled to notice thereof, including on counsel for Highland Capital Management, L.P, UBS Securities LLC, and UBS AG London Branch.

*/s/ Clay Taylor*
Clay Taylor

---

[14] Main Case Docket No. 2140; Adversary Proceeding Docket No. 2.

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that, on April 16, 2021, I conferred with Plaintiffs' and Defendant's counsel, who did not agree to the relief requested in this motion.

                                        */s/ Clay Taylor*_____
                                        Clay Taylor