John Y. Bonds, III
Texas Bar I.D. No. 02589100
Clay M. Taylor
Texas Bar I.D. No. 24033261
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

**ATTORNEYS FOR RESPONDENT JAMES DONDERO**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: § § **HIGHLAND CAPITAL MANAGEMENT, L.P.** § § Debtor. § | | **Case No. 19-34054** **Chapter 11** |
| **UBS SECURITIES LLC, UBS AG LONDON BRANCH,** § § § § Plaintiffs. § § v. § § **HIGHLAND CAPITAL MANAGEMENT, L.P.,** § § Defendant. § | | **Adversary No. 21-03020** |

**JAMES DONDERO'S RESPONSE TO PLAINTIFFS' MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE OF SUBPOENAS**

On April 19, 2021, the Plaintiffs (together, "UBS") filed a *Motion for an Order Authorizing Alternative Service of Subpoenas* upon third party James D. Dondero (the "Respondent").[1] Because the Plaintiffs' discovery schedule violated, at a minimum, Rule 34, the Respondent sought a protective order and now asks the Court to refrain from granting this Motion until: (i) the subject

---

[1] *See* Dkt. No. 28 (the "Motion").

subpoenas are brought in line with established third-party discovery rules; and (ii) the Respondent is allowed reasonable access to view the suit which is the subject of and proceeding from which the subpoenas for which UBS is seeking substitute service. As detailed below, substituted service is improper because service of these two subpoenas *at all* was improper under the rules and case law interpreting them.

## BACKGROUND

1. On March 29, 2021, UBS filed a *Motion for Leave to File Adversary Complaint and Other Materials Under Seal* in the main bankruptcy case.[2] That same day, the Debtor filed a *Motion for Leave to File under Seal the Debtor's Statement with Respect to UBS's Motion for Leave to File Adversary Complaint and Other Materials Under Seal*.[3] Two days later, the Court granted UBS' motion on March 31, 2021,[4] and UBS commenced this adversary proceeding that same day under seal. The next day, on April 1, 2021, the Court granted the Debtor's motion and the Debtor filed its statement under seal.[5] On April 9, 2021, the Court entered a TRO in this adversary proceeding enjoining the Debtor from making payments to certain entities not named in this adversary proceeding.[6]

2. While the events above were unfolding, UBS sent a document preservation letter to the Respondent dated March 30, 2021,[7] and the Debtor followed with a similar letter dated

---

[2] Main Case Dkt. No. 2128.

[3] Main Case Dkt. No. 2129.

[4] Main Case Dkt. No. 2140; Adversary Proceeding Dkt. No. 2.

[5] Main Case Dkt. Nos. 2146 & 2148.

[6] Adversary Proceeding Dkt. No. 21 ("Order Granting Plaintiffs' Motion for a Temporary Restraining Order") ("TRO").

[7] *See* Adversary Proceeding Dkt. No. 23-1 (the "UBS Letter").

March 31, 2021.[8] The Debtor's Letter states that "UBS has recently commenced an adversary proceeding against [the Debtor]"[9] such that the Preservation Letters appear related to this suit.

3. On April 1, 2021, UBS' counsel issued two subpoenas addressed to the Respondent and requested undersigned counsel to accept service.[10,11] The Subpoenas have not been served as of this time. The Subpoenas commanded: (a) production by April 9, 2021, at 9 a.m.; and (b) appearance at deposition on April 16, 2021. Undersigned counsel has been informed by opposing counsel that these subpoenas were ultimately amended prior to the filing of the instant Motion, but the amended subpoenas are not yet of record in this adversary proceeding.[12]

4. On April 16, 2021, the Debtor filed a *Motion for Entry of an Order Approving Settlement with UBS Securities, LLC and UBS AG London Branch and Authorizing Actions Consistent Therewith* (the "9019 Motion"). The 9019 Motion is scheduled for hearing on May 17, 2021, and – together with the events in this adversary proceeding – raises questions about whether the parties to this sealed adversary proceeding are truly adverse (such that intervention of right may exist).

