| | |
|---|---|
| **LATHAM & WATKINS LLP** | **BUTLER SNOW LLP** |
| Andrew Clubok (*pro hac vice*) | Martin Sosland (TX Bar No. 18855645) |
| Sarah Tomkowiak (*pro hac vice*) | Candice Carson (TX Bar No. 24074006) |
| 555 Eleventh Street, NW, Suite 1000 | 2911 Turtle Creek Blvd., Suite 1400 |
| Washington, District of Columbia 20004 | Dallas, Texas 75219 |
| Telephone: (202) 637-2200 | Telephone: (469) 680-5502 |

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234

Kathryn George (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700

*Counsel for UBS Securities LLC and
UBS AG London Branch*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| UBS SECURITIES LLC AND UBS AG LONDON BRANCH, | § | Adversary Proceeding |
| | § | No. 21-03020 |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Related to Adv. Dkt. No. 23, 24 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Defendant. | § | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**UBS'S OMNIBUS RESPONSE TO (I) NONPARTY DEPONENT JAMES DONDERO'S MOTION FOR PROTECTIVE ORDER AND (II) JAMES DONDERO'S MOTION TO MODIFY ORDER GRANTING LEAVE TO FILE UNDER SEAL**

UBS Securities LLC and UBS AG London Branch (together, "UBS"), plaintiffs in the above-captioned adversary proceeding (the "Adversary Proceeding") and creditors in the above-captioned chapter 11 case (the "Bankruptcy Case"), by and through their undersigned counsel, state the following in response (this "Response") to: (i) *Nonparty James Dondero's Motion for Protective Order* [Adv. Dkt No. 23] (the "Motion for Protective Order") and (ii) *James Dondero's Motion to Modify Order Granting Leave to File Under Seal* [Adv. Dkt. No. 24] (the "Motion to Unseal" and together with the Motion for Protective Order, the "Dondero Motions"):[2]

## PRELIMINARY STATEMENT

1. The Dondero Motions are meritless and should be overruled in their entirety. Nonetheless, in an attempt to resolve the Dondero Motions, in the days leading up to the filing of this Response, UBS offered to share the adversary complaint with Mr. Dondero and his counsel on the condition that it be kept strictly confidential, *i.e.* that Mr. Dondero not share the complaint with any other party, not discuss its substance with anyone other than his counsel, and not coordinate a response or strategy in response to the complaint with anyone other than his attorneys. As of the date of this filing, Mr. Dondero had not agreed to or accepted those terms.

2. Meanwhile, it has been over three weeks since the Court granted UBS's motion to commence the Adversary Proceeding under seal and two weeks since it granted UBS's motion for a temporary restraining order. As described in numerous publicly available filings in this Adversary Proceeding and the Bankruptcy Case, UBS commenced the Adversary Proceeding after

---

[2] Capitalized terms used herein, but not otherwise defined have the meanings ascribed to them in the Dondero Motions.

evidence came to light showing that the Debtor, at the direction and with the involvement of numerous former Debtor employees, including Mr. Dondero, fraudulently transferred hundreds of millions of dollars of assets away from funds currently or previously controlled, owned, and/or managed by the Debtor to an entity jointly owned by Mr. Dondero and Scott Ellington, in anticipation of the judgment that UBS obtained against those funds in New York state court.

3. UBS has received limited information regarding these transfers, but it needs (and is entitled to) discovery in order to develop fully the record to support its requested preliminary injunction and present evidence at a hearing on such request. To that end, on April 1, 2021, UBS began attempting to serve discovery requests on Mr. Dondero (and several other former Debtor employees). Since that time, as detailed in *Plaintiffs' Motion for an Order Authorizing Alternative Service of Subpoenas* [Adv. Dkt. No. 29] (the "Alternative Service Motion"), Mr. Dondero has dodged service of those discovery requests. The Production Subpoena and Deposition Subpoena provided a reasonable time under the circumstances to respond (over a week to produce documents, and a deposition another week thereafter) under the assumption that Mr. Dondero would accept service of the Subpoenas as he has done with multiple other discovery requests in the Bankruptcy Case and other related adversary proceedings. Instead, Mr. Dondero evaded service, and now—after the response and deposition dates UBS originally noticed have come and gone—he asks this Court for relief and complains that UBS's proposed timeline is unreasonable. These tactics should not be countenanced.

