# EXHIBIT A

UBSMTC001

| | |
|---|---|
| **LATHAM & WATKINS LLP** | **BUTLER SNOW LLP** |
| Andrew Clubok (*pro hac vice*) | Martin Sosland (TX Bar No. 18855645) |
| Sarah Tomkowiak (*pro hac vice*) | Candice Carson (TX Bar No. 24074006) |
| 555 Eleventh Street, NW, Suite 1000 | 2911 Turtle Creek Blvd., Suite 1400 |
| Washington, District of Columbia 20004 | Dallas, Texas 75219 |
| Telephone: (202) 637-2200 | Telephone: (469) 680-5502 |

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234

Kathryn George (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700

*Counsel for UBS Securities LLC and UBS AG London Branch*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| UBS SECURITIES LLC AND UBS AG, LONDON BRANCH, | § | Adversary Proceeding |
| | § | No. 21-03020 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Defendant. | § | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

## DECLARATION OF SARAH TOMKOWIAK
## IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND RESPONSE TO MOTION OF FORMER EMPLOYEES TO QUASH SUBPOENAS

I, Sarah A. Tomkowiak, hereby declare under penalty of perjury as follows:

1. I am an attorney with the law firm of Latham & Watkins LLP, counsel of record for UBS Securities LLC and UBS AG London Branch (together "UBS").

2. I submit this declaration (the "Declaration") in support of *Plaintiffs' Motion to Compel and Response to Motion of Former Employees to Quash Subpoenas* (the "Motion to Compel"), which seeks an order compelling Scott Ellington, Isaac Leventon, Matthew DiOrio, Jean Paul Sevilla, and Mary Kathryn Lucas (together, the "Former Employees") to produce documents and sit for depositions pursuant to the subpoenas served upon them in April, 2021.

3. On April 2, 2021, UBS engaged Serving by Irving, Inc., a licensed process serving firm, to serve document and deposition subpoenas on each of the Former Employees. Attached as **Exhibits 1–5** are true and correct copies of the document and deposition subpoenas and notices provided by counsel for UBS to Serving by Irving, Inc. for service on the Former Employees.

4. A true and correct copy of the March 30, 2021 to April 7, 2021 email exchange between my colleague Robert Allen of Latham & Watkins LLP and Michael P. Hutchens of Whitaker, Chalk, Swindle & Schwartz, PLLC, counsel to Ms. Lucas and Mr. DiOrio in the underlying bankruptcy proceeding, with the subject, "RE: Document Preservation Notice" is attached hereto as **Exhibit 6**.

5. A true and correct copy of the April 5, 2021 email from Mr. Allen to Tom Melsheimer of Winston & Strawn LLP, counsel to Mr. Sevilla in the underlying bankruptcy proceeding, with the subject, "Notices and Subpoenas to Mr. Jean Paul Sevilla" is attached hereto as **Exhibit 7**.

UBSMTC003

6. A true and correct copy of the April 5, 2021 email from Mr. Allen to Michelle Hartmann and Debra Dandeneau of Baker & McKenzie LLP, counsel to Mr. Ellington and Mr. Leventon, with the subject, "Notices and Subpoenas to Mr. Scott Ellington and Mr. Isaac Leventon" is attached hereto as **Exhibit 8**.

7. A true and correct copy of the April 8, 2021 email from Katie Zinecker of Baker & McKenzie LLP to counsel for UBS, with the subject, "Adv. Proc. No. 21-03020-sgj, UBS Securities LLC and UBS AG London Branch v. Highland Capital Management, L.P." is attached hereto as **Exhibit 9**.

8. True and correct copies of the amended subpoenas, provided by counsel for UBS to Serving by Irving, Inc. on April 15, 2021 for service on the Former Employees, are attached hereto as **Exhibits 10–14**.

9. A true and correct copy of the April 15, 2021 email from Mr. Allen to Mr. Leventon, with the subject, "Notices and Subpoenas" is attached hereto as **Exhibit 15**.

10. A true and correct copy of the April 16 to April 19, 2021 email exchange between Frances Smith of Ross & Smith, PC, counsel to the Former Employees, and counsel to UBS, with the subject, "RE: Notices and Subpoenas" is attached hereto as **Exhibit 16**.

11. A true and correct copy of the April 20, 2021 letter from Ms. Smith to counsel for UBS is attached hereto as **Exhibit 17**.

