# EXHIBIT 1

**UBSMTC008**

**LATHAM & WATKINS LLP**
Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, District of Columbia 20004
Telephone: (202) 637-2200

**BUTLER SNOW LLP**
Martin Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234

*Counsel for UBS Securities LLC and UBS
AG London Branch*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

------------------------------------------------------------

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-SGJ11 |
| | § | |
| Debtor. | § | |
| | § | |
| UBS SECURITIES LLC AND UBS AG LONDON BRANCH, | § | Adversary Proceeding |
| | § | |
| | § | No. 21-03020-sgj |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Defendant. | § | |

------------------------------------------------------------

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

## NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure and Rule 9016 of the Federal Rules of Bankruptcy Procedure, Plaintiffs UBS Securities LLC and UBS AG London Branch (together, "UBS") in the above-captioned adversary proceeding (the "Adversary Proceeding"), through their counsel, have served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding (the "Subpoena") on **Scott Ellington** in connection with *Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction* against Highland Capital Management, L.P. ("Highland" or the "Debtor") [Adv. Pro. Docket No. 4] (the "Motion").

*[Remainder of Page Intentionally Left Blank]*

Dated: April 2, 2021

Respectfully submitted,

*/s/ Andrew Clubok*

**LATHAM & WATKINS LLP**
Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, District of Columbia 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
        sarah.tomkowiak@lw.com

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Email: jeff.bjork@lw.com
        kim.posin@lw.com

**BUTLER SNOW LLP**
Martin Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
Email: martin.sosland@butlersnow.com
        candice.carson@butlersnow.com

*Counsel for UBS Securities LLC and UBS
AG London Branch*

**UBSMTC011**

## <u>CERTIFICATE OF SERVICE</u>

I, Martin Sosland, certify that the foregoing *Notice of Subpoena* was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically.

Dated: April 2, 2021.

/s/ Martin Sosland
Martin Sosland

UBSMTC012

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

NORTHERN _____ District of ___ TEXAS _____

In re ___ HIGHLAND CAPITAL MANAGEMENT, L.P. ___
Debtor

*(Complete if issued in an adversary proceeding)*

UBS SECURITIES LLC AND UBS AG LONDON BRANCH,
Plaintiff

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,
Defendant

Case No. ___ 19-34054-sgj11 ___

Chapter ___ 11 ___

Adv. Proc. No. ___ 21-03020-sgj ___

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___ SCOTT ELLINGTON ___
(Name of person to whom the subpoena is directed)

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See **ATTACHMENT A**

| PLACE *Butler Snow LLP<br>2911 Turtle Creek Blvd., Suite 1400<br>Dallas, Texas 75219 | DATE AND TIME<br>April 9, 2021 at 9:00 am CT |
|---|---|

*In lieu of delivery of hard-copy documents, you may email the documents to Robert.Allen@lw.com, Andrew.Clubok@lw.com, and Candice.Carson@butlersnow.com.

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___ April 2, 2021 ___

CLERK OF COURT

OR

_____          /s/ Martin Sosland
Signature of Clerk or Deputy Clerk      Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
UBS Securities LLC and UBS AG London Branch , who issues or requests this subpoena, are:

Martin Sosland, Butler Snow LLP, 2911 Turtle Creek Blvd., Suite 1400, Dallas, Texas 75219, Telephone: (469) 680-5502, Email: martin.sosland@butlersnow.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**UBSMTC013**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                                    _____
                                                                                      *Server's signature*

                                                                    _____
                                                                                     *Printed name and title*

                                                                    _____
                                                                                       *Server's address*

Additional information concerning attempted service, etc.:

**UBSMTC014**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

I.  **DEFINITIONS**

The terms utilized herein shall have the meanings specified below.  Each defined term shall have the meaning ascribed to it regardless of whether the term is capitalized.  Any term referencing any business, legal, or governmental entity or association shall be deemed a reference to any and all of its predecessors, successors, affiliates, and subsidiaries, as well as any and all of its past or present officers, directors, partners, members, managers, employees, representatives, and agents.  Defined terms include the following:

1.  "Communications" means the transmittal of information in all forms, including, without limitation, through meetings, in-person or telephone conversations, telegrams, facsimile or electronic mail transmissions, correspondence, letters, reports, memoranda, formal or informal statements, press releases, newspaper stories, records of conversations or messages, and similar modes.  References to Communications with or by business entities shall be deemed to include all officers, directors, employees, personnel, agents, attorneys, accountants, consultants, independent contractors, or other representatives of such entities.

