# EXHIBIT 9

UBSMTC137

| | |
|---|---|
| **From:** | Zinecker, Katie <Katie.Zinecker@bakermckenzie.com> |
| **Sent:** | Thursday, April 8, 2021 9:45 AM |
| **To:** | Clubok, Andrew (DC); Tomkowiak, Sarah (DC); Bjork, Jeff (LA); Posin, Kimberly (LA); martin.sosland@butlersnow.com; candice.carson@butlersnow.com |
| **Cc:** | Hartmann, Michelle; Giles, Courtney; Dandeneau, Debra A.; Frances.Smith@judithwross.com |
| **Subject:** | Adv. Proc. No. 21-03020-sgj, UBS Securities LLC and UBS AG London Branch v. Highland Capital Management, L.P. |

Mr. Clubok,

Messrs. Scott Ellington, Isaac Leventon, JP Sevilla, Matt DiOrio and Ms. Katie Irving are in the process of retaining our firm, along with Ross & Smith, PC, to represent them in connection with the above-referenced case. We're writing because we received copies of your firm's Notices of Subpoena and Notices of Deposition. Although we are not authorized at this time to accept service of these Notices, we note that these Notices certainly do not comply with the requirement to provide a reasonable time for compliance and are otherwise unduly burdensome under Federal Rules of Civil Procedure 45. In the 5th Circuit, a reasonable time period for compliance under Rule 45 is generally considered to be at least 14 days. *See Oscar Renda Contr. v. City of Lubbock*, No. 5:05-CV-029-C, 2007 U.S. Dist. LEXIS 117266 (N.D. Tex. Sep. 17, 2007) (finding compliance of 16 days from service as reasonable); s*ee also Hall v. Louisiana*, No Civ. 12-657-BAJ, 2014 U.S. Dist. LEXIS 56165, 2014 WL 1652791 (M.D. La. Apr. 23, 2014) ("[12 and 9 day timeframes] are clearly unreasonable, particularly when the 14 day period for serving objections under Rule 45(c)(2)(B) is generally considered a reasonable time.").

While we're still in the process of being engaged, in the spirit of cooperation, we're willing to sit down and discuss these Notices. Are you available for a call to discuss this tomorrow or Monday?

Separately, as you may not be aware, Katie is legally unavailable on multiple counts under Federal Rule of Evidence 804(a)(4), as she is under disability and on maternity leave after she recently welcomed two twins who required a NICU stay. As such, she is unavailable for a deposition at this time. We hope that, under the circumstances, you would voluntarily withdraw your subpoenas with respect to Katie.

We look forward to your response.

Best,

Katie

**Katie Zinecker**
Associate, Litigation
Baker & McKenzie LLP
700 Louisiana, Suite 3000
Houston, TX 77002
United States
Tel: +1 713 427 5000
Direct: +1 713 427 5083
Cell +1 817 913 5901
Fax: +1 713 427 5099
katie.zinecker@bakermckenzie.com



bakermckenzie.com | LinkedIn | Twitter

**Stay up to date on the legal and business challenges posed by COVID-19.**
View the Baker McKenzie Global Resource Center here.

1

UBSMTC138

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit [www.bakermckenzie.com/disclaimers](www.bakermckenzie.com/disclaimers) for other important information concerning this message.

**UBSMTC139**