# EXHIBIT 17

**UBSMTC258**



April 20, 2021

| | |
|---|---|
| Andrew Clubok<br>Sarah Tomkowiak<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004 | **By email**<br>andrew.clubok@lw.com<br>sarah.tomkowiak@lw.com<br>jeff.bjork@lw.com<br>kim.posin@lw.com<br>martin.sosland@butlersnow.com<br>candice.carson@butlersnow.com |

Jeffrey E. Bjork
Kimberly A. Posin
LATHAM & WATKINS LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071

Martin Sosland
Candice Carson
BUTLER SNOW LLP
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219

**Re:** *In re Highland Capital Management, L.P.*, **Case No. 19-34054-sgj11** (**Bankr. N.D. Tex.**); *UBS Securities LLC and UBS AG London Branch v. Highland Capital Management, L.P.,* **Adv. Proc. No. 21-03020-sgj; Response to UBS's Preservation Notice**

Dear Mr. Morris,

Scott Ellington, Isaac Leventon, John Paul Sevilla, Matthew DiOrio and Mary Kathryn Lucas f.k.a. Irving (our "Clients") are in receipt of the March 31, 2021 Notices of Preservation our Clients received from UBS Securities LLC and UBS AG London Branch (collectively, "UBS"), addressed to each of our Clients ("UBS's Preservation Notices.") with respect to the above-styled matter ("Adversary Proceeding"). To be clear, we did not and do not represent Sentinel Reinsurance, Ltd/ or Sentinel Re Holdings, Ltd. (collectively, "Sentinel"), and do not have the authority to accept service for any documents on their behalf. Further, none of our clients are officers or registered agents of Sentinel and have no authority to accept service of documents on their behalf. We understand Sentinel is retaining their own counsel for this matter.

First, the entirety of the record in the Adversary Proceeding (including the Original Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, and the related exhibits in support) has been sealed. As UBS's Preservation Notice broadly covers all documents and communications that "relate, directly or indirectly, to the subject matter of this … Adversary Case," we have no way of adequately identifying and preserving documents without knowing the

Plaza of the Americas    700 N. Pearl Street    Suite 1610    Dallas, TX 75201
main 214.377.7879   fax 214.377.9409   judithwross.com

UBSMTC259

John A. Morris, *et al.*
April 20, 2021
Page 2

claims asserted in the Adversary Proceeding. We thus request that you provide a copy of the Original Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, and the related exhibits in support thereof, so we can adequately counsel our Clients to identify and preserve documents in response to UBS's Preservation Notices. We are happy to enter into a protective order to preserve the confidentiality of these documents.

Second, although our Clients will comply with UBS's Preservation Notices to the fullest extent possible, most, if not all, of the categories of documents specified are actually in the possession of Highland Capital Management, L.P. (the "Debtor") and not the proper subject of limited discovery from a non-party. *See Scrum Alliance, Inc. v. Scrum, Inc.*, Civ. No. 4:20-cv-00227, 2020 U.S. Dist. LEXIS 209352, at *7 (E.D. Tex. Nov. 9, 2020) ("Instead of burdening nonparties, Plaintiff should obtain the information directly from the source."). As you are well aware, our Clients are non-parties to the Adversary Proceeding, and former employees of the Debtor. Upon termination by the Debtor, our Clients returned all Debtor property, including any laptops or equipment. Further, the Debtor wiped its "Electronically Stored Information" ("ESI") from the cellular telephones of Messrs. Ellington and Leventon, and all electronic emails from Mr. DiOrio's cellular telephone. As former employees, these Clients do not have access to any of their prior email accounts or documents that belonged to the Debtors, and thus have no possession, custody, or control over these documents. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 821 (5th Cir. 2004) (limiting document request to documents in an individual's actual "possession, custody, or control" and barring the request for documents one has "access" to by virtue of their position with an employer). As to Mr. Sevilla and Ms. Lucas, Mr. Sevilla is working cooperatively with the Debtor in his role with Skyview Group, and Ms. Lucas has been and remains under disability and on maternity leave, after recently welcoming twins who required a stay in the newborn intensive care unit. We understand that both still have access to their email accounts with the Debtor, though we understand that the Debtor intends to terminate that access as soon as the end of today. However, Ms. Lucas is not accessing any emails while on disability, and Mr. Sevilla, out of an abundance of caution, is not accessing his Debtor email account. As such, the relevant ESI and documents are in the Debtor's possession, and we direct you to the Debtor's own records for the documents identified in UBS's Preservation Notices. We have separately notified the Debtor of UBS's Preservation Notices and their obligation to preserve these documents as well.

In sum, we request that you provide copies of the documents filed under seal in the Adversary Proceeding so that we may determine what documents are subject to UBS's Preservation Notices such that we can fully comply with these notices.

If you would like to discuss, please let us know and we will arrange a time for a call.

Sincerely,

*/s/ Frances A. Smith*

cc: Highland Capital Counsel
   John A. Morris
   Pachulski Stang Ziehl & Jones