# EXHIBIT 18

UBSMTC261

RS

ROSS & SMITH, PC

Complex Bankruptcy, Corporate and Mediation

**April 21, 2021**

Andrew Clubok
Sarah Tomkowiak
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004

Jeffrey E. Bjork
Kimberly A. Posin
LATHAM & WATKINS LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071

Martin Sosland
Candice Carson
BUTLER SNOW LLP
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219

**By email**
andrew.clubok@lw.com
sarah.tomkowiak@lw.com
jeff.bjork@lw.com
kim.posin@lw.com
martin.sosland@butlersnow.com
candice.carson@butlersnow.com

Re:    Adv. Proc. No. 21-03020-sgj; *UBS Securities LLC and UBS AG London Branch v.*
       *Highland Capital Management, L.P.*

Dear Mr. Clubok:

Ross & Smith, PC is in the process of being retained to represent Messrs. Scott Ellington, Isaac
Leventon, John Paul Sevilla, Matt DiOrio and Ms. Mary Kathryn Lucas (neé Irving) (our
"Clients"), in connection with the above-referenced Adversary Proceeding, to which they are non-
parties.

We are in receipt of the Subpoena to Produce Documents (the "Document Requests") and the
Subpoena to Testify at a Deposition (the "Deposition Notice," and together with the Document
Requests, the "Subpoenas"), served on Mr. Sevilla and Mr. DiOrio on April 16, 2021, on Mr.
Leventon on April 19, 2021, and on Ms. Lucas and Mr. Ellington, through the undersigned counsel,
also on April 19, 2021.  Given the unreasonably short time for compliance listed in the Document
Requests, we respond to these Subpoenas[1] with our objections below and demand that the
Subpoenas be withdrawn as moot.

First, the Subpoenas do not appear to be relevant to the preliminary injunctive relief sought in the
Adversary Proceeding whatsoever.  Rather, the Subpoenas seek documents and testimony related
to alleged fraudulent transfer claims against certain Highland Capital Management, L.P. (the

---

[1] All capitalized terms not otherwise defined herein shall have their meaning as defined in the Document Requests.

Plaza of the Americas    700 N. Pearl Street    Suite 1610    Dallas, TX 75201
main  214.377.7879   fax  214.377.9409   judithwross.com

UBSMTC262

Andrew Clubok
April 21, 2021
Page 2

"Debtor") managed Funds[2] and their alleged insurance company Sentinel Reinsurance Ltd. (and together with Sentinel Re Holdings, Ltd., "Sentinel"), where the Funds actively are defendants against UBS in the 2009 Legal Action in New York, and no claims have as of yet been asserted against Sentinel. As is clear in the *Debtor's Motion for Entry of an Order Approving Settlement with UBS and Authorizing Actions Consistent Therewith* [Bankr. Dkt. No. 2199] (the "Settlement Motion") and attached Settlement Agreement between UBS and the Debtor, the parties to the Adversary Proceeding have settled their dispute, are working in concert, and are not contesting the injunctive relief sought in the Adversary Proceeding. Because no real controversy exists, any document requests to our Clients are unnecessary, and moot in light of the Settlement Agreement. *See John Doe #1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004) ("Generally settlement of a dispute between two parties renders moot any case between them growing out of that dispute.").

Second, to the extent these requests are related to any potential future claims against Sentinel, any Funds managed by the Debtor, or our Clients, issuing these Subpoenas "in connection with" the uncontested Adversary Proceeding is improper. UBS cannot use the Adversary Proceeding as a pretext for obtaining document discovery for future potential claims that may be brought against our Clients. Pre-litigation discovery is only allowed in limited circumstances when there is a risk that such documents may be lost before the case is filed. *See, e.g., In re Ramirez*, 241 F.R.D. 595, 596 (W.D. Tex. 2006) (Rule 27 may not be used as a vehicle for discovery prior to filing a complaint; it is only available in special circumstances to preserve known testimony that could otherwise be lost). That is clearly not the case here, especially where the Debtor likely has access to the documents that you seek and has been working with UBS to conduct an investigation related to the Adversary Proceeding.

