# EXHIBIT 20

UBSMTC289

**Sarah Tomkowiak**
Direct Dial: 1.202.637.2335
Sarah.Tomkowiak@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

April 22, 2021

Frances Smith
Ross & Smith, PC
Plaza of the Americas
700 N. Pearl Street, Ste. 1610
Dallas, TX 75201
Frances.smith@judithwross.com

Re: *UBS Securities LLC and UBS AG London Branch v. Highland Capital Management, L.P.*, Adv. Proc. No. 21-03020-sgj

Dear Ms. Smith:

    We write in response to your letters dated April 20 and April 21, 2021 concerning the preservation notices (the "Notices"), and objecting to the document subpoenas (the "Document Requests") and deposition subpoenas (the "Deposition Notices" and collectively with the Document Requests, the "Subpoenas"), issued to your clients, Messrs. Leventon, Ellington, Sevilla and DiOrio, and Ms. Lucas (collectively, your "Clients") in relation to *UBS Securities LLC and UBS AG London Branch v. Highland Capital Management, L.P.*, Adv. Proc. No. 21-03020-sgj (the "Adversary Proceeding").

    *First*, contrary to your assertion otherwise, the Subpoenas seek evidence directly relevant to the injunctive relief sought in the Adversary Proceeding. As the Notices make clear, the Adversary Proceeding concerns assets fraudulently transferred pursuant to a purchase agreement between certain funds and Sentinel:

> UBS alleges that the Debtor, acting through and at the direction of [your clients] and other current and/or former employees of HCMLP, fraudulently transferred hundreds of millions of dollars of assets (the "Transferred Assets") away from the Funds and affiliated entities—in anticipation of a judgment that UBS obtained against the Funds in the UBS Litigation—to Sentinel Reinsurance, Ltd. ("Sentinel," and together with its affiliates, the "Sentinel Entities"), a Cayman Islands entity that Mr. Dondero and Mr. Ellington owned and controlled.
>
> UBS further alleges that certain of these assets were fraudulently transferred to Sentinel pursuant to a purported purchase agreement (the "Purchase Agreement"), dated as of August 7, 2017, purportedly to satisfy the premium on a legal liability insurance policy issued by Sentinel (the "Insurance Policy"), which policy was supposedly intended to insure the Funds against an adverse judgment in the UBS

**UBSMTC290**

LATHAM&WATKINS LLP

>   Litigation. Among the assets that were purportedly transferred to Sentinel are (i) a redemption interest in Multi-Strat (the "Sentinel Redemption") and (ii) assets held by CDO Fund related to Greenbriar CLO Ltd., Greenbriar CLO Corp., Aberdeen Loan Funding Ltd., Eastland CLO Ltd., Grayson CLO Ltd., Valhalla CLO Ltd., and Governance Re, Ltd., including cash payments related to those assets (collectively, the "CDO Fund Assets").

*See* the Notices. The Subpoenas seek evidence underlying these Fraudulent Transfers. Similarly, the injunctive relief (as the TRO makes clear) seeks to enjoin "any payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets." Dkt. No. 21. There can be no doubt as to the relevance of the subject matter of the Subpoenas and this requested injunctive relief. Additionally, the fact that the Debtor did not contest preliminary relief has no bearing on the relevancy of the discovery requested, nor does the Settlement Agreement entered into between UBS and the Debtor somehow render the discovery requests issued to your Clients in connection with this live Adversary Proceeding "moot," Apr. 21. Ltr. at 2, as that Agreement settles UBS's (separate) claims asserted in the Debtor's chapter 11 proceeding. Bankruptcy Case Dkt. No. 2200, Ex. 1.

*Second*, the Subpoenas are not, as you argue, procedurally defective, invalid, or premature under applicable rules. Apr. 21 Ltr. at 2. As this Court has already recognized in the adversary proceeding captioned *Highland Capital Management, L.P, v. James D. Dondero*, Adv. Pro. No. 20-3190-sgj11, Rule 9014 of the Federal Rules of Bankruptcy Procedures explicitly provides that FRCP 26(f) does not apply in contested matters such as a party's motion seeking a temporary restraining order and preliminary injunction. *See* Dondero Adv. Dkt. No. 38. And, because the discovery sought by UBS relates to a contested matter, Rule 9014 also provides the Court with discretion to decline to apply the Federal Rules of Civil Procedure made applicable to adversary proceedings through Part VII of the Bankruptcy Rules.

