# EXHIBIT 25

UBSMTC350

```
                IN THE UNITED STATES BANKRUPTCY COURT
1                 FOR THE NORTHERN DISTRICT OF TEXAS
                            DALLAS DIVISION
2
                                )    Case No. 19-34054-sgj-11
3  In Re:                       )    Chapter 11
                                )
4  HIGHLAND CAPITAL             )    Dallas, Texas
   MANAGEMENT, L.P.,            )    Wednesday, April 28, 2021
5                               )    1:30 p.m. Docket
           Debtor.              )
6                               )
   ─────────────────────────────)
7                               )
   UBS SECURITIES, LLC, et.     )    Adversary Proceeding 21-3020-sgj
   al.,                         )
8                               )    - MOTION FOR PROTECTIVE ORDER
           Plaintiffs,          )      [23]
9                               )    - MOTION TO MODIFY ORDER
   v.                           )      GRANTING LEAVE TO FILE UNDER
10                              )      SEAL [24]
   HIGHLAND CAPITAL             )    - MOTION FOR ORDER AUTHORIZING
11 MANAGEMENT, LP,              )      ALTERNATIVE SERVICE OF
                                )      SUBPOENA [28]
12         Defendant.           )
                                )
13 ─────────────────────────────
                        TRANSCRIPT OF PROCEEDINGS
14           BEFORE THE HONORABLE STACEY G.C. JERNIGAN,
                    UNITED STATES BANKRUPTCY JUDGE.
15
   WEBEX APPEARANCES:
16
   For Plaintiff UBS            Andrew Clubok
17 Securities, LLC:             LATHAM & WATKINS, LLP
                                555 Eleventh Street, NW,
18                                Suite 1000
                                Washington, DC  20004
19                              (202) 637-2200

20 For Plaintiff UBS            Kathryn K. George
   Securities, LLC:             LATHAM & WATKINS, LLP
21                              330 North Wabash Avenue,
                                  Suite 2800
22                              Chicago, IL  60611
                                (312) 876-6567
23

24

25
```

UBSMTC351

```
 1   APPEARANCES, cont'd.:

 2   For James Dondero,         Clay M. Taylor
     Movant:                    John Y. Bonds, III
 3                              Will Howell
                                BONDS ELLIS EPPICH SCHAFER
 4                                JONES, LLP
                                420 Throckmorton Street,
 5                                Suite 1000
                                Fort Worth, TX  76102
 6                              (817) 405-6900

 7   For the Debtor:            John A. Morris
                                Gregory V. Demo
 8                              PACHULSKI STANG ZIEHL & JONES, LLP
                                780 Third Avenue, 34th Floor
 9                              New York, NY  10017-2024
                                (212) 561-7700
10
     For the Official Committee Matthew A. Clemente
11   of Unsecured Creditors:    SIDLEY AUSTIN, LLP
                                One South Dearborn Street
12                              Chicago, IL  60603
                                (312) 853-7539
13
     For the U.S. Trustee:      Lisa L. Lambert
14                              OFFICE OF THE UNITED STATES
                                  TRUSTEE
15                              1100 Commerce Street, Room 976
                                Dallas, TX  75242
16                              (214) 767-8967

17   Recorded by:               Michael F. Edmond, Sr.
                                UNITED STATES BANKRUPTCY COURT
18                              1100 Commerce Street, 12th Floor
                                Dallas, TX  75242
19                              (214) 753-2062

20   Transcribed by:            Kathy Rehling
                                311 Paradise Cove
21                              Shady Shores, TX  76208
                                (972) 786-3063
22

23

24
          Proceedings recorded by electronic sound recording;
25           transcript produced by transcription service.
```

UBSMTC352

1          DALLAS, TEXAS - APRIL 28, 2021 - 1:34 P.M.

2          THE COURT:  We have a setting in Highland.  Actually,
3  UBS versus Highland, Adversary 21-3020.  Let's get appearances
4  first.  I'll start with the Plaintiff, UBS.  Do we have Mr.
5  Clubok and your team appearing today?

