**ROSS & SMITH, PC**
Judith W. Ross
State Bar No. 21010670
Frances A. Smith
State Bar No. 24033084
Eric Soderlund
State Bar No. 24037525
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email: judith.ross@judithwross.com
       frances.smith@judithwross.com
       eric.soderlund@judithwross.com

*Counsel for Mary Kathryn Lucas (neé Irving), John Paul Sevilla, Scott Ellington, Isaac Leventon, and Matthew DiOrio*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| UBS SECURITIES LLC AND UBS AG LONDON BRANCH,<br><br>Plaintiffs,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Defendant. | Adversary Proceeding<br><br>No. 21-03020-sgj |

## OBJECTION OF FORMER EMPLOYEES
## TO REQUEST FOR EXPEDITED HEARING

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

Mary Kathryn Lucas (neé Irving), Jean Paul Sevilla, Scott Ellington, Isaac Leventon, and Matthew DiOrio (collectively, the nonparty "**Former Employees**"), former employees of the Defendant Highland Capital Management, L.P. (the "**Debtor**"), respectfully file this objection to the amended request for expedited hearing filed by Plaintiffs UBS Securities LLC and UBS AG London Branch (collectively, "**UBS**") (Adv. Docket No. 79) (the "**Motion to Expedite**"), and in support show as follows:

### I.    OBJECTION

1. UBS seeks discovery from five individual non-debtors (including one who is currently on maternity leave with twins), none of whom is a party to this lawsuit. The Former Employees oppose this unduly burdensome, unnecessary, and abusive discovery for which there is no legitimate basis. *See* Motion to Quash (Adv. Docket No. 70). UBS identifies no exigent circumstances that would necessitate expediting consideration of UBS's motion to compel or the Motion to Quash.

2. The Court should not allow UBS (with the Debtor's silent complicity) to abuse and manipulate the bankruptcy process. No live controversy between UBS and the Debtor exists. In this decidedly non-adversarial "adversary" proceeding, UBS merely seeks to make permanent the temporary relief it has already obtained in the form of a TRO that the Debtor agreed to and which is not expiring. That UBS and the Debtor historically have been in a mutually antagonistic posture does not alter this analysis: no matter how UBS and the Debtor dress it up, this proceeding is party-friendly litigation for which third-party discovery is neither essential nor appropriate. As explained in detail in the Motion to Quash, any discovery UBS seeks is duplicative, cumulative, and unnecessary for the Court's determination on the relief UBS seeks in the Complaint.

3. UBS is improperly abusing the bankruptcy process and attempting to manipulate the Court into intervening in a controversy over which the Court has no jurisdiction. UBS seeks pre-litigation discovery against non-debtor non-parties in pursuit of potential claims against them, not because these non-debtor non-parties have any unique and relevant information ***bearing on the outcome of this adversary proceeding***.

4. The Court's guidelines for emergency or expedited hearings are clear: "Out of respect for the court's time and other parties who need court time, and out of consideration for due process, parties should be thoughtful about whether their matters are genuine emergencies. Requests should specifically state why the relief sought is urgent and cannot wait the required notice period." Judge-Specific Guidelines, *available at* https://www.txnb.uscourts.gov/content/judge-stacey-g-c-jernigan#emergency%20requests. Additionally, "[m]otions for expedited hearings will only be granted under emergency or exigent circumstances." General Order Regarding Procedures for Chapter 11 Complex Cases, *available at* https://www.txnb.uscourts.gov/sites/txnb/files/basic/2006-02rev2.pdf.

5. No "emergency or exigent circumstances" are present here. UBS has not articulated any such circumstances because there are none. In the Motion to Expedite UBS fails to articulate any exigent circumstances to justify a shortening of the standard notice period, and UBS submits no evidence in support of the Motion to Expedite. UBS's only argument is that it "needs to complete necessary discovery as soon as possible so that it can request a hearing date from this Court regarding its request for injunctive relief." Mot. to Expedite at 3, ¶ 4. Contrary to this naked assertion, there are no exigent circumstances supporting an expedited hearing, as is evident from the following facts:

- On March 31, 2021, the Court granted UBS's motion to file the complaint that initiated the above-captioned adversary proceeding under seal. The Debtor (the lone

defendant) had until May 3, 2021 to file its answer. But UBS granted the Debtor an extension—***all the way to June 2, 2021***—to file an answer. *See* Stipulation (Adv. Docket No. 52). No hearing can be held until after the Debtor answers the Complaint. If UBS *really* needed a hearing on an accelerated timetable, it would not have agreed to allow the Debtor *double* the amount of time to answer the Complaint. UBS appears to be playing games—it simply does not want the Debtor to formally inform the Court that it consents to the relief sought until after UBS has used the friendly proceeding to extract discovery from the non-party Former Employees.

- On April 9, 2021, the Court entered a TRO in favor of UBS (which the Debtor agreed to allow ***to stay in place indefinitely*** until the Court reaches a decision on the only relief sought in the Complaint (i.e., making the TRO permanent).

- UBS purportedly needs the discovery as evidence for the preliminary injunction hearing, but—as a result of UBS's own actions—there is no hearing set in which the discovered information will be used (or is needed); accordingly, ***there is no deadline*** against which UBS must rush to obtain the information.

- There is ***no live controversy*** between the two parties to the Complaint. UBS and the Debtor have reached a global settlement of all disputes between them—a settlement that includes the Debtor's agreement to cooperate in pursuing potential claims against non-debtor entities. (Main Case Docket No. 2199). Thus, there is no reason the Court cannot enter an order granting the relief UBS seeks in the Complaint, which, of course, would obviate any need for discovery or for a hearing on the competing motions. Simply put, the settlement agreement moots both the Motion to Quash and UBS's motion to compel (Adv. Docket No. 74) (the "**Motion to Compel**").

