EXHIBIT
21

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Robert J. Feinstein (NY Bar No. 1767805) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re § | | Chapter 11 |
| § | | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § | | Case No. 19-34054-SGJ11 |
| § | | |
| Debtor. § | | |
| § | | |
| UBS SECURITIES LLC AND UBS AG § LONDON BRANCH, § | | Adversary Proceeding |
| § | | No. 21-03020-sgj |
| Plaintiffs, § | | |
| § | | |
| vs. § | | |
| § | | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § | | |
| § | | |
| Defendant. § | | |
| § | | |

**DEFENDANT'S ANSWER TO COMPLAINT**

The above-captioned debtor and debtor-in-possession (the "Debtor" or "Highland"), the defendant in the above-captioned adversary proceeding, as and for its answer to the complaint (the "Complaint") of UBS Securities LLC and UBS AG London Branch (collectively, "UBS"), alleges upon knowledge with respect to itself and upon information and belief as to all other matters as follows.

1. Admits the allegations of the third sentence of paragraph 1 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first, second, and fourth sentences of paragraph 1 of the Complaint.

2. Admits the allegations of the first sentence of paragraph 2 of the Complaint and so much of the second sentence of paragraph 2 of the Complaint that alleges that in March 2017, the N.Y. State Court denied motions for summary judgment filed by Highland and the Funds, and denies the remaining allegations of paragraph 2 of the Complaint.

3. Admits so much of the allegations of the first sentence of paragraph 3 of the Complaint as alleges that the Independent Board informed UBS that it recently discovered that, at least as of August 2017, Highland transferred assets to Sentinel, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the first sentence of paragraph 1 of the Complaint. Admits the allegations in the second sentence of paragraph 3 of the Complaint.

4. Admits, upon information and belief, so much of the first sentence of paragraph 4 as alleges that Highland and the Funds, acting through Dondero, Ellington, Leventon, Sevilla, DiOrio, and other Highland employees, transferred assets pursuant to a so-called Purchase Agreement, purportedly to satisfy a $25,000,000 premium on a $100,000,000 legal-liability insurance policy issued by Sentinel. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 4 of the Complaint, and

respectfully refers to the Insurance Policy for the true and correct terms thereof. Denies the allegations of the second sentence of paragraph 4 of the Complaint except admits that the Debtor did not disclose the Insurance Policy to UBS until it became aware of the existence of same in or about early February 2021. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the third and fourth sentences of paragraph 4 of the Complaint and avers that its investigation of the relevant facts and circumstances is ongoing.

5. Admits the allegations of the first and second sentences of paragraph 5 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations of the third, fourth, and fifth sentences of paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, except admits that UBS commenced this instant adversary proceeding, and respectfully refers the Court to the Complaint and UBS's motion for injunctive relief for the true and correct contents thereof.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 7 of the Complaint, except admits, upon information and belief, that the Sentinel Redemption and the CDO Fund Assets were among the assets transferred to Sentinel. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 7 of the Complaint, except admits that a settlement with Multi-Strat was entered into with UBS in May 2020 and respectfully refers the Court to the settlement agreement for the true and correct terms thereof. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the third, fourth, and fifth sentences of paragraph 7 of the Complaint.

8. Paragraph 8 states a conclusion of law as to which no response is required.

9. Paragraph 9 states a conclusion of law as to which no response is required.

10. Paragraph 10 states a conclusion of law as to which no response is required.

11. Paragraph 11 states a conclusion of law as to which no response is required.

12. Admits the allegations contained in paragraph 12 of the Complaint.

13. Admits the allegations contained in paragraph 13 of the Complaint.

14. Admits the allegations contained in paragraph 14 of the Complaint.

15. Admits the allegations contained in paragraph 15 of the Complaint.

16. Admits the allegations contained in paragraph 16 of the Complaint.

17. Admits the allegations contained in paragraph 17 of the Complaint.

18. Admits the allegations contained in paragraph 18 of the Complaint.

19. Admits the allegations contained in paragraph 19 of the Complaint.

20. Admits the allegations contained in paragraph 20 of the Complaint.

21. Admits the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in the first three sentences of paragraph 22 of the Complaint, except admits that UBS filed the UBS Litigation in February 2009 and a second action against Highland and amended its complaint in the UBS Litigation, and respectively refers the Court to the pleadings filed by UBS for the true and correct terms thereof. Admits the allegations contained in the fourth sentence of paragraph 22 of the Complaint.

