Thomas C. Scannell (TX 24070559)
Katherine R. Catanese (*pro hac vice* pending)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
tscannell@foley.com
kcatanese@foley.com

*COUNSEL FOR SENTINEL REINSURANCE, LTD.*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | § | CHAPTER 11 |
| **HIGHLAND CAPITAL MANAGEMENT, LP** § | § | **CASE NO: 18-33967-BJH-11** |
| DEBTOR. § | § | (Joint Administration) |
| **UBS SECURITIES LLC AND UBS LONDON BRANCH AG**, Plaintiff, § § § | § | |
| v. § | § | **ADV. PROC. NO. 21-03020** |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.**, § Defendant. § | § | |

### FOREIGN NON-PARTY SENTINEL REINSURANCE, LTD.'S MOTION FOR PROTECTIVE ORDER

Sentinel Reinsurance, Ltd. ("Sentinel") hereby files this Motion for Protective Order ("Motion") and in support hereof respectfully states as follows:

### I. INTRODUCTION

1. Sentinel, a foreign non-party to this adversary proceeding, files this Motion to protect from production confidential and privileged documents and information held by its manager, Beecher Carlson (Cayman) LTD (the "Manager"), and the Manager's U.S. parent entity, Beecher Carlson Insurance Services LLC ("Beecher U.S.", together with the Manager,

"Beecher"), as well as to request additional time for Beecher U.S.'s compliance with a Subpoena issued by Plaintiff UBS seeking, among other things, documents held by Beecher in its capacity as Sentinel's Manager.

2. Sentinel is reviewing the documents in Beecher's possession and will be unable to complete review of same prior to the production date demanded by UBS of September 2, 2021 because Sentinel's new independent directors, who were appointed in May and June, 2021, are undergoing a review of the documents and information in the possession of the Manager (copies of which documents were received by Sentinel's new directors on August 9, 2021).

3. Once Sentinel has completed its review of the documents, it intends to allow Beecher to produce documents to UBS that UBS is legally entitled to obtain under the Subpoena. Sentinel intends to complete its review by the beginning of November, 2021, and requests that a protective order be entered allowing Beecher to forego production until Sentinel can complete its review.

4. Such a request in no way prejudices UBS and, under Fed. R. Civ. Pro. Rule 45, protects the Manager from the undue burden of having to review the documents—which contain Sentinel's business information—and determine which documents are responsive, privileged or confidential.

## II. BACKGROUND

5. Sentinel is a Class B captive insurance company incorporated in the Cayman Islands[1] and regulated by the Cayman Islands Monetary Authority.

---

[1] Sentinel has no operations within the United States or the state of Texas and reserves all of its rights to challenge jurisdiction. The filing of this Motion shall not be deemed an "appearance" for the purpose of waiving its right to challenge jurisdiction. To the extent applicable, the filing of this motion by Sentinel shall be construed and intended to be only a special appearance filed out of compulsion to keep its proprietary, privileged, and confidential information protected.

6. On August 1, 2017, Sentinel entered into a Legal Liability Insurance Policy (the "Insurance Policy") to insure certain non-U.S. based entities associated with the Debtor in the above-captioned matter, namely:

   a. Highland CDO Opportunity Master Fund, L.P. ("Master Fund"),

   b. Highland CDO Holding Company, and

   c. Highland Special Opportunities Holding Company ("HSOHC") collectively, the "Insured Parties").

7. Sentinel, as the Insurer, and the Insured Parties entered into the Insurance Policy for coverage in relation to the lawsuit filed by UBS against the Debtor, certain of the Insured Parties and other defendants captioned *UBS Securities LLC, et al. v. Highland Capital Management, L.P., et al.*, Index No. 650097/2009 (the "UBS Action"), filed in the New York Supreme Court ("New York State Court") on February 24, 2009.

8. On October 16, 2019, the Debtor filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code (the "Bankruptcy Case") in this Court.

9. On February 10, 2020, UBS obtained a judgment against the Master Fund and HSOHC, among others, in the UBS Action for just over $1 billion.

10. On March 31, 2021, UBS filed this adversary proceeding.[2]

11. On June 30, 2021, UBS served a *subpoena duces tecum* (the "Subpoena") on Beecher U.S. seeking production of documents regarding Sentinel's business.[3] *See* Beecher Subpoena, attached hereto as Exhibit 1.

---

[2] The complaint in this adversary proceeding is filed under seal and Sentinel has not seen a copy of the complaint and is not aware of the allegations contained in same and how they relate to the documents requested in the Subpoena.

