# EXHIBIT 5

UBSPO023

| | |
|---|---|
| **From:** | Burt, Jason (DC) |
| **Sent:** | Friday, August 20, 2021 6:38 PM |
| **To:** | Catanese, Katie; Nann, Alissa M. |
| **Cc:** | Natascha.Steiner-Smith@collascrill.com; Stephen.Leontsinis@collascrill.com; TJCahill@duanemorris.com; Clubok, Andrew (DC); Tomkowiak, Sarah (DC); McMahon, Sean (NY); McCall, Danielle (DC); McLaughlin, Shannon (NY) |
| **Subject:** | RE: Sentinel |

Katie,

Thank you for your latest note. We continue to be disappointed that Sentinel refuses to work with us in good faith – we had thought last Thursday that the parties were close to agreement on a rolling production of documents and to Sentinel responding to the information subpoena. Indeed, you yourself expressed optimism about the idea of a rolling production and stated that our list of priority documents would be a helpful way to get the production rolling. Now, instead, you refuse to do either a rolling production or to prioritize any review. Moreover, you now claim that Sentinel has unilateral authority to dictate to Beecher how Beecher may respond to the document subpoena served *on Beecher*. As you well know, Sentinel has no legal right to dictate to Beecher Carlson what it can and cannot produce under the subpoena lawfully served on it. Nothing in the confidentiality agreement (or the law) gives Sentinel such power. And despite your assertions, we have endeavored in all of our correspondence to be professional while asserting our client's position. Nothing we have said or done has been hostile, or has provided any basis for Sentinel to oppose the subpoenas served on it or Beecher. To the contrary we have worked with Sentinel for over two months to come to a reasonable solution, even when the law required Sentinel to comply fully within 7 days of receipt of the information subpoena. Regrettably, these efforts have come to naught, and we understand that the parties are now at an impasse and will proceed accordingly.

Best,
Jason

---

**From:** Catanese, Katie <KCatanese@foley.com>
**Sent:** Friday, August 20, 2021 4:43 PM
**To:** Burt, Jason (DC) <Jason.Burt@lw.com>; Nann, Alissa M. <ANann@foley.com>
**Cc:** Natascha.Steiner-Smith@collascrill.com; Stephen.Leontsinis@collascrill.com; TJCahill@duanemorris.com; Clubok, Andrew (DC) <Andrew.Clubok@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; McMahon, Sean (NY) <Sean.McMahon@lw.com>; McCall, Danielle (DC) <Danielle.McCall@lw.com>; McLaughlin, Shannon (NY) <Shannon.McLaughlin@lw.com>
**Subject:** RE: Sentinel

Jason,

    We are currently reviewing 61,000 documents--the number of pages is much greater--and have an appropriate number of reviewers reviewing the documents in our possession. We believe it will take 6-8 weeks to review the entire subset. We do not consent to provide you these documents on a rolling basis, and we do not consent to prioritize the list of documents you tardily sent to us yesterday. We will review the entire subset of documents and produce to Beecher the documents they are legally obligated to produce only after we have fully reviewed them.

    The tenor of your email is threatening and unnecessarily hostile. As was indicated to you on our call last week, it is directly contrary to your statements that you want to work cooperatively and is offensive. As we have reiterated on numerous occasions, this is not an issue of whether to cooperate with UBS or side with Sentinel's owners. The

independent directors have duties to Sentinel and must ensure that their legal fiduciary obligations to Sentinel are met. Requiring Sentinel to turn over documents to UBS on a rolling basis is not an efficient use of Sentinel's limited time or resources. Although we still maintain that there is a consensual resolution that can be reached here, Sentinel's directors are unwilling to compromise their fiduciary duties to appease your hostility and unrealistic timeline, especially given the severe deficiencies in service and the lack of jurisdiction the New York Supreme Court has over Sentinel, as further described in our last letter. The 6-8 weeks it will take for Sentinel to complete its review of documents will in no way prejudice your client.

Sentinel does not waive and hereby reserves any and all of its objections to the subpoenas that were improperly served on Sentinel, as well as the jurisdiction of the New York Supreme Court over Sentinel for any purpose whatsoever. In addition, Sentinel has not conceded coverage and reserves all rights to deny coverage with respect to any insurance policies issued to the Highland entities.

Please govern yourselves accordingly.

Katie

Katherine R. Catanese
Foley & Lardner, LLP
90 Park Avenue
New York, NY 10016
O: 212-338-3496
C: 517-449-7587

---

**From:** Catanese, Katie <KCatanese@foley.com>
**Sent:** Thursday, August 19, 2021 9:21 AM
**To:** Burt, Jason (DC) <Jason.Burt@lw.com>; Nann, Alissa M. <ANann@foley.com>

2

UBSPO025