| | |
|---|---|
| **LATHAM & WATKINS LLP** | **BUTLER SNOW LLP** |
| Andrew Clubok (*pro hac vice*) | Martin Sosland (TX Bar No. 18855645) |
| Sarah Tomkowiak (*pro hac vice*) | Candice Carson (TX Bar No. 24074006) |
| 555 Eleventh Street, NW, Suite 1000 | 2911 Turtle Creek Blvd., Suite 1400 |
| Washington, District of Columbia 20004 | Dallas, Texas 75219 |
| Telephone: (202) 637-2200 | Telephone: (469) 680-5502 |

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234

Kathryn George (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700

*Counsel for UBS Securities LLC and UBS AG London Branch*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| UBS SECURITIES LLC AND UBS AG LONDON BRANCH, | § | Adversary Proceeding |
| | § | No. 21-03020 |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Defendant. | § | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**UBS'S MOTION FOR EXPEDITED HEARING ON FOREIGN NON-PARTY SENTINEL REINSURANCE, LTD.'S MOTION FOR PROTECTIVE ORDER**

UBS Securities LLC and UBS AG London Branch (together, "UBS"), plaintiffs in the above-captioned adversary proceeding (the "Adversary Proceeding"), by and through their undersigned counsel, respectfully submit this motion (the "Motion to Expedite") requesting an order, substantially in the form of Exhibit A, setting an expedited hearing on *Foreign Non-Party Sentinel Reinsurance, Ltd.'s Motion for Protective Order* [Adv. Dkt. No. 106] (the "Sentinel Motion" filed by "Sentinel") as soon as counsel may be heard.[2]

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion to Expedite under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2. By this Motion to Expedite, UBS respectfully requests entry of an order setting a hearing on the Sentinel Motion as soon as counsel may be heard before the Court. Counsel for UBS can make themselves available at the Court's earliest opportunity for hearing.

## BASIS FOR RELIEF REQUESTED

3. Rule 9006(c) of the Federal Rules of Bankruptcy Procedure provides that the Court may in its discretion "for cause shown" reduce the notice period required before a hearing may be set on the Sentinel Motion. Fed. R. Bankr. P. 9006(c). Additionally, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), the Court "may issue any

---

[2] UBS opposes the Sentinel Motion, and *UBS's Opposition to Foreign Non-Party Sentinel Reinsurance, Ltd.'s Motion for Protective Order* and the *Appendix of Exhibits to UBS's Opposition to Foreign Non-Party Sentinel Reinsurance, Ltd.'s Motion for Protective Order*, which includes the *Declaration of Sarah Tomkowiak* (the "Tomkowiak Declaration"), are being filed concurrently with this Motion to Expedite.

order . . . that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

4. UBS initiated this Adversary Proceeding against Defendant Highland Capital Management, L.P. (the "Debtor," and together with UBS, the "Adversary Parties") on March 31, 2021. (*See* Compl. [Adv. Dkt. No. 3].) The fraudulent conduct underlying this Adversary Proceeding was discovered by the post-petition Debtor only earlier this year (after Sentinel and others actively hid the existence of Sentinel and the fraudulent conduct for years), and the Debtor's investigation remains ongoing. (*See* Answer ¶¶ 4, 36 [Adv. Dkt. No. 84].) This Adversary Proceeding necessarily involves discovery requests, including third-party discovery requests (such as the document subpoena issued to Beecher Carlson Insurance Services LLC ("Beecher")) to obtain information and documents required to understand the facts and scope of the fraudulent conduct. Only by understanding the full scope and nature of the fraudulent conduct can UBS present the facts necessary for the permanent injunction to ensure no further fraudulent transfers are made by or at the Debtor's direction.