### SUMMARY OF ARGUMENTS

5. It is unreasonable to authorize subpoenas with substituted service for document production and deposition on the requested time frame, especially in light of the fact that this suit is sealed and intervention of right may exist. UBS seeks discovery on a schedule that it cannot get

---

[8] *See* Adversary Proceeding Dkt. No. 23-2 (the "Debtor's Letter") (collectively, the UBS Letter and the Debtor's Letter are referred to as the "Preservation Letters").

[9] Debtor's Letter, at 1.

[10] *See* Dkt. No. 23-3 (the "Production Subpoena") and Dkt. No. 23-4 (the "Deposition Subpoena") (collectively, the "Subpoenas").

[11] Counsel, at this point, is not authorized to accept service because, *inter alia*, the Production Subpoena violates Rule 34.

[12] *See, e.g.,* Dkt. No. 23-3 and 23-4 (commanding production by April 9th and deposition on April 16th, with no amended subpoenas attached to, *e.g.*, Dkt. No. 29.

absent stipulation because: "[a] subpoena served on a third party . . . is subject to the same standards that govern discovery between the parties[,]" *Ortiviz v. Follin*, No. 16-cv-02559-MSK-MEH, 2017 U.S. Dist. LEXIS 113143, at *5 (D. Colo. July 20, 2017) (citing *Segura v. Allstate Fire & Cas. Ins. Co.*, No. 16-cv-00047-NYW, 2016 U.S. Dist. LEXIS 188003, 2016 WL 8737864, at *5 (D. Colo. Oct. 11, 2016)), and " . . . subpoenas . . . are subject to the same time constraints that apply to all of the other methods of formal discovery[.]" *Nicholas v. Wyndham Int'l, Inc.*, No. 2001/147-M/R, 2003 U.S. Dist. LEXIS 24085, at *5-6, 2003 WL 23198847 (D.V.I. Oct. 1, 2003) (quoting *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind. 2001) (followed by *Williamson v. Horizon Lines, LLC*, 248 F.R.D. 79, 83 (D. Me. 2008)); *Dockery v. Horvath*, No. 3:11cv408-TSL-MTP, 2011 U.S. Dist. LEXIS 124997, at *4 (S.D. Miss. Oct. 27, 2011).  If a Rule 26(f) conference occurred between UBS and the Debtor during the first two days of this adversary proceeding, this apparently friendly-party litigation could be attempting to prejudice the rights of a nonparty in violation of established discovery rules.

6.      If *no* Rule 26(f) conference occurred before UBS issued the Deposition Subpoena (and this adversary proceeding is not exempt under FED. R. CIV. P. ("Rule") 26(a)(1)(B))),[13] Rule 30(a)(2)(A)(iii) required the Plaintiffs to obtain leave of court before issuing it.

---

[13] FED. R. CIV. P. 26(a)(1)(B) exempts the following types of proceedings:
  (i) an action for review on an administrative record;
  (ii) a forfeiture action in rem arising from a federal statute;
  (iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;
  (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;
  (v) an action to enforce or quash an administrative summons or subpoena;
  (vi) an action by the United States to recover benefit payments;
  (vii) an action by the United States to collect on a student loan guaranteed by the United States;
  (viii) a proceeding ancillary to a proceeding in another court; and
  (ix) an action to enforce an arbitration award.

The Debtor's Letter makes it unlikely that this adversary proceeding falls within the above list, but the Respondent cannot access the sealed adversary complaint and is uncertain on this point.

Rule 30(a)(2)(A)(iii)) prohibits commanding a deposition " . . . before the time specified in Rule 26(d) . . ." without having " . . . the party certif[y] in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time[.]"; *see* Notice of Deposition at Dkt. No. 23-5 (including no such certification or supporting facts).  The Deposition Subpoena "is thus invalid." *Burdick v. Union Sec. Ins. Co.*, 2008 U.S. Dist. LEXIS 99994, at *12 (C.D. Cal. Dec. 3, 2008) ("Plaintiff issued a [Rule 30] deposition notice without leave of court, despite the requirement of [Rule 30(a)(2)].  The notice **is thus invalid**.") (emphasis added) (citing *Ameristar v. Signal Composites*, 244 F.3d 189, 192 (1st Cir. 2001)). While a court must grant leave consistent with this rule when asked, the process is still required. *Id.*