4. Substantively, the Dondero Motions rely on arguments that this Court has already rejected, as well as legal theories that are inapplicable to this Adversary Proceeding. Specifically, with respect to the Motion for Protective Order, the rules regarding discovery cited by Mr. Dondero are inapplicable to the *Plaintiffs' Motion for a Temporary Restraining Order and Preliminary*

*Injunction against Highland Capital Management, L.P.* [Adv. Dkt. No. 4] (the "Motion for Injunctive Relief"). And as this Court has already recognized in the adversary proceeding captioned *Highland Capital Management, L.P, v. James D. Dondero*, Adv. Pro. No. 20-3190-sgj11 (the "Dondero Adversary"), Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") explicitly provides that FRCP 26(f) does not apply in contested matters such as a party's motion seeking a temporary restraining order and preliminary injunction. *See* Dondero Adv. Dkt. No. 38. Further, because the discovery sought by UBS relates to a contested matter, Rule 9014 also provides this Court with discretion whether to apply the Federal Rules of Civil Procedure made applicable to adversary proceedings through Part VII of the Bankruptcy Rules.

5. Equally unavailing is the argument that the discovery sought by UBS prejudices Mr. Dondero's right to intervene in the Adversary Proceeding or seek his own discovery. Mr. Dondero's counsel has accepted service of the Preservation Letter, and has copies of the Subpoenas. Those documents, together with other publicly available information, including the recently filed *Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG London Branch and Authorizing Actions Consistent Therewith* [Bankruptcy Case Dkt. No. 2199] (the "9019 Motion") and the *Order Granting Plaintiffs' Motion or a Temporary Restraining Order* [Adv. Dkt. No. 21] (the "TRO Order"), provide Mr. Dondero with sufficient information to inform any decision Mr. Dondero may make to intervene permissively or as of right in the Adversary Proceeding. Finally, there is no need for a protective order as issues of privilege can be evaluated by Mr. Dondero's counsel based on the questions asked at his deposition and in his responses to the Production Subpoena (once UBS is able to effectuate service).

6. Likewise, the Motion to Unseal fails to make any compelling argument why the Sealed Pleadings[3] should be unsealed or why Mr. Dondero should be permitted individually to review the Sealed Pleadings at this stage of the proceeding. The Motion to Unseal is nothing more than a thinly disguised attempt to see the evidence on which UBS intends to build its case in the Adversary Proceeding in advance of Mr. Dondero's deposition, without going through the normal steps of intervening and seeking discovery.

7. As discussed above, Mr. Dondero has access to information that provides a more than adequate picture of the circumstances surrounding the Adversary Proceeding for Mr. Dondero to decide whether it is appropriate for him to intervene. Although Mr. Dondero bears the burden of establishing his right to intervene, that burden is minimal and the pleading standard for intervention is flexible, with doubts resolved in favor of the intervenor. *See Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014) ("The applicant has the burden of demonstrating inadequate representation, but this burden is minimal…The movant need not show that the representation by existing parties will be, for certain, inadequate.") (internal citations omitted); *Entergy Gulf States Louisiana, L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016) ("The rule 'is to be liberally construed', with 'doubts resolved in favor of the proposed intervenor.') (citing *In re Lease Oil Antitrust Litig.*, 570 F.3d 255, 248 (5th Cir. 2009)). It is simply implausible to suggest that Mr. Dondero is not well aware of the context of this Adversary Proceeding, including because during his tenure as the Debtor's president and chief executive officer, Mr. Dondero *took, authorized,*

---

[3] The term "Sealed Pleadings" collectively refers to (i) the *Original Complaint for Injunctive Relief* [Adv. Dkt. No. 3]; (ii) the *Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction* [Adv. Dkt. No. 4]; (iii) the *Appendix of Exhibits to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction* [Adv. Dkt. No. 5], and (iv) the *Plaintiffs' Memorandum of Law in Support of Motion for a Temporary Restraining Order and Preliminary Injunction* [Adv. Dkt. No. 6].

*and/or directed the actions that necessitated the Adversary Proceeding.* Accordingly, Mr. Dondero faces no prejudice from the Sealed Pleadings remaining sealed.

8. The Dondero Motions fit a common pattern of behavior for Mr. Dondero. Having prejudiced UBS and the Debtor and delayed the progress of this Adversary Proceeding through his refusal to accept service over the last 23 days, as described in further detail in the Alternative Service Motion, Mr. Dondero now turns around and claims that UBS is harming him by moving forward too quickly and hiding relevant evidence. The Dondero Motions are nothing more than another delay tactic by Mr. Dondero, designed to frustrate and impose further costs on UBS and the Debtor, and should be denied.