12. A true and correct copy of the April 21, 2021 letter from Ms. Smith to counsel for UBS is attached hereto as **Exhibit 18**.

13. A true and correct copy of the April 21, 2021 to May 12, 2021 email exchange between counsel for the Former Employees and counsel for UBS, with the subject, "RE: Adv.

Proc. No. 21-03020-sgj; UBS Securities LLC and UBS AG London Branch v. Highland Capital Management, L.P." is attached hereto as **Exhibit 19**.

14. A true and correct copy of the April 22, 2021 letter I wrote to counsel for the Former Employees is attached hereto as **Exhibit 20**.

15. On April 27, 2021, Mr. Allen and I, along with our colleague Asif Attarwala of Latham & Watkins LLP, met and conferred telephonically with Ms. Smith and Eric Soderlund of Ross & Smith, PC, counsel for the Former Employees. During that call, my colleagues and I explained that UBS needed discovery to meet the standard for an injunction independent of whether the Debtor does or does not oppose the temporary restraining order relief. We further stated that it was our understanding that the Debtor did not oppose the temporary restraining order, but that did not necessarily extend beyond the temporary relief sought. During this conversation, counsel for the Former Employees informed us that Ms. Lucas was on maternity leave. We indicated that we would make any necessary accommodations for Ms. Lucas. Ms. Smith and Mr. Soderlund expressed their belief that the Former Employees would not have any relevant information relating to the Fraudulent Transfers.

16. A true and correct copy of the May 8, 2021 email from Mr. Allen to counsel for the Former Employees, with the subject, "RE: Adv. Proc. No. 21-03020-sgj; UBS Securities LLC and UBS AG London Branch v. Highland Capital Management, L.P." is attached hereto as **Exhibit 21**.

17. A true and correct copy of the May 11, 2021 email from Mr. Allen to counsel for the Former employees, with the subject, "RE: Adv. Proc. No. 21-03020-sgj; UBS Securities LLC and UBS AG London Branch v. Highland Capital Management, L.P." is attached hereto as **Exhibit 22**.

18.  On May 12, 2021, I, along with my colleagues Andrew Clubok, Kathryn George, and Mr. Allen, attended a meet and confer via Zoom with Ms. Smith, Mr. Soderlund, and Charles Cowden of Ross & Smith, PC. During that call, my colleagues and I expressed concern that six weeks had passed since UBS originally issued the subpoenas and the Former Employees had still not produced documents, agreed to sit for a deposition, or moved to quash. Counsel for the Former Employees stated that none of the Former Employees could be made available for depositions on such "short notice." We offered to hold off on filing a motion to compel compliance with the subpoenas if counsel for the Former Employees agreed to inform us, no later than Saturday, May 15, 2021, of dates on which four of the Former Employees (excluding Ms. Lucas) would be available for depositions or confirmation that the Former Employees would move to quash the subpoenas. We reiterated that we would reasonably accommodate all of the Former Employees, and their counsel, in scheduling their depositions as long as they agreed to sit for depositions in the near term. We further stated unequivocally that UBS would not seek to enforce the subpoenas against Ms. Lucas so long as she was legitimately unavailable due to her maternity leave. At no time during this meet-and-confer did I or any of my colleagues say, in words or substance, that maternity leave did not constitute a "legitimate disability," or even question whether maternity leave constituted a "legitimate disability." To the contrary, we stated repeatedly that UBS would accommodate Ms. Lucas's disability.

19.  A true and correct copy of the May 15 to May 20, 2021 email exchange between Mr. Soderlund and counsel for UBS, with the subject, "Highland Adversary 21-03020: Motion to Quash Subpoenas" is attached hereto as **Exhibit 23**.

UBSMTC006

20. True and correct copies of the Affidavits of Attempted Service prepared by process servers for Serving by Irving, Inc. for service attempted on the Former Employees are attached hereto as **Exhibit 24**.

21. A true and correct copy of excerpts of the transcript of the April 28, 2021 hearing on James Dondero's Motion for Protective Order and Motion to Modify Order Granting Leave to File Under Seal and UBS's Motion for Order Authorizing Alternative Service of Subpoena is attached hereto as **Exhibit 25**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 20, 2021.

*/s/ Sarah A. Tomkowiak*
Sarah A. Tomkowiak
LATHAM & WATKINS LLP

UBSMTC007