2.  "You" or "Your" means Scott Ellington and anyone acting on Your behalf.

3.  "Documents" means all documents and materials, whether written, graphic, or otherwise, including all originals, identical or non-identical copies, drafts, working papers, reproductions, or recordings of any kind, or other data compilations from which information can be obtained or translated into reasonably usable form.  Documents shall be construed broadly to encompass, without limitation, Communications, notations made regarding any Communications, books, records, ledgers, journals, notebooks, calendars, minutes, agendas, notices, presentations, credit memoranda,

promissory notes, sales slips, checks or cancelled checks, agreements, contracts, licenses, opinions, projections, spreadsheets, summaries, sworn or unsworn statements, recordings, drawings, photographs, computer data, or similar items, regardless of the form maintained.

4.      "HCM" means Highland Capital Management, L.P., as well as any subsidiary thereof, and any of their attorneys, representatives, officers, directors, employees, consultants, advisors, affiliates, or anyone acting on HCM or such subsidiary's behalf.

5.      "Multi-Strat" means Highland Multi Strategy Credit Fund, L.P., formerly known as Highland Credit Opportunities CDO, L.P., as well as any subsidiary thereof, and any of their attorneys, representatives, officers, directors, employees, consultants, advisors, affiliates, or anyone acting on Multi-Strat or such subsidiary's behalf.

6.      "CDO Fund" means Highland CDO Opportunity Master Fund, L.P., as well as any subsidiary thereof, and any of their attorneys, representatives, officers, directors, employees, consultants, advisors, affiliates, or anyone acting on CDO Fund or such subsidiary's behalf.

7.      "SOHC" means Highland Special Opportunities Holding Company, as well as any subsidiary thereof, and any of their attorneys, representatives, officers, directors, employees, consultants, advisors, affiliates, or anyone acting on SOHC or such subsidiary's behalf.

8.      "HFP" means Highland Financial Partners, L.P., as well as any subsidiary thereof, and any of their attorneys, representatives, officers, directors, employees, consultants, advisors, affiliates, or anyone acting on HFP or such subsidiary's behalf.

UBSMTC017

9. "Sentinel" means Sentinel Reinsurance, Ltd. and Sentinel Re Holdings, Ltd. as well as any subsidiary or affiliate thereof, and any of their attorneys, representatives, officers, directors, employees, consultants, advisors, affiliates, or anyone acting on Sentinel or such subsidiary or affiliate's behalf.

10. "Insurance Policy" means that certain Legal Liability Insurance Policy dated as of August 1, 2017 between Sentinel Reinsurance, Ltd. as Insurer and Highland CDO Opportunity Master Fund, LP, Highland CDO Holding Company, and Highland Special Opportunities Holding Company as Insureds.

11. "Purchase Agreement" means that certain Purchase Agreement dated as of August 7, 2017 between Sentinel Reinsurance, Ltd. as Purchaser and each of Highland CDO Opportunity Master Fund, L.P., Highland CDO Holding Company, and Highland Special Opportunities Holding Company as Sellers.

12. "Tax Memo" means that certain June 30, 2018 Memorandum entitled "Tax Consequences of Sentinel Acquisition of HFP/CDO Opportunity Assets."

13. "Legal Action" means the legal action identified in the Schedule to the Insurance Policy, *UBS Securities LLC and UBS AG, London Branch, v. Highland Capital Management, L.P., Highland Special Opportunities Holding Company, Highland Financial Partners, L.P., Highland CDO Opportunity Master Fund, L.P., Highland Credit Opportunities CDO, L.P., and Strand Advisors, Inc.*, Case No. 650097/2009.