Third, and notwithstanding the above threshold issues with your Subpoenas—which we believe you cannot surmount—the Subpoenas suffer from several procedural defects. Namely, the Subpoenas are invalid and premature, as they appear to be issued before any Rule 26(f) conference, less than 21 days after the complaint was served, and without leave of court. *See* Fed. R. Civ. P. 26(d); Fed. R. Civ. P. 34(c). Further, allowing less than two business days to collect and produce documents (by April 20), and giving less than two weeks' notice to appear for non-party depositions on April 27, is neither reasonable nor feasible. *See* Fed. R. Civ. P. 45(d)(3)(A) (The court *must* quash or modify a subpoena that fails to allow a reasonable time to comply).

In any event, we cannot fully respond to the Subpoenas because the entirety of the record in the Adversary Proceeding (including the Original Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, and the related exhibits in support) has been sealed. As relevance is a threshold issue in determining whether a non-party subpoena violates the limits on the scope of discovery, we request that you provide a copy of the Original Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, and the related exhibits in support, so we can fully respond to the Subpoenas. Counsel for the Official Committee of Unsecured Creditors, not a party to the Adversary Proceeding, has been served with these documents so concerns of their confidentiality cannot be too great. We are happy to enter into a protective order

---

[2] Highland CDO Opportunity Master Fund, L.P. ("CDO Fund") and Highland Special Opportunities Holding Company ("SOHC," and together with CDO Fund, the "Funds").

UBSMTC263

Andrew Clubok
April 21, 2021
Page 3

to preserve the confidentiality of these documents, but given that our Clients may be potential targets of this Adversary Proceeding, we have a right to review those documents before responding to the Document Requests or appearing for any deposition, should such responses or appearances be ordered.

**1.      Specific Objections to Document Requests**

Without waiver of our initial objections that the Document Requests are moot, amount to improper pre-litigation discovery, and are facially unreasonable in their timeline to comply, we nonetheless make the following objections to the Document Requests. Although each Client received separate Document Requests, the requests contained in Attachment A thereto are all substantially identical. As such, we make these objections jointly and with the intent they apply equally to each Client's Document Requests.

Additionally, and as you are well aware, all of our Clients are former employees of the Debtor, the named defendant in the Adversary Proceeding. As former employees, our Clients do not have access to any of their prior email accounts or documents that belonged to the Debtor or Sentinel, and thus have no possession, custody, or control over these documents. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 821 (5th Cir. 2004) (limiting document request to documents in an individual's actual "possession, custody, or control" and barring the request for documents one has "access" to by virtue of their position with their employer). Upon termination by the Debtor, our Clients returned all Debtor property, including any laptops or equipment, and the Debtor remote wiped any and all "Electronically Stored Information" of the Debtor from some of our Clients' cellular telephones. We hereby direct you to the Debtor, or Sentinel, to obtain the requested documents, as all of the documents requested should be in the possession, custody and control of the Debtor and/or Sentinel.

Indeed, as drafted, these requests are better suited for Sentinel and the Debtor—not their former employees. Bearing in mind that the "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid undue burden or expense on a person subject to a subpoena," these requests as drafted are unduly burdensome and will impose a massive expense on individual non-parties to respond to these Document Requests—an expense our Clients are entitled to recover. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 606 (N.D. Tex. 2018); Fed. R. Civ. P. 45(d).

If you do not agree to withdraw the Document Requests, we reserve the right to amend our objections to any of these requests after we receive the sealed documents, as it is unclear at this time that there is a live dispute in the Adversary Proceeding, or how these requests relate to the Adversary Proceeding, if at all.