Nor were the Subpoenas sent without sufficient notice. Apr. 21 Ltr. at 2. As you are aware, we sent the Notices to your Clients on March 30, 2021 and began attempting to serve your Clients with the Subpoenas on April 2, 2021. In total, your Clients evaded personal service 70 times over 13 days before they were successfully served. For example, on April 2, 2021, the process server assigned to Ms. Lucas's address observed a woman—believed to be Ms. Lucas—peer out from the window after refusing to open the door. And on April 9, 2021, during an attempt to serve Mr. Sevilla at his residence, a minor child opened the door after the server had knocked multiple times, and then was frantically ordered to slam the door shut. In fact, your Clients evaded service for so long that we were forced to amend the Subpoenas as the deadlines therein passed. And it is evident that your Clients were in receipt of those Subpoenas no later than April 8, 2021, when your Clients' prospective counsel from Baker & McKenzie contacted us regarding the Subpoenas. Any "unreasonably short time for compliance," Apr. 21 Ltr. at 1, was of your Clients' making.

*Third*, your assertion that these requests are "better suited for Sentinel and the Debtor—not their former employees," Apr. 21 Ltr. at 3, ignores the facts that: (i) the requests seek any communications regarding the Fraudulent Transfers—not just emails sent using Debtor-issued addresses—which may include communications using other email addresses or non-email communications on personal devices; and (ii) upon information and belief, at least certain of your

UBSMTC291

Clients were previously and/or are presently affiliated with (but seemingly not employed by) Sentinel such that they would have relevant documents outside of those in the possession of the Debtor or Sentinel. Therefore, your assertion that "all of the documents requested should be in the possession, custody and control of the Debtor and/or Sentinel" is incorrect.

As to your specific objections to the Document Requests, many are boilerplate objections that either repeat your general objections, or fail to specify how each particular objection applies to each specific request—*i.e.*, what the specific claim of burden is or why the request seeks information that is far too broad for a non-party. It is unclear whether and to what extent your Clients undertook a reasonable investigation prior to lodging these objections, or whether any of your Clients are withholding responsive documents on the basis of any of these objections. We expect that you will be prepared to discuss those issues during our meet and confer.

*Finally*, we do not understand your claim that your Clients supposedly "cannot fully respond to the Subpoenas" because the Adversary Proceeding is sealed. Apr. 21 Ltr at 2. The Notices and Subpoenas provided ample description of the claims and facts underlying the Adversary Proceeding. *See supra* at 1-2. Those documents, together with other publicly available information, including the recently filed *Debtor's Motion for Entry of an Order Approving Settlement with UBS Securities LLC and UBS AG London Branch and Authorizing Actions Consistent Therewith* [Bankruptcy Case Dkt. No. 2199] and the *Order Granting Plaintiffs' Motion for a Temporary Restraining Order* [Dkt. No. 21] provide your Clients with ample means to identify and preserve potentially relevant documents and respond to the Subpoenas.

However, in good faith and in order to facilitate your Clients' document productions and deposition testimony, we will agree to share with you the sealed Adversary Proceeding Complaint, which contains all allegations and claims underlying the Adversary Proceeding, upon the following conditions: (i) your Clients will produce any relevant documents in their possession, custody, and control in response to the Document Requests; (ii) your Clients agree to sit for depositions pursuant to the Deposition Subpoenas at agreed-to dates prior to the hearing on UBS's requested injunctive relief;[1] (iii) that you and your Clients agree to enter into a confidentiality agreement regarding the Complaint; and (iv) that you and your Clients destroy any copies of the Complaint after completion of the document productions pursuant to the Document Requests and depositions pursuant to the Deposition Subpoenas.

We are available this afternoon to discuss. Please let us know a time that works for you. We look forward to speaking with you on this matter.

Sincerely,

*/s/ Sarah Tomkowiak*
Sarah Tomkowiak

OF LATHAM & WATKINS

---

[1] We are willing to discuss Ms. Lucas's situation and necessary accommodations.

UBSMTC292