6          MR. CLUBOK:  Good afternoon, Your Honor.  Andrew
7  Clubok from Latham & Watkins on behalf of UBS.  And I'm joined
8  with -- I'm joined by Kathryn George, also with Latham &
9  Watkins, will be arguing today's motions.

10         MS. GEORGE:  Good morning, Your Honor.

11         THE COURT:  Okay.  I heard Ms. George, and did you
12  say someone else?

13         MR. CLUBOK:  Just Kathryn George.

14         THE COURT:  Oh, Kathryn George?  All right.  Thank
15  you.

16     All right.  For the Defendant, Highland, do we have an
17  appearance today?

18         MR. MORRIS:  Yes, Your Honor, it's -- good afternoon.
19  It's John Morris from Pachulski Stang Ziehl & Jones.  With me
20  is my colleague Gregory Demo.  And we're here today on behalf
21  of the Debtor, although I'm not sure that these motions are
22  directed towards us *per se*.

23         THE COURT:  Okay.  Thank you.

24     All right.  Now, the Movant on a couple of these motions,
25  Mr. Dondero.  Mr. Taylor, are you appearing for Mr. Dondero

UBSMTC353

1  could argue for a long time about that, and you all have, in
2  the pleadings, argued quite a bit.
3      But I'm looking at the docket, and the summons and
4  complaint it shows were served on the party, Highland, let's
5  see, this was filed April 5th, and it shows service occurred
6  on April 1st.  So, assuming Rule -- the early Rule 34
7  provision of Rule 26 applies here, we're now at more than 21
8  days after summons.  Now, I know you say -- okay.  If this
9  rules applies like you say, April 22nd, I guess, would have
10 been the very first day that the subpoenas could have been
11 served on Mr. Dondero.
12         MR. TAYLOR:  Correct.  Had a Rule --
13         THE COURT:  We're at April 28th now.  I mean, why are
14 we arguing about this, is what I'm asking, from a pragmatic
15 standpoint.
16         MR. TAYLOR:  Well, Your Honor brings up an
17 interesting point.  First of all, let me state that to the
18 extent early discovery had been requested, then, yes, it would
19 be April 22nd.  But no such motion was brought, first of all.
20     Second of all, and this is -- this is what to me is a
21 little bit mind-boggling, Your Honor.  It is -- we think it
22 appears to be clear that the ultimate target of this
23 litigation is other than the Defendant.  The Defendant and the
24 Plaintiff have a motion before this Court in the main
25 bankruptcy case to settle all the claims amongst themselves.

1   And so the Defendant is not truly a target defendant here.
2   What is being done is a true assault on fundamental due
3   process rights of third parties.  There's not a plaintiff-
4   versus-defendant that are adversarial to each other.  Instead,
5   they are acting in concert to try to get some sort of material
6   from my client to prove their ultimate case against him.  And
7   what -- are they going to try to implead him in this case, if
8   we don't intervene as a matter of right?  I don't know.  Are
9   they going to try to use some sort of finding made in this
10  Court, in this friendly litigation, to then go use that
11  finding in a subsequent proceeding?  Again, I don't know.  But
12  the fact that we are apparently some sort of a target of this
13  litigation, and being asked to sit for depositions and produce
14  documents for it, but they won't show us the complaint, to me
15  is just -- it truly blows my mind that --
16              THE COURT:  So, what we're really, really focusing on
17  today is the sealing motion, right?  I mean, I guess that's
18  what I felt like coming in.  This is all getting to whether
19  this thing should be unsealed.  Because we're more than 21
20  days --
21              MR. TAYLOR:  Correct.
22              THE COURT:  -- out.  You know, it seems like --
23              MR. TAYLOR:  I totally agree that --
24              THE COURT:  -- your motion is kind of now not moot,
25  but, you know, it has less of a punch to it now that we're