- UBS's own ***substantial delay in filing the motion to compel*** is evidence of the lack of exigent circumstances. Counsel for UBS informed counsel for the Former Employees shortly after 9:00 a.m. Central time on Wednesday morning ***May 12, 2021*** that they intended to file a motion to compel production of documents and the deposition testimony of all five Former Employees. Counsel engaged in a meet-and-confer that same day, and counsel for the Former Employees informed counsel for UBS that by the end of the upcoming weekend, the Former Employees would make a decision on whether to file a motion to quash the subpoenas. Late Saturday afternoon (May 15, 2021), the Former Employees filed the Motion to Quash, which the Court has set for hearing on July 29, 2021. UBS then ***waited five full days*** before filing its motion to compel.

6. Departures from the established notice provisions under the federal rules should not be undertaken capriciously, as UBS urges. The procedural rules are not mere window dressing—they are the safeguards of fundamental substantive rights, most importantly due process. "An

elementary and fundamental requirement of due process . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314 (1950). It is vital that courts shorten notice only in truly exigent circumstances clearly established with competent evidence. Indeed, "when notice is a person's due, process which is a mere gesture is not due process" at all. *Id.*

7. The Tenth Circuit Bankruptcy Appellate Panel has applied *Mullane* in the context of a request to shorten time for a hearing on a motion in a bankruptcy case. *See S. Willow Creek Farm v. S. Willow Creek, L.L.C. (In re S. Willow Creek Farm)*, 1999 Bank. Lexis 1579, at *9 (B.A.P. 10th Cir. Dec. 20, 1999). In that case, a bankruptcy court granted a motion for hearing on shortened notice on the movant's mere allegation that time was of the essence. The Bankruptcy Appellate Panel likened a request to shorten the notice period on a motion "to a temporary restraining order in that it often operates *ex parte* and affects the absent party's rights to a significant degree." *Id.* The panel concluded that "for a reduction, especially one of this drastic nature, the moving party must provide evidence in its motion that if the motion is not granted there is a danger of irreparable harm or clear prejudice to the moving party. Before the motion may be granted, the court must make specific findings based on facts in the record." *Id. See also In re Bankwest Boulder Indus. Bank,* 82 B.R. 559 (Bankr. D. Colo. 1988) (explaining that "limiting or restricting notice is to be sparingly used" and "[a]dministrative convenience is not grounds to abbreviate notice.').

8. Here, UBS has provided no evidence in the Motion to Expedite of irreparable harm or clear prejudice if its Motion to Compel is not heard on an expedited basis. And there is no justification for denying the Former Employees their due-process rights merely because UBS self-

proclaims the presence of such exigencies. Indeed, UBS recognizes that it cannot seek discovery once the Court grants the relief sought in the Complaint. This is the real reason UBS is so eager to have the Court intervene swiftly on its behalf to compel compliance with its subpoenas—not because any of the discovery it seeks is needed for the Court to rule on the relief sought in the Complaint. If the Court acts to turn the extant TRO into first a preliminary and then a permanent injunction (the *only* relief sought in the Complaint), UBS knows it would then have to follow proper procedures in a court of competent jurisdiction rather than this Court, which (if it is not already) will soon be deprived of jurisdiction. UBS does not want to wage its scorched-earth litigation campaign against the non-debtor, non-party targets from whom it seeks discovery under the appropriate state or federal rules of civil procedure. This is why UBS granted the extension on the Debtor's answer deadline and why UBS is rushing to take discovery from the Former Employees. The Court should not reward UBS for such gamesmanship by granting its request for an expedited hearing where no exigent circumstances warrant it.

9. At a minimum, the Court should not set a hearing *before June 2, 2021*, the date on which the Debtor must file its answer to the Complaint. As stated in the Motion to Quash, UBS has admitted that the Debtor is not opposed to the relief sought in the Complaint. Separately, the Debtor has failed to respond to the Former Employees' inquiry as to whether or not the Debtor is opposed to any relief sought by UBS. At least by filing its answer, the Debtor will have to take a formal position as to whether there is actually a case or controversy, or whether it entirely agrees with UBS. The Court should wait until such answer is filed to determine if UBS actually has an adversary in this proceeding.

10. Setting a hearing *after June 2, 2021* also would give the Former Employees an opportunity to digest the 29-page brief and 349 pages of exhibits UBS filed with its 12-page motion

to compel and to file an appropriate response. The Former Employees should be afforded at least as much time to respond to the Motion to Compel as UBS took to respond to the Former Employees' Motion to Quash.

## II. CONCLUSION

11. The Former Employees respectfully request that this Court sustain this Objection and deny UBS's request for expedited hearing on the motions. To the extent the Court does grant UBS's request for an expedited hearing despite there being no evidence of exigent circumstances that would warrant a departure from the federal rules, the Former Employees respectfully ask that the Motion to Quash be re-set to be heard simultaneously with the Motion to Compel and that the motions not be heard until after the Debtor has filed its answer to the Complaint.

Dated: May 23, 2021

Respectfully submitted,

*/s/ Eric Soderlund*
**ROSS & SMITH, PC**
Judith W. Ross
State Bar No. 21010670
Frances A. Smith
State Bar No. 24033084
Eric Soderlund
State Bar No. 24037525
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email: judith.ross@judithwross.com
frances.smith@judithwross.com
eric.soderlund@judithwross.com

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of May 2021, a true and correct copy of the foregoing was served via ECF-Electronic Notice on all parties receiving ECF-Notice in this case.

><br>
>*/s/  Eric Soderlund*<br>
>Eric Soderlund