23. Admits the allegations contained in paragraph 23 of the Complaint.

24. Admits the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in the first, second, third, and fourth sentences of paragraph 25 of the Complaint, except admits that, on or about June 26, 2020, UBS filed proofs of claim, and respectively refers the Court to the proofs of claim for the true and correct contents thereof. Denies knowledge or information sufficient to form a belief as to the allegations contained in the fifth sentence of paragraph 25 of the Complaint.

26. Admits the allegations contained in paragraph 26 of the Complaint.

27. Admits the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint, except admits in reliance upon information provided by then in-house counsel to the Independent Board and outside counsel advised UBS that the Funds and HFP had assets worth about $10 million, that other assets had been disbursed in the past including to pay legal expenses associated with the UBS Litigation, and that Multi-Strat's economic ownership was held predominantly by former third-party limited partners.

29. Denies the allegations contained in the first three sentences of paragraph 29 of the Complaint, except admits that after a hearing to address both the Debtor's partial summary judgment motion and UBS's 3018 Motion, the Court rendered rulings thereon and respectfully refers the Court to the Court's orders disposing of such motions and the transcript of the proceedings for the true and correct contents thereof, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of paragraph 29 of the Complaint, except admits that the Debtor's former employees and agents withheld relevant factual information evidence from the Independent Board and the Debtor's outside counsel, including by lying to them about these matters.

30. Admits the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint, except admits that documents shared by the Independent Board with UBS evidenced the purported sale of the Transferred Assets to Sentinel and refers the Court to such documents for the true and correct contents thereof.

32. Admits, upon information and belief, the allegations contained in the first sentence of paragraph 32 of the Complaint and denies knowledge or information sufficient to form a belief

as to the truth of the allegations contained in the second sentence of paragraph 32 and refers the Court to the Insurance Policy for the true and correct terms thereof.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 34 of the Complaint, except admits, upon information and belief, that Dondero, Ellington, Leventon, Sevilla, and DiOrio were involved in the alleged Fraudulent Transfers and that DiOrio was one of three directors of Sentinel when the Complaint was filed.

35. Denies the allegations contained in the first sentence of paragraph 35 of the Complaint and avers that the Debtor informed UBS of the existence of the Insurance Policy, the Purchase Agreement, and the Transferred Assets promptly upon discovering their existence. Admits the allegations contained in the second sentence of paragraph 35 of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 35 of the Complaint, except admits that the Independent Board uncovered documentation about the alleged Fraudulent Transfers which it supplied to UBS. Admits the allegations contained in the fourth sentence of paragraph 35 of the Complaint.

36. Admits the allegations contained in paragraph 36 of the Complaint and avers that the Independent Board's investigation of the relevant facts is ongoing.

37. Denies the allegations contained in paragraph 37 of the Complaint, except admits that after the relevant facts regarding the Transferred Assets came to light, UBS continued to work with the Debtor on the Settlement, and the parties reached agreement on revised terms set forth in a definitive Settlement Agreement that was presented to the Bankruptcy Court and approved at the conclusion of a hearing held on May 21, 2021.

38. Denies the allegations contained in paragraph 38 of the Complaint and respectfully refers the Court to the definitive Settlement Agreement for the true and correct terms thereof.

39. Paragraph 39 of the Complaint states conclusions of law as to which no response is required.

40. Admits, upon information and belief, the allegations contained in the first and second sentences of paragraph 40 of the Complaint and denies the third sentence of paragraph 40 to the extent it alleges that the Debtor directly owns 100% of Multi-Strat's general partner. The fourth sentence states a conclusion of law as to which no response is required.

41. Admits the allegations contained in paragraph 41 of the Complaint.

42. Admits the allegations contained in the first sentence of paragraph 42 and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 42. The third and fourth sentences of paragraph 42 state legal conclusions as to which no response is required.

43. In response to paragraph 43 of the Complaint, repeats and realleges its responses to paragraphs 1 through 42 as though fully set forth herein.

44. Admits the allegations contained in paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint states a conclusion of law as to which no response is required.

46. Paragraph 46 of the Complaint states a conclusion of law as to which no response is required.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 48 of the Complaint. Admits the allegations

contained in the third sentence of paragraph 48 to the extent they refer to a request for a temporary or preliminary injunction.

49. Paragraph 49 of the Complaint states conclusions of law as to which no response is required.

50. Paragraph 50 of the Complaint states a conclusion of law as to which no response is required.

51. In response to paragraph 51 of the Complaint, admits that UBS has requested preliminary and permanent injunctive relief and respectfully refers the Court to UBS's pleadings for the true and correct contents thereof.

*[Remainder of Page Intentionally Blank]*

Dated: June 2, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
 rfeinstein@pszjlaw.com
 jmorris@pszjlaw.com
 gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Defendant*