[3] UBS also served a similar subpoena on Sentinel in this Court and the New York State Court in the New York State Court (the "Sentinel Subpoenas"), which it failed to serve under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"). Sentinel hereby preserves and does

12. The Manager, Beecher Carlson (Cayman) LTD, is a Cayman subsidiary of Beecher U.S., and is Sentinel's manager and, in that role, possesses certain confidential documents and information regarding Sentinel's business operations, which the Manager provided to Beecher U.S. The Subpoena seeks, among other things, production of documents held by Beecher.

13. On May 28, 2021 and June 30, 2021, Sentinel appointed new independent directors, and the former board of directors, including any representatives from Highland, resigned and are no longer associated with Sentinel. The new board of directors is still in the process of familiarizing itself with Sentinel's business and operations. Further, in accordance with their fiduciary duties, the newly appointed directors are under an obligation to ensure that, in responding to the Subpoena, there is no inadvertent disclosure or waiver of privilege and that Sentinel complies with all relevant common law and statutory duties of confidence under the laws of the Cayman Islands.

14. As part of this process, the independent directors are currently undertaking a review of approximately 61,000 documents (totaling millions of pages) which were provided by Beecher to Sentinel's external document review platform provider on August 9, 2021, and which are the subject of the Subpoena.[4]

15. Sentinel and its Manager are parties to a Management and Administrative Services Agreement, governed by Cayman law, which contains a confidentiality provision (the "Confidentiality Provision") which prohibits Beecher from producing the confidential documents

---

not waive any of its rights to argue that the Sentinel Subpoenas were improperly served and does not waive its challenge to jurisdiction of this Court.

[4] Sentinel was unable to review documents during the week of August 16, 2021 due to Tropical Storm Grace impacting the Cayman Islands, which has delayed the timeline for completion of the review.

and information if Sentinel seeks a protective order. The Confidentiality Provision provides, in relevant part:

> To the extent consistent with performances of Beecher Carlson's duties under this Agreement, Beecher Carlson and Customer agree to hold in confidence Confidential Information (defined below). . . . "Confidential Information" means all information (and all documents or other tangible items which record information, whether on paper, in computer readable format or otherwise) relating to the disclosing party's business (including without limitations, business plans, manner or doing business, business results, or prospects), proposals, recommendations, marketing plans, reports, any of which (i) at the time in question is either protectable as a trade secret or is otherwise of a confidential nature (and is known or should reasonably be known by the receiving party as being of a confidential nature); and (ii) has been made known to or otherwise learned by receiving party as a result of the relationship under this Agreement. Confidential Information will not include any information, documents, or tangible items, which (i) are a matter of general public knowledge other than as a result of a disclosure by the receiving party, (ii) are now in possession of a receiving party as evidenced by receiving party's existing written records, or (iii) are hereafter received by receiving party on a non-confidential basis from another source who is not, to receiving party's knowledge, bound by confidentiality or fiduciary obligations to disclosing party or otherwise prohibited from transmitting the same to receiving party. **In the event Beecher Carlson become legally compelled to disclose any of the Confidential Information, they shall provide the other party with prompt notice so that such party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Agreement**. In the event that such protective order or other remedy is not obtained, or that the other party waives compliance with the provisions of this Agreement, such party may disclose such information as is necessary or advisable to comply with the legal process.

(emphasis added)

16. On July 13, 2021, Beecher objected to the Subpoena, informing UBS that the documents it seeks are confidential pursuant to the Confidentiality Provision and that privileged information may also be included in the documents sought by UBS. *See* Beecher Objection Letter (the "Objection"), attached as Exhibit 2.

17. Despite Beecher's Objection and its statement to UBS that it would not produce any of Sentinel's confidential or privileged information, UBS has indicated to Beecher that it

intends to move forward with a motion to compel Beecher to produce documents pursuant to the Subpoena.

18. Because of this, Beecher has informed Sentinel that it intends to begin producing the documents to UBS on September 2, 2021, absent Sentinel seeking a protective order as set forth in the Confidentiality Provision.

19. Beecher has not confirmed to Sentinel that it will refrain from producing confidential or privileged information, nor is it clear that Beecher has the time to conduct a review for same, or has the requisite knowledge to be able to make these determinations on Sentinel's behalf.

20. In an effort to resolve this matter without court intervention, Sentinel has informed UBS on several occasions that, consistent with their fiduciary duties, its new board of directors has received the documents from Beecher, are in the process of reviewing same, need a reasonable period of time to complete the review, and then will provide the documents to Beecher to produce those documents that UBS is legally entitled to obtain in compliance with the Subpoena.