5. Since issuing its discovery requests, however, UBS has faced discovery roadblock after roadblock from the subpoenaed non-parties who have actively engaged in a strategy of obstruction and delay to prevent UBS from uncovering the full scope of the fraud. These actions have forced UBS to move for Orders both (i) authorizing alternative service of subpoenas upon Mr. James Dondero [Adv. Dkt. No. 28] and (ii) compelling discovery from Messrs. Ellington, Leventon, DiOrio, and Sevilla and Ms. Lucas (the "Former Legal Team") [Adv. Dkt. No. 74]. Mr. Dondero and the Former Legal Team not only opposed those motions but also filed their own respective motions resisting UBS's discovery [Adv. Dkt. Nos. 23, 70]. Sentinel's Motion and its

unilateral, ex parte request to set the hearing on this motion in *late October* are just the most recent example of these tactics.[3]

6. Sentinel was one of the key players to the fraudulent transfers and now seeks to avoid discovery into the very acts it facilitated and conducted (as explained more fully in UBS's Opposition to Sentinel's Motion). Through the Sentinel Motion, Sentinel asks the Court to prevent *Beecher* from producing documents in *Beecher's* possession in response to UBS's subpoena to *Beecher* until *Sentinel* first reviews the documents and decides what it will allow *Beecher* to produce and what it wants withheld. (*See* Sentinel Mot.) Sentinel further seeks to delay Beecher's production to UBS until "not later than November 1, 2021." (*Id.* ¶ 35.) Critically, Beecher has *not* joined in Sentinel's Motion and stands ready now to begin its production of documents. (Tomkowiak Decl., Ex. 8.) Thus, every day of delay in resolving Sentinel's (meritless) Motion is another day in which Sentinel can prevent UBS and the Court from discovering the facts and potentially engage in further illicit conduct. Indeed, but for Sentinel's Motion, UBS would by now have many of the documents sought under the lawful subpoena issued to Beecher.

7. The relief sought in this Motion to Expedite is necessary for at least three independent reasons.

8. ***First***, trial in the Adversary Proceeding is currently scheduled for the week of October 18, 2021,[4] yet Sentinel seeks to prevent Beecher's production until no later than November 1, 2021—***two weeks after the trial date***. Such a request is designed to prevent UBS from obtaining necessary discovery prior to the trial date and is thus highly prejudicial to UBS and

---

[3] Sentinel is owned by James Dondero and Scott Ellington.

[4] Because of the ongoing non-party discovery delays, UBS expects it will need to seek an extension of the remaining deadlines in the Adversary Proceeding, including the week of trial.

its ability to present a complete record of the fraud justifying the permanent injunction. Sentinel should not be rewarded for attempting to tie UBS's hands in this manner.

9. **Second,** Sentinel unilaterally and against UBS's request set a hearing on the Sentinel Motion for October 27, 2021 [Adv. Dkt. No. 107]. By setting a hearing date a mere four days before its requested extension, and weeks after the trial in this matter, Sentinel has essentially gone around the Court to grant itself the extension it seeks, creating further prejudice to UBS if allowed to stand. Worse still, UBS informed Sentinel on September 8 that it objected to Sentinel's ex parte communications with the Court to set a schedule without UBS's consent and that UBS would be moving for expedited hearing. (Tomkowiak Decl., Ex. 9.) Despite this communication, and knowing that *UBS objected to the date*, Sentinel proceeded unilaterally and without informing UBS in setting the October 27 hearing and issuing notice of the same. UBS maintains its objection to this date as it delays resolution of Sentinel's Motion for nearly two months and until after the scheduled trial date, all while Beecher stands ready *now* to produce documents.

10. Indeed, the Sentinel Motion presents a real concern that Sentinel (or at least, Sentinel's owners) is continuing the fraud: while seeking here to delay and withhold relevant information from UBS, Sentinel simultaneously is demanding that the Debtor confirm that certain of the fraudulently transferred assets at the heart of this Adversary Proceeding are properly owned by Sentinel, or if not, provide Sentinel with instructions on how to complete such transfers into Sentinel's ownership. Further, Sentinel has asked the Debtor when it will receive an approximately $32 million redemption interest in Highland Multi Strategy Credit Fund, L.P., another Debtor-managed fund—and one that is explicitly referenced in the *Order Granting Plaintiff's Motion for a Temporary Restraining Order* [Adv. Dkt. No. 21] (the "TRO"). Thus, on the one hand, Sentinel seeks the benefit of delay on its baseless Motion to prevent the discovery

of anything it unilaterally deems to be "confidential information" while, on the other hand, it demands the Debtor transfer assets to Sentinel in violation of the TRO publicly entered in this case. The time has come to put an immediate stop to these games so that both the Court and UBS can learn the full extent of the fraud, and the Court can permanently enjoin it from continuing.