7.    Unlike the Deposition Subpoena, the Production Subpoena fails whether it was issued before, or after, a Rule 26(f) conference.  It is "invalid[,]" *id.*, if issued prematurely because "[r]ule 26(d)(1) provides that '[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized ... by court order." *BKGTH Prods., LLC v. Doe*, 2013 U.S. Dist. LEXIS 140924 (E.D. La. Sep. 30, 2013) (quoting *St. Louis Group, Inc. v. Metals and Additives Corp., Inc. et al.,* 275 F.R.D. 236, 239 (S.D. Tex. 2011)). And it is nevertheless improper if issued after a Rule 26(f) conference because UBS disregarded early Rule 34 requirements when issuing it.[14]  Early Rule 34 Requests may be delivered to a party no earlier than 21 days after the summons and complaint have been served upon that party,[15] and Rule 34(c) applies this rule to nonparties via Rule 45.  There is no language in Rule 45 shortening the Early Rule 34 Request provisions for nonparties.

---

[14] *See* Rule 26(d)(2) (entitled "Early Rule 34 Requests").

[15] *Id.*

8. Finally, if the Deposition Subpoena was issued after a Rule 26(f) conference, it could, arguably, be technically proper. But requiring a nonparty to sit for early deposition in friendly-party litigation – without allowing him to see the complaint and prepare for possible intervention of right – urges caution. *Texas v. United States*, 805 F.3d 653, 658 (5th Cir. 2015) (" . . . our cases reveal that the [Rule 24(a)(2) intervention of right] inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way").

## BASIS FOR OPPOSITION TO REQUESTED RELIEF

**A.  It is Unreasonable to Authorize Subpoenas with Substituted Service for Document Production and Deposition on the Requested Time Frame**

9. In light of the fact that this suit is sealed, the Respondent has not been allowed to view the pleadings, and intervention of right may exist, it is unreasonable to authorize substituted service on the requested schedule. The Respondent should be allowed reasonable access to view the suit which is the subject and proceeding from which the subpoenas for which UBS is seeking substitute service. Further, the subject subpoenas should be brought in line with established third-party discovery rules. As detailed below, substituted service is improper because service of these two subpoenas *at all* was improper under the rules and case law interpreting them.

**B.  The Production Subpoena is Not Authorized by, and Does Not Comply with, Rule 34**

10. Regardless of whether a Rule 26(f) conference occurred, the Production Subpoena violates Rule 34. Early Rule 34 Requests may be delivered to a party no earlier than 21 days after the summons and complaint have been served upon that party,[16] and Rule 34(c) applies this rule

---

[16] *Id.*

to nonparties via Rule 45. Rule 45 does not shorten Early Rule 34 Request provisions for nonparties. "A subpoena served on a third party pursuant to [Rule 45] is subject to the same standards that govern discovery between the parties[.]" *Ortiviz*, at *5. "[S]ubpoenas . . . are subject to the same time constraints that apply to all of the other methods of formal discovery[.]" *Nicholas*, at *5-6.

        **C.    If Two Conditions (Unknown to the Respondent) are Met, the Deposition Subpoena is Not Authorized by, and Does Not Comply with, Rule 30**

    11.    Unlike the Production Subpoena, the Deposition Subpoena is only "invalid"[17] if: (a) there was no Rule 26(f) conference before it was issued; and (b) this adversary proceeding is not exempt.[18] If these two conditions apply, UBS was required by Rule 30(a)(2)(A)(iii) to obtain leave of court beforehand, and although a Court must grant leave consistent with this rule when asked, the process is still required.[19] The requirement to obtain leave of court is not an empty one. "[C]ourts generally only permit expedited discovery before the Rule 26(f) conference upon a showing of good cause. Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Vizio*, at *7. Here, the prejudice to the Respondent outweighs the need for expedited discovery. The parties to this adversary proceeding could be using "friendly-party litigation" to prejudice the rights of a nonparty for as long as possible by: (a) making allegations against the Respondent in the Preservation Letters; while (b) barring the Respondent from seeing the complaint so they can

---

[17] *Burdick*, at *12 ("Plaintiff issued a [Rule 30] deposition notice without leave of court, despite the requirement of [Rule 30(a)(2)]. The notice is thus invalid").