## RESPONSE

**I.    The Motion for Protective Order Should be Denied.**

9. The Motion for Protective Order rehashes a number of arguments that this Court has already addressed and rejected in the Dondero Adversary. UBS submits that the Court should reject those arguments here for precisely the same reasons. Specifically, the plain language of the cited rules make clear that they do not apply here. Further, this Court has already recognized that the Federal Rules of Civil Procedure regarding discovery are inapplicable in the context of a contested matter seeking a preliminary injunction. In addition, the privilege and evidentiary rules cited in the Motion for Protective Order do not provide grounds for a preemptive protective order that would deny UBS discovery. Finally, the discovery sought by UBS is in no way prejudicial to Mr. Dondero.

### A. The Discovery Rules Cited in the Motion for Protective Order are Inapplicable.

10. UBS's discovery requests, as made clear in the Subpoenas themselves, are made in connection with a contested matter, the Motion for Injunctive Relief, rather than in connection with the wider Adversary Proceeding. As this Court has already held, in the context of a contested matter, pursuant to Bankruptcy Rule 9014(c), Federal Rule of Civil Procedure 26(f) (which is itself incorporated in FRCP 34) does not apply and UBS is not prevented from seeking discovery despite the lack of a scheduling conference or order. *See* Dondero Adv. Dkt. No. 38.

11. Further, notwithstanding Bankruptcy Rule 9014(c), the plain language of the Federal Rules of Civil Procedure make clear that they do not invalidate or restrict UBS's discovery requests. Mr. Dondero's first argument is that the Subpoenas are invalid under FRCP 26(d)(1) if they were served prior to a 26(f) conference. But 26(d)(1) allows parties to bypass this requirement by stipulation. *See* Fed. R. Civ. P. 26(d)(1). Here, the parties conferred and agreed on the timing and scope of the initial party and third-party discovery, thereby fulfilling the requirements of FRCP 26(d)(1). In addition, the parties held their 26(f) conference on April 26, 2021. Mr. Dondero additionally argues that the Production Subpoena is invalid because UBS did not comply with FRCP 26(d)(2), entitled "Early 34 Requests." But the plain language of FRCP 26(d)(2) makes clear that this rule applies only to *parties*, not to a non-party like Mr. Dondero. *See* Fed. R. Civ. P. 26(d)(2).[4] FRCP 34(c) does not affect this calculus. FRCP 34(c) simply says that "As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit

---

[4] "Time to Deliver. More than 21 days after the summons and complaint are served on a ***party***, a request under Rule 34 may be delivered: (i) to that ***party*** by any other ***party***, and (ii) by that ***party*** to any plaintiff or to any other ***party*** that has been served." Fed. R. Civ. P. 26(d)(2) (emphasis added).

7

an inspection." Fed. R. Civ. P. 34(c). And that is exactly what UBS seeks to do here—compel a non-party, Mr. Dondero, to produce documents. Nowhere in FRCPs 34 or 45 is there any mention of Rule 26(d)(2), much less a requirement that it apply to non-parties. Nor does Mr. Dondero cite a single case discussing—much less applying—Rule 26(d)(2) to a non-party subpoena.[5]

12. Finally, even under the Federal Rules of Civil Procedure, courts commonly allow expedited discovery in the context of a preliminary injunction hearing. FED. R. CIV. P. 26 Advisory Committee's Note (1993) (expedited discovery proper in connection with "requests for a preliminary injunction or motions challenging personal jurisdiction"); *see, e.g. FMC Corp. v. Varco Int'l, Inc.*, 677 F.2d 500, 501 (5th Cir. 1982) (affirming district court's order authorizing expedited discovery before a hearing on a preliminary injunction); *see also 3M Co. v. HSBC Bank USA, N.A.*, No. 16 Civ. 5984 (PGG), 2016 WL 8813992, at *2 (S.D.N.Y. Oct. 21, 2016) (permitting limited, expedited discovery from HSBC bank in advance of a preliminary injunction hearing); *S & S Mgmt., Inc. v. White*, No. 3:15–cv–00122 (FDW)(DSC), 2015 WL 3818881, at *1–2 (W.D.N.C. June 18, 2015) (granting expedited discovery to address the issue of personal jurisdiction); *OMG Fidelity, Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 305 (N.D.N.Y. 2006) (granting expedited discovery to support a preliminary injunction application). Indeed, under similar circumstances, the Court authorized discovery on an expedited timeline in the Dondero Adversary. *See* Dondero Adv. Dkt. No. 38.[6]

---

[5] In addition, Rule 26(d)(2) allows service of subpoenas more than 21 days after summons and complaint has been served upon the parties. Here, the summons and complaint was served upon the Debtor—the only other party in the Adversary Proceeding—on April 1, 2021, more than 21 days ago. Mr. Dondero's argument is therefore moot.