14. As used herein, the terms "concerning," "regarding," and "relating to" mean all information, facts, or documents that directly, indirectly, or in any other way support, concern, negate, bear upon, touch upon, incorporate, affect, include, pertain to, or are otherwise connected with the subject matter about which the request is made.

3

UBSMTC018

## II.    INSTRUCTIONS

1.    The terms used herein are to be given their most expansive and inclusive interpretation unless otherwise expressly limited herein.   This includes, without limitation, the following:

   a.    construing "and" and "or" in the disjunctive or conjunctive as necessary to make a request more inclusive;

   b.    construing the singular form of a word to include the plural and vice versa;

   c.    construing the term "among" to mean between or among;

   d.    construing the term "any" to mean any, all, each, and every;

   e.    construing the masculine, feminine, or neutral pronouns to include other genders; and

   f.    construing the present tense of a verb to include its past tense and vice versa.

2.    In response to these requests, produce all Documents in Your actual or constructive possession, custody, or control, or in the actual or constructive possession, custody, or control of any of Your representatives, agents, employees, accountants, attorneys, or affiliates.

3.    If any Documents were formerly in Your possession, custody, or control and have been lost, destroyed, or otherwise disposed of, then furnish a list that identifies all such Documents and state for each such Document:   (a) the nature (*e.g.*, letter, memorandum, etc.), size, and subject matter of the Documents; (b) the persons who prepared or authored the Documents, and, if applicable, the persons to whom the Documents were sent; (c) the date when the Documents were prepared or transmitted; and (d) the date when the Documents were lost, destroyed, or otherwise disposed of,

4

the reasons for such destruction or disposition, and the persons requesting and performing the destruction or disposition.

4.     For each Document withheld on the ground of any privilege or immunity, furnish a list that identifies each such Document and state for each such Document: (a) the nature (*e.g.*, letter, memorandum, etc.), size, and subject matter of the Documents; (b) the persons who prepared or authored the Documents, and, if applicable, the persons to whom the Documents were sent; (c) each person having a copy of the Documents and each person to whom a copy was sent or whom received a copy; (d) the date on which the Documents were prepared or transmitted; and (e) the nature of and basis for the privilege claimed.

5.     If any portion of a Document is responsive to these requests, produce the entirety of the Document. Likewise, if only part of a responsive Document is protected by privilege or immunity, produce the Document with only the privileged matter redacted.

6.     Produce all Documents as they are kept in the ordinary course of business, and when applicable, in the order they are found in a person's files. If Documents are kept in a file with a file label, produce a copy of that label together with the Documents, Communications, or other materials in the file.

7.     Produce all financial data in native format to the extent available. Produce all other Documents as PDFs with optical character recognition.

8.     Unless otherwise specified herein, the period covered by these requests is January 1, 2016 to the present.

UBSMTC020

## III.    DOCUMENTS TO BE PRODUCED

1.      Communications between Sentinel, and any of HCM, CDO Fund, HFP, SOHC, Multi-Strat, James Dondero ("Dondero"), Isaac Leventon ("Leventon"), Matthew DiOrio ("DiOrio"), Jean Paul Sevilla ("Sevilla"), Mary Kathryn Irving ("Irving"), or You.

2.      Documents or Communications concerning the Insurance Policy, including without limitation (i) any amendment thereto; (ii) board minutes or resolutions concerning the Insurance Policy; (iii) claims made on the Insurance Policy; (iv) Communications with the IRS concerning the Insurance Policy; and (v) any similar agreements.

3.      Documents or Communications concerning the Purchase Agreement, including without limitation (i) any amendment thereto; (ii) transfer of assets pursuant to the Purchase Agreement; (iii) board minutes or resolutions concerning the Purchase Agreement; (iv) Communications with the IRS regarding any assets transferred pursuant to the Purchase Agreement; and (v) any similar agreements.

4.      Documents or Communications concerning the Tax Memo, including without limitation (i) any amendment thereto; (ii) board minutes or resolutions concerning the Tax Memo; (iii) documents relied on in preparing the Tax Memo; and (iv) any similar memoranda.