**Request No. 1:** Communications between Sentinel, and any of HCM, CDO Fund, HFP, SOHC, MultiStrat, James Dondero ("Dondero"), Matthew DiOrio ("DiOrio"), Isaac Leventon

UBSMTC264

Andrew Clubok
April 21, 2021
Page 4

("Leventon"), Jean Paul Sevilla ("Sevilla"), Mary Kathryn Irving ("Irving"), or Scott Ellington ("Ellington").[3]

> **Response**: We object to this request because it is irrelevant to the injunctive relief requested in the Adversary Proceeding, which we understand seeks to enjoin *the Debtor* from "making or allowing funds under its management or control" to make any "payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets . . ." [Adv. Proc. Dkt. No. 21, *Order Granting Plaintiffs' Motion for Temporary Restraining Order*]. Our Clients are no longer employed by the Debtor and thus have no association with the future transfer of any of the Debtor's assets to Sentinel or related entities. We also object to this request as overly broad and unduly burdensome because it is not reasonably limited by any particular time period or subject matter whatsoever. Requesting all communications between Sentinel and our Clients is far too broad, and particularly burdensome for individual non-parties. We also object to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, joint defense privilege, allied litigant doctrine, work-product doctrine, or any other applicable privilege or doctrine. As this request seeks communications with Sentinel, we further object to this request as it seeks documents that are not in our Clients' possession, custody and control and which are more appropriately sought from the Debtor or Sentinel.

**Request No. 2:** Documents or Communications concerning the Insurance Policy, including without limitation (i) any amendment thereto; (ii) board minutes or resolutions concerning the Insurance Policy; (iii) claims made on the Insurance Policy; (iv) Communications with the IRS concerning the Insurance Policy; and (v) any similar agreements.

> **Response**: We object to this request because it is irrelevant to the injunctive relief requested in the Adversary Proceeding, which we understand seeks to enjoin *the Debtor* from "making or allowing funds under its management or control" to make any "payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets . . ." [Adv. Proc. Dkt. No. 21, *Order Granting Plaintiffs' Motion for Temporary Restraining Order*]. We also object to this request as overly broad and unduly burdensome, as it seeks all "claims made," all "communications with the IRS" over a four year time period, without any reasonable limitations on the types of claims or communications made. The request is also vague to the extent it requests "similar agreements." We further object to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, joint defense privilege, allied litigant doctrine, work-product doctrine, or any other applicable privilege or doctrine. We further object to this request as it seeks documents that are not in our Clients' custody and control and which are more appropriately sought from the Debtor or Sentinel.

---

[3] This request is unique in each Subpoena as it defines "You" as the Client to whom received the Document Requests. We have substituted the "You" here with each Client's name but clarify the objections here relate to the exact request as issued.

Andrew Clubok
April 21, 2021
Page 5

**Request No. 3:** Documents or Communications concerning the Purchase Agreement, including without limitation (i) any amendment thereto; (ii) transfer of assets pursuant to the Purchase Agreement; (iii) board minutes or resolutions concerning the Purchase Agreement; (iv) Communications with the IRS regarding any assets transferred pursuant to the Purchase Agreement; and (v) any similar agreements.

> **Response**: We object to this request because it is irrelevant to the injunctive relief requested in the Adversary Proceeding, which we understand seeks to enjoin *the Debtor* from "making or allowing funds under its management or control" to make any "payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets . . ." [Adv. Proc. Dkt. No. 21, *Order Granting Plaintiffs' Motion for Temporary Restraining Order*]. We further object to this request as overly broad and unduly burdensome because it requests all documents "concerning the Purchase Agreement" without any reasonable limitations on time or scope whatsoever. Requests for "any similar agreements" is also vague. We also object to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, joint defense privilege, allied litigant doctrine, work-product doctrine, or any other applicable privilege or doctrine. We further object to this request as it seeks documents that are not in our Clients' custody and control and which are more appropriately sought from the Debtor or Sentinel.

**Request No. 4:** Documents or Communications concerning the Tax Memo, including without limitation (i) any amendment thereto; (ii) board minutes or resolutions concerning the Tax Memo; (iii) documents relied on in preparing the Tax Memo; and (iv) any similar memoranda.