1  farther out.
2      And the alternative service motion of UBS seems like it's
3  going to be a no-brainer if they really convince me that Mr.
4  Dondero -- you know, service was attempted on him 31 times and
5  he somehow was always unavailable.  What we're really going to
6  fight about today is the sealing aspect of this adversary; --
7          MR. TAYLOR:  Well, --
8          THE COURT:  -- yes or no?
9          MR. TAYLOR:  I one hundred percent agree, but the
10 sealing then flows to the motion for protective order.  To ask
11 my client to produce documents when he hasn't seen the very
12 complaint about which he seems to be the target, and whether
13 he then gets a chance or should be -- move to intervene as a
14 matter of right or as a matter of discretion, before he has a
15 chance to review that, make an informed decision about that,
16 in my mind, and we believe the case law supports, that a third
17 party's rights should not be prejudiced and he shouldn't have
18 to produce discovery that could potentially be used against
19 him, sit for depositions that could potentially be used
20 against him.  The timing is just still off until we see what
21 we're talking about and have a true, legitimate chance, which,
22 generally speaking, would be 21 days after it is served, and
23 in my mind that equates to after it is unsealed.  At that
24 point, maybe then discovery is appropriate.  But it's just not
25 at this point.

UBSMTC356

1    They've attempted to use a secret court filing.  That is
2 just anathema to everything that our public system of justice
3 stands for, is to have secret proceedings.  Proceedings are
4 supposed to be true and open.  If there's highly secret and
5 confidential information, generally, they are filed and --
6 under seal and redacted, just those sensitive confidential
7 information.
8    And apparently whatever is sensitive and confidential has
9 something to do with my client and transactions that he may
10 have done and they say that were wrongful.  Well, if he
11 already has knowledge about them, what's the sensitive
12 confidential information that we're discussing?  Again, I
13 don't know because I haven't seen the complaint.
14    So, I agree with Your Honor.  The motion to seal does kind
15 of -- it's the driver here.  But then that feeds into the
16 relief that we think that this Court should afford itself,
17 should afford us, after the unsealing.
18    As far as the alternative service, I was not authorized to
19 accept service.  And why would I, for a suit that we don't
20 know anything about?  And, you know, they tried to serve him.
21 Yeah, he was unavailable.  But they shouldn't have been trying
22 to serve him anyway with this discovery about this secret star
23 chamber-like suit.
24    And so I hate to be so forthright about it, but it just
25 truly shocks the conscience a little bit, that that is what is

1  trying to be done here.
2          THE COURT:  You know, I will say I tend to agree with
3  most of what you're saying.  I am a judge who likes
4  transparency.  I don't like to seal things.  But let me play
5  devil's advocate.  You all have a pretty good clue what the
6  lawsuit is about.  I mean, you can tell from the publicly-
7  available docket that it's seeking injunctive relief.  And if
8  I understood --
9          MR. TAYLOR:  We don't know against whom, though, Your
10 Honor.
11         THE COURT:  And if I understood what I read
12 correctly, preservation notices were sent that looked pretty
13 detailed as far as what was going on here.
14   So, you know, I think this kind of cuts both ways.  It
15 cuts into your argument.  It's probably going to cut into Mr.
16 -- or I keep wanting to say Mr. Clubok.  I'm sorry.
17         MR. CLUBOK:  Ms. George, Your Honor.
18         THE COURT:  Ms. George.  It probably cuts into her
19 argument, too.
20   I mean, it feels like the cat's out of the bag here.  I
21 cannot believe that you and your client really have no clue
22 what this is about.  And given that, I'm really not sure why
23 we need to seal it.  But just if you can respond to that.  Is
24 it a little disingenuous to say you have no idea what this
25 lawsuit is about?  Your client has no idea?