21. Sentinel has made clear to UBS, on numerous occasions, that once its review is complete, it will allow Beecher to produce the documents that UBS is legally entitled to obtain under the Subpoena. *See* correspondence with UBS's counsel, attached hereto as Exhibit 3. However, UBS has thus far refused to provide Sentinel additional time to review the documents and is requiring Beecher to immediately produce documents.

### III. RELIEF REQUESTED

22. By this Motion, Sentinel seeks a protective order barring Beecher from producing any documents in response to the Subpoena until Sentinel has completed its review of the

documents and can provide Beecher with the responsive, non-privileged documents that UBS is legally entitled to receive pursuant to the Subpoena. Sentinel believes its review will be complete on or before November 1, 2021.

23. This production schedule is reasonable and will not prejudice UBS but will allow Sentinel's new independent directors to analyze the documents and discharge their fiduciary duties under the law of the Cayman Islands, ensuring that it is producing all relevant, non-confidential and non-privileged documents for which UBS is entitled under the law.

24. Counsel for Sentinel and Beecher met and conferred by phone on August 28, 2021 regarding the Subpoena to see if there was an amicable solution without Sentinel having to resort to filing this Motion. Beecher's counsel confirmed that it intended to produce documents on a rolling basis beginning on September 2, 2021 unless Sentinel filed a motion for a protective order. Sentinel also met and conferred with UBS's counsel on August 31, 2021; however, UBS has not consented to the relief sought herein.

## IV.    ARGUMENT & AUTHORITY

25. The court may issue a protective order for "good cause" shown. Fed. R. Civ. P. 26(c)(1), made applicable through Fed. R. Bankr. R. 7026.

26. The Subpoena seeks documents which, under the Confidentiality Provision in the Management Agreement, are Sentinel's confidential business information and protected from disclosure by Beecher.[5] Accordingly, Sentinel has a "personal right and privilege or sufficient interest" in the subject matter of the Subpoena and, as such, is permitted to file this Motion. *Total Rx Care, LLC v. Great Northern Insurance Co.*, 318 F.R.D. 587, 594 (N.D. Tex. 2017) (holding

---

[5] In addition to this Motion, Sentinel will also be filing a request for a protective order in the UBS Action in New York State Court where Beecher has been served with a subpoena *duces tecum*. Beecher was also served with an information subpoena in New York, but Sentinel has consented to Beecher providing a response to the information subpoena, subject to its rights and defenses.

that a party that does not have possession or control of the materials sought in a subpoena has standing to file a motion for protective order and subpoenaed third party alleged that documents were protected by attorney client privilege.)

27. Here, Sentinel is seeking relief from compliance with the Subpoena for a mere few weeks so that it can complete its review of the documents and information held by Beecher and determine which documents are responsive and also which are privileged and confidential and exempt from disclosure.

28. Even if Beecher believes it is able to determine, on its own, which documents are responsive and not-privileged, Sentinel is still entitled to assert its own privilege. *See Hoover v. Florida Hydro, Inc.*, 2008 WL 4467661, *6 (E.D. La. Oct. 1, 2008) (requiring that production of documents on a computer owned by a third party be limited to ensure privileged documents of defendant who had used the computer to communicate with his attorney were not produced); *see also Martin v. Crestline Hotels and Resorts, Inc.*, 2020 WL 3145694 (W.D. Tex. June 12, 2020) (quashing subpoena to third party insurance company which requested confidential medical records of non-parties, because such records are privileged and could not be disclosed).

29. Further, under Fed. R. Civ. P. 45(d)(1), applicable here through Fed. R. Bankr. P. 9016, UBS is required to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Requiring Beecher to respond to the Subpoena and make a determination regarding what documents relating to Sentinel's business and operations are responsive and which are privileged or confidential imposes an undue burden on Beecher --in particular, where Sentinel has already indicated that it will review and make such decisions for Beecher prior to production.

30. Sentinel has proposed a simple and efficient solution: allow Sentinel to review the documents to determine which documents are responsive to the Subpoena, and which are privileged or confidential, and then provide those documents and a privilege log to Beecher for further production. A similar process was approved by the Court in *Bounds v. Capital Area Family Violence Intervention Center, Inc.*, 314 F.R.D. 214 (M.D. La 2016), where court entered a protective order allowing a non-party to produce documents to counsel for defendant to review of privilege, privacy, and confidentiality before producing them to plaintiff.

31. Sentinel has also agreed to complete this process on or before November 1, 2021, which is an extremely expedited timeline given the volume of production in question (61,000 documents) and that the independent directors were appointed in May and June of this year and are still analyzing the various issues raised by UBS in its extensive litigation with the Debtor and its affiliates.

32. In evaluating discovery disputes, a court must balance the interest of the party seeking discovery against the harm or prejudice to the other party. *CMedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (issuing protective order restricting disclosure of privileged documents to the attorneys and experts in involved).