11. *Finally*, while UBS will be seriously prejudiced absent the relief requested in this Motion to Expedite, no party will be prejudiced by expedited consideration of the Sentinel Motion. Indeed, Beecher—the subpoenaed party—had already agreed to begin producing responsive documents in its possession when Sentinel filed its Motion. Likewise, Sentinel faces no prejudice from expedited consideration as the party bringing the Motion, meaning that notice of the issues does not raise any burden or concern.

## NOTICE

12. Notice of this Motion to Expedite will be provided to all parties requesting notice in this Adversary Proceeding, including counsel to Sentinel and the Debtor. Notice of this Motion to Expedite will also be provided by email to counsel for Beecher. UBS respectfully submits that such notice is sufficient and that no further notice is required.

## CONCLUSION

UBS respectfully requests immediate consideration of the Motion to Expedite by the Court and entry of an order, substantially in the form of Exhibit A, setting an expedited hearing regarding the Sentinel Motion, and granting UBS such other relief as it may be entitled in law or in equity. In the alternative, and as set forth in UBS's Opposition to the Motion, the Court should immediately strike the Motion for its procedural defects and allow Beecher's discovery to proceed.

Dated: September 10, 2021

Respectfully submitted,

**LATHAM & WATKINS LLP**

By */s/ Sarah Tomkowiak*

Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, District of Columbia 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
           sarah.tomkowiak@lw.com

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Email: jeff.bjork@lw.com
           kim.posin@lw.com

Kathryn George (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: kathryn.george@lw.com

**BUTLER SNOW LLP**
Martin Sosland (TX Bar No. 18855645)
Candice M. Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
E-mail: martin.sosland@butlersnow.com
            candice.carson@butlersnow.com

*Counsel for UBS Securities LLC and UBS AG London Branch*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on September 8, 2021, counsel for UBS conferred with counsel to Sentinel, who indicated that Sentinel is opposed to the relief requested herein. On September 10, 2021, counsel to UBS also conferred with counsel to the Debtor regarding the relief requested in this Motion to Expedite. Counsel to the Debtor indicated the Debtor does not object to the relief requested herein.

Dated: September 10, 2021

/s/ *Sarah Tomkowiak*

**CERTIFICATE OF SERVICE**

I, Andrew Clubok, certify that *UBS's Motion for Expedited Hearing on Foreign Non-Party Sentinel Reinsurance, Ltd.'s Motion for Protective Order* was filed electronically through the Court's ECF system, which provides notice to all parties of interest. Additionally, a courtesy copy of this Motion to Expedite will be provided to counsel for Beecher Carlson Insurance Services LLC by email.

Dated: September 10, 2021

/s/ *Andrew Clubok*

## **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| UBS SECURITIES LLC AND UBS AG LONDON BRANCH, | § | Adversary Proceeding |
| | § | No. 21-03020 |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Defendant. | § | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**ORDER GRANTING UBS'S MOTION
FOR EXPEDITED HEARING ON FOREIGN NON-PARTY
SENTINEL REINSURANCE, LTD.'S MOTION FOR PROTECTIVE ORDER**

Upon consideration of *UBS's Motion for Expedited Hearing on Foreign Non-Party Sentinel Reinsurance, Ltd.'s Motion for Protective Order* (the "Motion to Expedite") filed by UBS Securities LLC and UBS AG London Branch (together "UBS"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and the Motion to Expedite is proper in this District pursuant to 28 U.S.C. §§ 1408-1409; and due, adequate, and sufficient notice of the Motion to Expedite having been given; and having determined that the legal and factual bases set forth in the Motion to Expedite establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor it is hereby **ORDERED**:

1.  The Motion to Expedite is GRANTED.

2.  Once set, UBS shall file with the Court a notice of hearing setting the date and time of the hearing on *Foreign Non-Party Sentinel Reinsurance, Ltd.'s Motion for Protective Order.*

**### End of Order ###**

Order prepared by:

**LATHAM & WATKINS LLP**

By */s/ Sarah Tomkowiak*

Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, District of Columbia 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
       sarah.tomkowiak@lw.com

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Email: jeff.bjork@lw.com
       kim.posin@lw.com

Kathryn George (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  kathryn.george@lw.com

**BUTLER SNOW LLP**
Martin Sosland (TX Bar No. 18855645)
Candice M. Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone:  (469) 680-5502
E-mail: martin.sosland@butlersnow.com
       candice.carson@butlersnow.com

*Counsel for UBS Securities LLC and UBS AG London Branch*