[18] *See* n.10, *supra* (listing 26(a)(1)(B) exemptions).

[19] Rule 30(a)(2)(A)(iii)) prohibits commanding a deposition " . . . before the time specified in Rule 26(d) . . ." without having " . . . the party certif[y] in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time[.]"; *see* Deposition Subpoena at Ex. 4 (including no such certification or supporting facts).

prepare for possible intervention; and (c) moving quickly before possible intervention to get discovery while not being subject to discovery.

### D. The Discovery Seems Designed to Prejudice the Rights of a Nonparty

12. The complaint was filed under seal; the parties immediately sent Preservation Letters with allegations against the Respondent (such that he may need to intervene); and UBS seeks discovery from the Respondent while perhaps delaying his ability to do the same. Intervention of right exists if the Respondent "has a stake in the matter that goes beyond a generalized preference that the case come out a certain way" and "representation of the [Respondent's] interest by existing parties is or may be inadequate[.]" *Texas*, 805 F.3d, at 658 (quoted first in sentence); *Bhd. of R.R. Trainmen v. Balt & Ohio R.R.*, 331 U.S. 519, 525 (1947) (quoted second in sentence). Without seeing the adversary complaint, the Respondent cannot determine whether he has more than "a generalized preference that [this adversary proceeding] come out a certain way[,]" but the parties' Preservation Letters suggest that is the case.[20] If so, "representation of the [Respondent's] interest by existing parties is or may be inadequate." *Trainmen,* 331 U.S. at 525.

### E. The Discovery Seeks Some Confidential and/or Privileged Information and is Unduly Burdensome and Harassing

13. Preventing the Respondent from seeing the adversary complaint and accompanying materials prevents the Respondent from being able to raise certain objections, but the Court should refrain from granting UBS' Motion until it can determine whether it is appropriate to enter a protective order to the extent that: (i) the Debtor's discovery seeks to obtain documents and

---

[20] *See* Dkt. Nos. 23-1 & 23-2.

communications that are confidential and privileged pursuant to Rule 408 and under the attorney-client privilege; and (ii) the Discovery Requests are unduly burdensome, overbroad, harassing, irrelevant, or unlikely to lead to admissible evidence.

14. For example, only Paragraphs III-8 and III-10 of the Production Subpoena specify time ranges, and Paragraph III-12 requests "[d]ocuments or [c]ommunications between Sentinel and any person concerning the [l]egal [a]ction." Respondent will make objections accordingly when the Subpoenas are either served or Respondent can accept service, and after the Court, hopefully, orders a new discovery schedule that that is both reasonable and brings the Production Subpoena in line with Rule 34.

**PRAYER**

Because service of these two subpoenas *at all* was improper under established third-party discovery rules, substituted service would be improper as well. The Respondent accordingly asks the Court to refrain from granting UBS' Motion until:

i. the issues of one-sided discovery and possible intervention of right are addressed;

ii. a protective order brings the Production Subpoena in line with Rule 34;

iii. if the two conditions unknown to the Respondent in paragraph 11, *supra*, exist, a protective order brings the Deposition Subpoena in line with Rule 30 as well.

*[Intentionally Left Blank}*

Dated: April 22, 2021

Respectfully submitted,

*/s/ Clay M. Taylor*
John Y. Bonds, III
Texas Bar I.D. No. 02589100
Clay M. Taylor
Texas Bar I.D. No. 24033261
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: john@bondsellis.com
Email: clay.taylor@bondsellis.com

**ATTORNEYS FOR RESPONDENT JAMES DONDERO**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 22, 2021, this Response was filed electronically via the Court's CM/ECF system, which provides notice to all parties.

*/s/ Clay Taylor*
Clay Taylor