[6] Specifically, after the Court granted a temporary restraining order against Mr. Dondero on December 10, 2020, the Debtor served requests for production on Mr. Dondero on December 23, 2020, with a return date of December 28, 2020, notwithstanding the Christmas holiday. The Court affirmed this schedule and denied Mr. Dondero's motion for a protective order, in which he made several of the same arguments he presses now.

13. For all of these reasons, UBS should not be prevented from seeking discovery from Mr. Dondero on an expedited basis.

**B. The Privilege and Evidentiary Rules Cited in the Motion for Protective Order Should Not Prevent UBS From Obtaining Discovery.**

14. As with the arguments presented in the Motion for Protective Order regarding the Federal Rules of Civil Procedure, Mr. Dondero's arguments regarding discovery of confidential and privileged information or information subject to Federal Rule of Evidence 408 ("FRE 408") were also raised and rejected in the Dondero Adversary.

15. If Mr. Dondero or his counsel believe that any of the documents sought by the Production Subpoena are privileged, the Production Subpoena itself provides instructions for asserting that privilege. And issues of privilege can also be addressed in real time at Mr. Dondero's deposition.

16. Further, FRE 408 is an evidentiary rule, not a discovery rule. It only bars the presentation of evidence "to prove or disprove the validity or amount of a disputed claim or to impeach a prior inconsistent statement" through offers of compromise and conduct or statements made about a claim during settlement negotiations. Moreover, FRE 408 expressly provides that such evidence can be admitted for another purpose. UBS is seeking discovery in connection with its request for a preliminary injunction to prevent the Debtor from transferring assets to entities that have perpetrated frauds against the estate and UBS. UBS is not seeking to prove or disprove any disputed claim or impeach any prior inconsistent statement at this time.

17. As to the scope of the discovery requests, Mr. Dondero has the right to object to any of the specific requests on any appropriate grounds, once he stops evading service. Simply

put, there are no grounds to enter a preemptive protective order denying UBS its properly sought discovery.

### C. The Subpoenas Do Not Prejudice Mr. Dondero.

18. Contrary to Mr. Dondero's assertions in the Motion for Protective Order, the Subpoenas do not prejudice him. Regardless of the fact that the adversary complaint remains under seal, the Preservation Letter, the Subpoenas, the TRO Order, and the 9019 Motion detail sufficient information for Mr. Dondero to understand how his rights may be affected by the injunctive relief sought by UBS, or to decide whether to intervene and seek his own discovery. Among other things, these documents make clear that:

- On or around August 2017, shortly after rulings were issued in favor of UBS in its state court action against the Debtor and certain of its affiliates (the "State Court Action"), and in advance of the impending trial in the Supreme Court of the State of New York, County of New York, Mr. Dondero, acting in concert with others then employed by the Debtor, orchestrated the surreptitious transfer of all or substantially all of the assets of Highland CDO Opportunity Master Fund, L.P. ("CDO Fund") and Highland Special Opportunities Holding Company ("SOHC," and together with CDO Fund, the "Funds"), among others, which had a face value of more than $300 million in the aggregate (the "Transferred Assets"), to Sentinel Reinsurance, Ltd. ("Sentinel");

- Sentinel is a Cayman-domiciled entity that, on information and belief, is indirectly owned and controlled by Mr. Dondero and Mr. Ellington, the Debtor's former general counsel.

- The Debtor and the Funds, acting through Mr. Dondero, Mr. Ellington, Mr. Isaac Leventon, Jean Paul Sevilla, Matthew DiOrio, Katie Irving, and other employees of the Debtor, fraudulently (or, at a bare minimum, in breach of their fiduciary duties) transferred these assets pursuant to a so-called purchase agreement (the "Purchase Agreement"), purportedly to satisfy a $25,000,000 premium on a $100,000,000 "after the event," legal liability insurance policy issued by Sentinel (the "Insurance Policy"). Accordingly, the transfer of the Funds' assets appears to be for (at best) a fraction of their total value.

- The Insurance Policy was supposedly intended to insure against an adverse judgment in the State Court Action, notwithstanding that the Transferred Assets were worth more than both the premium and the policy limit combined.