5.      Documents or Communications sufficient to identify any assets transferred from HCM, CDO Fund, HFP, or SOHC to Sentinel, including without limitation all assets transferred pursuant to the Insurance Policy or Purchase Agreement, and information sufficient to identify the value of any such transferred assets.

6.      Documents or Communications relating to any subsequent transfer or dissipation by Sentinel of any assets previously transferred from HCM, SOHC, HFP, or CDO Fund.

UBSMTC021

7.      Documents or Communications sufficient to identify all accounts used to transfer or receive any assets transferred pursuant to the Insurance Policy or Purchase Agreement.

8.      Documents or Communications concerning the value of any assets transferred pursuant to the Insurance Policy or Purchase Agreement, including without limitation those assets listed in Schedule A to the Purchase Agreement, from January 1, 2017 to the present, including documentation supporting the $105,647,679 value of those assets as listed in the Tax Memo.

9.      Documents showing the organizational structure of Sentinel and its affiliates, including information identifying the relationship between Sentinel and any of Dondero, Leventon, DiOrio, Sevilla, Irving, or You.

10.     Documents or Communications sufficient to determine the identities of Sentinel's directors and officers between January 1, 2016 and the present.

11.     Documents or Communications from any time period concerning the formation or acquisition of Sentinel.

12.     Documents or Communications between Sentinel and any person concerning the Legal Action.

7

UBSMTC022

**LATHAM & WATKINS LLP**
Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, District of Columbia 20004
Telephone: (202) 637-2200

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234

*Counsel for UBS Securities LLC and UBS
AG London Branch*

**BUTLER SNOW LLP**
Martin Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

--------------------------------------------------------

|  |  |  |
|---|---|---|
| In re | § | Chapter 11 |
|  | § |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-SGJ11 |
|  | § |  |
| Debtor. | § |  |
|  | § |  |
| UBS SECURITIES LLC AND UBS AG LONDON BRANCH, | § | Adversary Proceeding |
|  | § |  |
|  | § | No. 21-03020-sgj |
| Plaintiffs, | § |  |
|  | § |  |
| vs. | § |  |
|  | § |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |  |
|  | § |  |
| Defendant. | § |  |

--------------------------------------------------------

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**UBSMTC023**

## <u>NOTICE OF DEPOSITION</u>

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Plaintiffs UBS Securities LLC and UBS AG London Branch (together, "<u>UBS</u>") in the above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>") shall take the deposition of Scott Ellington, in connection with *Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction* against Highland Capital Management, L.P. ("<u>Highland</u>" or the "<u>Debtor</u>") [Adv. Pro. Docket No. 4] (the "<u>Motion</u>") and the subject matter set forth in **Attachment A**, on **<u>April 15, 2021</u>**, beginning at **<u>9:00 a.m.</u>** Central Time, or at such other day and time as counsel for UBS, counsel for the Debtor, and counsel for Mr. Ellington agree. The deposition will be taken remotely via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition and by use of Interactive Realtime. Parties who wish to participate in the deposition should contact Andrew Clubok and Robert Allen, Latham & Watkins LLP, at andrew.clubok@lw.com and robert.allen@lw.com, **no fewer than 24 hours before the start of the deposition** for more information regarding participating in this deposition remotely.

*[Remainder of Page Intentionally Left Blank]*

Dated: April 2, 2021

Respectfully submitted,

*/s/ Andrew Clubok*

**LATHAM & WATKINS LLP**
Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, District of Columbia 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
        sarah.tomkowiak@lw.com

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Email: jeff.bjork@lw.com
        kim.posin@lw.com

**BUTLER SNOW LLP**
Martin Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
Email: martin.sosland@butlersnow.com
        candice.carson@butlersnow.com

*Counsel for UBS Securities LLC and UBS AG London Branch*

## <u>CERTIFICATE OF SERVICE</u>

I, Martin Sosland, certify that the foregoing *Notice of Deposition* was filed electronically through the Court's ECF system and served electronically on all parties enlisted to receive service electronically.

Dated:  April 2, 2021.