> **Response**: We object to this request because it is irrelevant to the injunctive relief requested in the Adversary Proceeding, which we understand seeks to enjoin *the Debtor* from "making or allowing funds under its management or control" to make any "payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets . . ." [Adv. Proc. Dkt. No. 21, *Order Granting Plaintiffs' Motion for Temporary Restraining Order*]. We further object to this request as overly broad and unduly burdensome because it requests all documents "concerning the Tax Memo" without any reasonable specificity. This request is also vague to the extent it requests "similar memoranda" and unclear as to what the similar memoranda relate. We also object to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, joint defense privilege, allied litigant doctrine, work-product doctrine, or any other applicable privilege or doctrine. We further object to this request as it seeks documents that are not in our Clients' custody and control and which are more appropriately sought from the Debtor or Sentinel.

**Request No. 5:** Documents or Communications sufficient to identify any assets transferred from HCM, CDO Fund, HFP, or SOHC to Sentinel, including without limitation all assets transferred pursuant to the Insurance Policy or Purchase Agreement, and information sufficient to identify the value of any such transferred assets.

Andrew Clubok
April 21, 2021
Page 6

**Response**: We object to this request because it is irrelevant to the injunctive relief requested in the Adversary Proceeding, which we understand seeks to enjoin *the Debtor* from "making or allowing funds under its management or control" to make any "payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets . . ." [Adv. Proc. Dkt. No. 21, *Order Granting Plaintiffs' Motion for Temporary Restraining Order*]. Because this request seeks information related to any assets that were already potentially transferred, it is irrelevant to the injunctive relief sought in the Adversary Proceeding. We also object to this request as overly broad and unduly burdensome to the extent it seeks documents related to the transfer of assets to Sentinel over a five-year period without limitation. We also object to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, joint defense privilege, allied litigant doctrine, work-product doctrine, or any other applicable privilege or doctrine. We further object to this request as it seeks documents that are not in our Clients' possession, custody and control and which are more appropriately sought from the Debtor or Sentinel, especially since this request seeks documents regarding the transfer of assets *to Sentinel*.

**Request No. 6:** Documents or Communications relating to any subsequent transfer or dissipation by Sentinel of any assets previously transferred from HCM, SOHC, HFP, or CDO Fund.

**Response**: We object to this request because it is irrelevant to the injunctive relief requested in the Adversary Proceeding, which we understand seeks to enjoin *the Debtor* from "making or allowing funds under its management or control" to make any "payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets . . ." [Adv. Proc. Dkt. No. 21, *Order Granting Plaintiffs' Motion for Temporary Restraining Order*]. We further object to this request as overly broad and unduly burdensome because it requests documents related to the transfer of assets over a five-year period, without any limitation whatsoever. We also object to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, joint defense privilege, allied litigant doctrine, work-product doctrine, or any other applicable privilege or doctrine. We further object to this request as it seeks documents that are not in our Clients' possession, custody and control and which are more appropriately sought from the Debtor or Sentinel, especially since this request seeks documents related to the transfer or dissipation of assets *by Sentinel*.

**Request No. 7:** Documents or Communications sufficient to identify all accounts used to transfer or receive any assets transferred pursuant to the Insurance Policy or Purchase Agreement.

**Response**: We object to this request because it is irrelevant to the injunctive relief requested in the Adversary Proceeding, which we understand seeks to enjoin *the Debtor* from "making or allowing funds under its management or control" to make any "payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets . . ." [Adv. Proc. Dkt. No. 21, *Order Granting Plaintiffs' Motion for Temporary Restraining Order*]. It is

UBSMTC267

Andrew Clubok
April 21, 2021
Page 7

unclear from the publicly available documents filed in the Adversary Proceeding or the bankruptcy case how these accounts would be relevant to the injunctive relief sought in the Adversary Proceeding. We further object to this request as overly broad, unduly burdensome, and vague because it is not reasonably limited to a particular time period or entity whatsoever. We also object to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, joint defense privilege, allied litigant doctrine, work-product doctrine, or any other applicable privilege or doctrine. We further object to this request as it seeks documents that are not in our Clients' possession, custody and control and which are more appropriately sought from the Debtor or Sentinel.