UBSMTC358

1    It's at Docket No. 59 in the adversary proceeding
2 concerning the injunctive relief.  The preliminary injunction
3 was entered on January 12, 2021.  And Paragraph 6 provides,
4 "James Dondero is ordered to attend all future hearings in
5 this Bankruptcy Court by WebEx or whatever other video
6 platform is utilized by the Court unless otherwise ordered by
7 the Court."
8            THE COURT:  Okay.
9            MR. MORRIS:  There's no exceptions.  It's --
10           THE COURT:  All right.
11           MR. MORRIS:  And I would -- yeah.  I'll just leave it
12 at that.
13           THE COURT:  It's even a little broader than I
14 remembered.  It didn't narrow in on if he's taking a position.
15 So that, you know, he's violated a court order today.  But,
16 anyway, I'm sure you will communicate to him that he needs to
17 participate in the future.  Okay?  And I guess I'm going to
18 have to play teacher and call roll and make sure he's out
19 there right at the beginning of every hearing.
20           MR. TAYLOR:  Your Honor, I'll make sure of that.  And
21 to the extent, if that was my fault, of course, I wasn't
22 involved with this case when -- when Your Honor made those
23 rulings.
24           THE COURT:  Okay.
25           MR. TAYLOR:  As you know, I only recently came into

1  this case, just merely it was supposed to be just for purposes
2  of confirmation.
3             THE COURT:  Okay.
4             MR. TAYLOR:  And the circumstances have --
5             THE COURT:  Well, if --
6             MR. TAYLOR:  -- developed.
7             THE COURT:  If it sets your mind at ease, I'm not
8  going to an issue a show cause order this afternoon to hold
9  him in contempt of court for not being on today's WebEx.  I've
10 already got enough contempt motions in front of me in this
11 case, and I don't want to add to it with this.  Okay?
12     But let me get to the matters before me.  You know, I --
13 the word "silly" was used at some point by someone, and, you
14 know, I always cringe a little.  I was tempted to come out
15 here and say, this is silly.  You know, he's dodging service.
16 And by the way, the cat's out of the bag.  Surely he knows
17 what this lawsuit is about.  I was tempted to use that word
18 myself.  But I wanted to make sure Mr. Dondero knows and
19 everyone knows, I mean, this is serious stuff.  I read the
20 complaint, obviously.  I've read the motion for the TRO and
21 attachments.  It's serious stuff.  And you know, have no doubt
22 about that.
23     But it is a complaint of UBS against Highland.  Mr.
24 Dondero is not a defendant.  None of the various entities that
25 we've talked about in so many hearings, in so many contexts,

1  under the Highland umbrella, none of them are defendants in
2  this lawsuit.  There may be other lawsuits that mushroom and
3  involve some of them regarding some of what is alleged in the
4  complaint.  But at this point, it's UBS against Debtor.
5     And yes, I understand describing it as friendly litigation
6  when, right at the beginning, Highland agrees to a TRO.  But
7  gosh, isn't this case full of irony, among other things?  You
8  know, I don't know that I've ever seen two parties fight each
9  other as hard as Highland and UBS as we've seen in this case.
10 And they went to mediation.  No go.  Didn't settle.  We had a
11 long estimation hearing.  We've had appeals.  You know, it's
12 -- I find it a little of a stretch to think of this as
13 friendly litigation.  It's cooperation at this point, is what
14 I would call it, and we'll see what happens.  But, again, I
15 just stress for the record that Mr. Dondero is not a party,
16 nor is any other entity in the Highland umbrella, other than
17 the Debtor Highland itself.
18    Now, having said that, I do not take sealing lightly at
19 all.  I'm trying to think -- well, it's not very often that
20 I've been asked to seal an adversary proceeding.  It happens,
21 but I don't take it lightly, because I am, like I think any
22 judge, sensitive to transparency, to Bankruptcy Code Section
23 107, and allowing all parties in interest in a bankruptcy case
24 to know what's going on.  But there are times when there is
25 sensitive commercial information, potentially scandalous,