33. Here, UBS has not articulated any reason why it requires the documents and information from Beecher immediately, or any prejudice that will result from allowing Sentinel to review the documents before permitting Beecher to produce them. The short delay in UBS obtaining the documents will not substantially prejudice its rights or ability to move forward with its collection efforts.

34. However, Sentinel will be significantly prejudiced if it cannot protect its interests and review documents containing its business information prior to production by Beecher.

Sentinel's request for a protective order to allow it the time to review the documents and prepare them for production is appropriate and this Court should grant the Motion.

## V. REQUEST FOR RELIEF

35. Sentinel respectfully requests that the Court grant this Motion and enter a protective order staying any production of documents by Beecher until Sentinel has completed its review of documents and provided the responsive, non-privileged documents to Beecher (to occur not later than November 1, 2021) for which UBS is legally entitled to obtain. Sentinel further respectfully requests all equitable and just relief to which it is entitled.

DATED: September 1, 2021

Respectfully submitted by:

*/s/ Thomas C. Scannell*
Thomas C. Scannell (TX 24070559)
Katherine R. Catanese (*pro hac vice* pending)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
druckman@foley.com
tscannell@foley.com

**COUNSEL FOR SENTINEL REINSURANCE, LTD.**

## CERTIFICATE OF CONFERENCE

I hereby certify that, on August 28, 2021, and August 31, 2021, after reviewing the Subpoena, Katherine R. Catanese, an attorney at Foley & Lardner LLP, conferred with both Beecher and UBS respectively. Beecher stated that it would produce documents unless Sentinel filed this Motion. No agreement could be reached with UBS at this time.

*/s/ Thomas C. Scannell*
Thomas C. Scannell

## CERTIFICATE OF SERVICE

I hereby certify that, on September 1, 2021, a true and correct copy of the foregoing document was served electronically by the Court's CM/ECF PACER system on all parties registered to receive notice in these cases, including, without limitation, the following parties:

Counsel for Debtors:
Zachery Z. Annable
Hayward PLLC
10501 N. Central Expressway
Suite 106
Dallas, TX 75231
(972) 755-7108
Fax : (972) 755-7108
Email: zannable@haywardfirm.com

Melissa S. Hayward
Hayward PLLC
10501 N. Central Expry, Ste. 106
Dallas, TX 75231
972-755-7104
Fax : 972-755-7104
Email: MHayward@HaywardFirm.com

Juliana Hoffman
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000 Dallas, TX 75201
(214) 969-3581
Fax : (214) 981-3400
Email: jhoffman@sidley.com

Paige Holden Montgomery
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000 Dallas, TX 75201
(214) 981-3300
Fax : (214) 981-3400
Email: pmontgomery@sidley.com

Counsel for UBS:

Jeffrey E. Bjork
Latham & Watkins LLP
355 S. Grand Ave., Ste. 100
Los Angeles, CA 90071
213-485-1234
Email: jeff.bjork@lw.com

Candice Marie Carson
Butler Snow LLP
2911 Turtle Creek
Suite 1400
Dallas, TX 75219
(469) 680-5505

Fax : (469) 680-5501
Email: Candice.Carson@butlersnow.com

Andrew Clubok
Latham & Watkins lLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
Fax : (202) 637-2201
Email: andrew.clubok@lw.com

Katherine George
LATHAM & WATKINS LLP
330 North Wabash Avenue, Ste. 2800
Chicago, IL 60611
Email: Kathryn.George@lw.com

Kimberly A. Posin
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
(213)485-1234
Fax : (213)891-8763
Email: kim.posin@lw.com

Zachary F. Proulx
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
212-906-1200
Email: Zachary.Proulx@lw.com

Martin A. Sosland
Butler Snow LLP
2911 Turtle Creek
Suite 1400
Dallas, TX 75219
(469) 680-5502
Fax : (469) 680-5501
Email: martin.sosland@butlersnow.com

Sarah Tomkowiak
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
202-637-2335
Fax : 202-637-2201
Email: sarah.tomkowiak@lw.com

Jamie Wine
 Latham & Watkins LLP
885 Third Ave.

New York, NY 10022-4834
Email: Jamie.Wine@lw.com

Counsel for Beecher (notice to be provided by email):

Robert T. Bowling
Brown & Brown
300 N. Beach Street
Daytona Beach, FL 32114
Email: rbowling@bbins.com

Christopher B. Weldon
Keidel, Weldon & Cunningham, LLP
925 Westchester Ave.
White Plains, New York 10604
Email: cweldon@kwcllp.com

*/s/ Thomas C. Scannell*
Thomas C. Scannell