- Upon information and belief, the Transferred Assets included, among other assets: (i) CDO Fund's interest in Highland Credit Opportunities CDO, L.P. (n/k/a Highland Multi Strategy Credit Fund, L.P.) ("Multi-Strat") that was ostensibly "redeemed" in November 2019 (the "Sentinel Redemption"), and (ii) assets held by CDO Fund related to Greenbriar CLO Ltd. or Greenbriar CLO Corp., Aberdeen Loan Funding Ltd., Eastland CLO Ltd., Grayson CLO Ltd., Valhalla CLO Ltd., and Governance Re, Ltd., including cash payments related to those assets.

- After the commencement of the Bankruptcy Case and the appointment of the independent board of directors at the Debtor's general partner, Strand Advisors, Inc. (the "Independent Board"), certain now-former employees of the Debtor took steps to conceal these transactions from the Independent Board.

19. Mr. Dondero does not specify what more he needs to "prepare for possible intervention," Motion for Protective Order ¶ 7, or how his ability to do so has been "delayed" or prejudiced in any way. *Id.* ¶ 11. The Motion for Protective Order is just another delay tactic and his assertions of prejudice should accordingly be disregarded.

**II.     The Motion to Unseal Should be Denied.**

20. The Motion to Unseal rests on the meritless notion that Mr. Dondero must be allowed to review the Sealed Pleadings in their entirety in order to decide whether to intervene in the Adversary Proceeding. This is untrue. The Subpoenas, Preservation Letters, TRO Order, and 9019 Motion provide Mr. Dondero with sufficient information to understand how the Sealed Pleadings might affect his rights and interests.

21. Further, Mr. Dondero is personally familiar with the recently discovered transactions that led UBS to commence the Adversary Proceeding, given he was the Debtor's president and chief executive officer when the fraudulent transactions took place. In fact, Mr.

US-DOCS\123456432.12

Dondero likely knows more about the fraudulent transactions than UBS or the Debtor, hence the need for discovery.

22. Mr. Dondero does not articulate why he needs access to the Sealed Pleadings to determine whether he has more than "a generalized preference that [this] case come out a certain way," or "to understand to what extent" the Sealed Pleadings "may impair his interests." Motion to Unseal ¶¶ 10, 8. UBS further submits that permitting Mr. Dondero to review the Sealed Pleadings "subject to the restrictions in the protective order" entered in the Bankruptcy Case, "subject to [some other] confidentiality provisos," or "in camera" as he proposes (*id.* ¶¶ 11, 12), is insufficient to prevent further harm to UBS. In an attempt to resolve the Dondero Motions, UBS offered to share the adversary complaint with Mr. Dondero and his counsel on the condition that it be kept strictly confidential, *i.e.* that Mr. Dondero not share the complaint with any other party, not discuss its substance with anyone other than his counsel, and not coordinate a response or strategy in response to the complaint with anyone other than his attorneys. Tellingly, as of the date of this filing, Mr. Dondero had not accepted UBS's proposal.

## **CONCLUSION**

**WHEREFORE**, UBS respectfully requests that the Court deny the Dondero Motions.

| | |
|---|---|
| Dated: April 26, 2021 | Respectfully submitted,<br><br>/s/ Andrew Clubok<br><br>**LATHAM & WATKINS LLP**<br>Andrew Clubok (*pro hac vice*)<br>Sarah Tomkowiak (*pro hac vice*)<br>555 Eleventh Street, NW, Suite 1000<br>Washington, District of Columbia 20004<br>Telephone: (202) 637-2200<br>Email: andrew.clubok@lw.com<br>        sarah.tomkowiak@lw.com<br><br>Jeffrey E. Bjork (*pro hac vice*)<br>Kimberly A. Posin (*pro hac vice*)<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Telephone: (213) 485-1234<br>Email: jeff.bjork@lw.com<br>        kim.posin@lw.com<br><br>Kathryn George (*pro hac vice*)<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>Telephone: (312) 876-7700<br>Email: Kathryn.george@lw.com<br><br>**BUTLER SNOW LLP**<br>Martin Sosland (TX Bar No. 18855645)<br>Candice Carson (TX Bar No. 24074006)<br>2911 Turtle Creek Blvd., Suite 1400<br>Dallas, Texas 75219<br>Telephone: (469) 680-5502<br>Email: martin.sosland@butlersnow.com<br>        candice.carson@butlersnow.com<br><br>*Counsel for UBS Securities LLC and UBS AG London Branch* |

**CERTIFICATE OF SERVICE**

I, Martin Sosland, certify that *UBS's Omnibus Response to (I) Nonparty Deponent James Dondero's Motion for Protective Order and (II) James Dondero's Motion to Modify Order Granting Leave to File Under Seal* was filed electronically through the Court's ECF system, which provides notice to all parties of interest.

Dated: April 26, 2021

*/s/ Martin Sosland*