*/s/ Martin Sosland*
Martin Sosland

## ATTACHMENT A

1.      The formation or acquisition of Sentinel Reinsurance, Ltd., Sentinel Re Holdings, Ltd., and their affiliates.

2.      The organizational structure of Sentinel Reinsurance, Ltd., Sentinel Re Holdings, Ltd., and their affiliates.

3.      The identities of the directors and officers of Sentinel Reinsurance, Ltd., Sentinel Re Holdings, Ltd., and their affiliates.

4.      The Legal Liability Insurance Policy dated as of August 1, 2017 between Sentinel Reinsurance, Ltd. as Insurer and Highland CDO Opportunity Master Fund, LP, Highland CDO Holding Company, and Highland Special Opportunities Holding Company as Insureds (the "Insurance Policy"), including without limitation (i) the purpose and terms of the Insurance Policy; (ii) any amendment thereto; (iii) board minutes or resolutions concerning the Insurance Policy; (iv) claims made on the Insurance Policy; (v) communications with the IRS concerning the Insurance Policy; and (vi) any similar agreements.

5.      The Purchase Agreement dated as of August 7, 2017 between Sentinel Reinsurance, Ltd. as Purchaser and each of Highland CDO Opportunity Master Fund, L.P., Highland CDO Holding Company, and Highland Special Opportunities Holding Company as Sellers (the "Purchase Agreement"), including without limitation (i) the purpose and terms of the Purchase Agreement; (ii) any amendment thereto; (iii) the transfer of assets pursuant to the Purchase Agreement; (iv) board minutes or resolutions concerning the Purchase Agreement; (v) communications with the IRS regarding any assets transferred pursuant to the Purchase Agreement; and (vi) any similar agreements.

6. The Memorandum dated June 30, 2018 and entitled "Tax Consequences of Sentinel Acquisition of HFP/CDO Opportunity Assets" (the "Tax Memo"), including without limitation (i) the origin and purpose of the Tax Memo; (ii) any diligence conducted to support the Tax Memo and the $105,647,679 value of assets listed in the Tax Memo; (iii) any amendment thereto; (iv) board minutes or resolutions concerning the Tax Memo; and (v) any similar memoranda.

7. Assets transferred from Highland Capital Management, L.P., Highland CDO Opportunity Master Fund, L.P., Highland Special Opportunities Holding Company, and/or Highland Financial Partners, L.P. to Sentinel Reinsurance, Ltd. and/or Sentinel Re Holdings, Ltd., including without limitation (i) the assets transferred pursuant to the Insurance Policy or Purchase Agreement; (ii) the value of any such transferred assets; (iii) any subsequent transfer or dissipation of such assets; (iv) the request to redeem the value of any such assets from Highland Multi Strategy Credit Fund, L.P., (f/k/a Highland Credit Opportunities CDO, L.P.); and (v) the accounts used to transfer or receive any such assets.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____NORTHERN_____ District of _____TEXAS_____

In re __HIGHLAND CAPITAL MANAGEMENT, L.P.,__
Debtor

*(Complete if issued in an adversary proceeding)*

UBS SECURITIES LLC AND UBS AG LONDON BRANCH,
Plaintiff

v.

HIGHLAND CAPITAL MANAGEMENT, L.P.,
Defendant

Case No. __19-34054-sgj11__

Chapter __11__

Adv. Proc. No. __21-03020-sgj__

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __SCOTT ELLINGTON__

*(Name of person to whom the subpoena is directed)*

[x] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Remote, via Zoom or a similar online videoconferencing platform | April 15, 2021 at 9:00 am CT |

The deposition will be recorded by this method:

  Video and stenographic means

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __April 2, 2021__

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_/s/ Martin Sosland_
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__UBS Securities LLC and UBS AG London Branch__ , who issues or requests this subpoena, are:

Martin Sosland, Butler Snow LLP, 2911 Turtle Creek Blvd., Suite 1400, Dallas, Texas 75219, Telephone: (469) 680-5502, Email: martin.sosland@butlersnow.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**UBSMTC029**

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

UBSMTC030

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)