**Request No. 8:** Documents or Communications concerning the value of any assets transferred pursuant to the Insurance Policy or Purchase Agreement, including without limitation those assets listed in Schedule A to the Purchase Agreement, from January 1, 2017 to the present, including documentation supporting the $105,647,679 value of those assets as listed in the Tax Memo.

> **Response**: We object to this request because it is irrelevant to the injunctive relief requested in the Adversary Proceeding, which we understand seeks to enjoin *the Debtor* from "making or allowing funds under its management or control" to make any "payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets . . ." [Adv. Proc. Dkt. No. 21, *Order Granting Plaintiffs' Motion for Temporary Restraining Order*]. It is unclear from the publicly available documents filed in the Adversary Proceeding or the bankruptcy case how the value of any previously transferred assets would be relevant to the injunctive relief sought in the Adversary Proceeding. We further object to this request as overly broad and unduly burdensome because it request any documents over a five-year period relating to the "value of any assets" transferred, without limitation. Additionally, we object to this request as it seeks documents that are not in our Clients' possession, custody and control and which are more appropriately sought from the Debtor or Sentinel.

**Request No. 9:** Documents showing the organizational structure of Sentinel and its affiliates, including information identifying the relationship between Sentinel and any of Dondero, DiOrio, Leventon, Sevilla, Irving, or Ellington.[4]

> **Response**: We object to this request because it is irrelevant to the injunctive relief requested in the Adversary Proceeding, which we understand seeks to enjoin *the Debtor* from "making or allowing funds under its management or control" to make any "payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets . . ." [Adv. Proc. Dkt. No. 21, *Order Granting Plaintiffs' Motion for Temporary Restraining Order*]. We also object to this request as overly broad and unduly burdensome because it requests all documents related to the organizational structure of Sentinel over a five-year time period.

---

[4] Like our objections to Request No. 1, we have substituted the "You" in this originally written request with each Client's name but clarify the objections here relate to the exact request as issued.

Andrew Clubok
April 21, 2021
Page 8

We further object to this request as it seeks documents that are not in our Clients' custody and control and which are more appropriately sought from the Debtor or Sentinel.

**Request No. 10:** Documents or Communications sufficient to determine the identities of Sentinel's directors and officers between January 1, 2016 and the present.

> **Response**: We object to this request because it is irrelevant to the injunctive relief requested in the Adversary Proceeding, which we understand seeks to enjoin *the Debtor* from "making or allowing funds under its management or control" to make any "payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets . . ." [Adv. Proc. Dkt. No. 21, *Order Granting Plaintiffs' Motion for Temporary Restraining Order*]. We also object to this request as overly broad in that it seeks the identity of prior directors and officers spanning over a five-year period, especially when the injunctive relief sought here is prospective. Further, we object to this request to the extent it seeks documents that are not in our Clients' possession, custody and control and which are more appropriately sought from the Debtor or Sentinel.

**Request No. 11:** Documents or Communications from any time period concerning the formation or acquisition of Sentinel.

> **Response**: We object to this request because it is irrelevant to the injunctive relief requested in the Adversary Proceeding, which we understand seeks to enjoin *the Debtor* from "making or allowing funds under its management or control" to make any "payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets . . ." [Adv. Proc. Dkt. No. 21, *Order Granting Plaintiffs' Motion for Temporary Restraining Order*]. We further object to this request as overly broad and unduly burdensome because this request is not limited to any reasonable time period whatsoever. We also object to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, joint defense privilege, allied litigant doctrine, work-product doctrine, or any other applicable privilege or doctrine. We further object to this request as it seeks documents that are not in our Clients' possession, custody and control and which are more appropriately sought from the Debtor or Sentinel.