1  defamatory matter.  You know the examples in 107 and the case
2  law.  There are situations where at least temporary sealing is
3  warranted.  And I decided, after spending a half a day at my
4  desk looking through this one, that it was appropriate, at
5  least for now.
6      And I don't even think, the way UBS worded it -- well, I
7  know they worded it in an open way, where, you know, for now.
8  I'm thinking you said until a hearing on the preliminary
9  injunction, maybe.  Am I right, Mr. Clubok or Ms. George?
10           MS. GEORGE:  That's correct, Your Honor.
11           THE COURT:  Yes.
12           MS. GEORGE:  Your Honor, that's correct.  It's just
13 sealing until the preliminary injunction hearing.
14           THE COURT:  Yes.  So, you know, that's a big deal,
15 right?  That's a big factor, that we're talking about a finite
16 period of time.  And, again, I spent a half a day at my desk
17 looking at this, and was convinced there are valid concerns in
18 keeping this sealed for a finite period of time.
19     So, what I'm going to do is grant in part Mr. Dondero's
20 motion, and I'm going to do it the way I suggested earlier.
21 He shall be allowed to see the complaint.  Okay?  He can see
22 the complaint.  And at this point, it can only be shared with
23 him and Bonds Ellis.  Okay?  So that's the ruling for now.
24 Okay?  We're talking about a finite period of time.  So I'm
25 not persuaded that his fiduciary duties make this intolerable

1   or he needs more lawyers than Bonds Ellis.  I mean, this is
2   the ruling for now.  I think it strikes a fair balance.
3       So he gets to see the complaint and Bonds Ellis gets to
4   see the complaint, but protective order is in place so that
5   they are restricted from sharing or discussing the contents
6   with anyone else.
7       So, my further ruling is that the alternative service of
8   the subpoenas on Mr. Dondero is approved.  Again, mailing to
9   Mr. -- regular mail to Mr. Dondero is fine, and email to Mr.
10  Taylor is fine.
11      And I can't remember, I mean, it's not an onerous list of
12  documents sought, right?  I've got to pull this up again.  It
13  was how many categories of documents?
14          MR. TAYLOR:  Sorry, I'm turning there right now, Your
15  Honor.
16         (Pause.)
17          THE COURT:  It didn't occur to me that more than
18  seven days was needed.
19          MS. GEORGE:  It's twelve categories of documents,
20  Your Honor.
21          THE COURT:  Okay.  Show me again the docket number
22  or tell me the docket number that it appears at.
23          MS. GEORGE:  Certainly.  It's Docket 23.
24          THE COURT:  Okay.  There it is.
25          MS. GEORGE:  And it's Page -- yeah, Page 27 of that

1  It's just our trial docket call to hear if everyone is trial-
2  ready.  All right?  So, I think we can do that.
3          MS. GEORGE:  We will absolutely take a break, Your
4  Honor, if that's scheduled for that day.
5          THE COURT:  Okay.  All right.  Ms. George, can I
6  depend on you to upload forms of order that reflect the
7  Court's ruling?
8          MS. GEORGE:  Yes.  We'd be more than happy to.  Thank
9  you, Your Honor.
10         THE COURT:  All right.  Thank you.  We stand
11 adjourned.
12         THE CLERK:  All rise.
13     (Proceedings concluded at 2:39 p.m.)
14                         --oOo--
15
16
17
18
19                        CERTIFICATE
20   I certify that the foregoing is a correct transcript from
   the electronic sound recording of the proceedings in the
21 above-entitled matter.
22  **/s/ Kathy Rehling                                 04/29/2021**
23 _____        _____
   Kathy Rehling, CETD-444                             Date
24 Certified Electronic Court Transcriber
25

42

INDEX

PROCEEDINGS                                                    3

WITNESSES

-none-

EXHIBITS

UBS Securities' Exhibits, Docket Entries 30 and 37   Received 6

James Dondero's Exhibits, Docket Entry 34            Received 6

RULINGS                                                       37

    Motion for Protective Order filed by James Dondero (23)

    James Dondero's Motion to Modify Order Granting Leave to File Under Seal (24)

    Plaintiffs' Motion for an Order Authorizing Alternative Service of Subpoena (28)

END OF PROCEEDINGS                                            41

INDEX                                                         42

UBSMTC365