**Request No. 12:**  Documents or Communications between Sentinel and any person concerning the Legal Action.

> **Response**: We object to this request because it is irrelevant to the injunctive relief requested in the Adversary Proceeding, which we understand seeks to enjoin *the Debtor* from "making or allowing funds under its management or control" to make any "payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets . . ." [Adv. Proc. Dkt. No. 21, *Order Granting Plaintiffs' Motion for Temporary Restraining Order*]. On its face, this request clearly relates to a settled matter between the Debtor and UBS, which is

Andrew Clubok
April 21, 2021
Page 9

not at issue in the Adversary Proceeding. Additionally, we object to this request as overly broad and unduly burdensome because it requests all communications related to a Legal Action that began in February 2009—over a decade ago. We also object to this request to the extent it seeks documents protected from discovery by the attorney-client privilege, joint defense privilege, allied litigant doctrine, work-product doctrine, or any other applicable privilege or doctrine. Further, this request does not even seem to be targeted at any particular individual, but rather Sentinel itself. We object to this request to the extent it seeks documents that are not in our Clients' possession, custody and control and which are more appropriately sought from the Debtor or Sentinel.

**2.   Objections to Deposition Notices**

Separately, and without waiver of our initial objections that the Deposition Notices are moot and amount to improper pre-litigation discovery, the Deposition Notices received by the Clients are also without sufficient notice and unduly burdensome. Fed. R. Civ. P. 45(d); *see also MetroPCS*, 327 F.R.D. at 610 ("a subpoena presents an undue burden when the subpoena is facially overbroad."). The depositions are noticed to commence as soon as April 27, less than two weeks from when our Clients were served. This is not only unreasonable, but our Clients have not even seen the Original Complaint (which was filed under seal) or have any idea regarding the claims that have been asserted in the Adversary Proceeding—except that some claims may be targeted specifically against our Clients and thus they are being prejudiced by their inability to see these pleadings. You have already been notified that Ms. Lucas is legally unavailable. In addition, before any other deposition is agreed upon, we request that you provide a copy of the Original Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, and the related exhibits in support. Given that our Clients may be asked about the claims in the Adversary Proceeding during their depositions, they are entitled to know what those claims are and what claims may be asserted against them. *See MetroPCS*, 327 F.R.D. at 610 (court retains discretion to deny subpoena when the request "exceeds the bounds of fair discovery."); *see also Wiwa*, 392 F.3d at 820 ("Under the federal discovery rules, any party to a civil action is entitled to all information relevant to the subject matter of the action.").

To be clear, while you provided "topics" to the Deposition Notices, these topics do not suffice to give our Clients adequate notice as to why you requested these depositions or how they are relevant to the claims in the Adversary Proceeding. On their face, these topics appear entirely unrelated to the Adversary Proceeding, but instead more generally aimed to discover information related to potential future actions advanced against Sentinel, the Funds, or our Clients. Additionally, many of these topics appear to be those that a corporate representative of Sentinel could cover. None of our Clients are corporate representatives, nor should they be compelled to speak to these topics if they have no personal knowledge of them.

In sum, we request that you withdraw the Subpoenas against our Clients, or alternatively, provide copies of the documents filed under seal in the Adversary Proceedings so that we may determine whether these document requests and depositions are appropriate in the first place. Given the short time frame for compliance, if we do not hear back from you by April 22, 2021, we will file a Motion to Quash the current Subpoenas on grounds outlined above, including that that they (1) fail

Andrew Clubok
April 21, 2021
Page 10

to allow a reasonable time to comply; (2) subject our Clients to undue burden; (3) are wholly improper in that they are being used as a pretext for unauthorized pre-litigation discovery for other claims targeted; and (4) seek documents and testimony from a non-party (Ms. Lucas) who is legally unavailable.

If you would like to discuss, please let us know and we will arrange a time for a call. In any event, we appreciate your response by April 22, 2021.

Sincerely,

*Frances A. Smith*

Frances Smith
Shareholder

cc: Eric Soderlund
    Ross & Smith, PC

    Judith W. Ross
    Ross & Smith, PC

UBSMTC271