Thomas C. Scannell (TX 24070559)
Katherine R. Catanese (*pro hac vice* pending)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
tscannell@foley.com
kcatanese@foley.com

*COUNSEL FOR SENTINEL REINSURANCE, LTD.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, LP | § | CASE NO: 18-33967-BJH-11 |
| | § | |
| DEBTOR. | § | (Joint Administration) |
| | | |
| UBS SECURITIES LLC AND UBS LONDON BRANCH AG, Plaintiff, | § § § | |
| v. | § § | ADV. PROC. NO. 21-03020 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., Defendant. | § § § | |

## FOREIGN NON-PARTY SENTINEL REINSURANCE, LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING

Sentinel Reinsurance, Ltd. ("Sentinel")[1] hereby files this Opposition ("Opposition") to Plaintiffs UBS Securities LLC and UBS London Branch AG (together "UBS") Motion for an Expedited Hearing (the "Expedited Hearing Motion") on Sentinel's Motion for a Protective Order, and in support of its Opposition, Sentinel respectfully states as follows:

---

[1] Any terms not otherwise defined herein shall having the meaning ascribed to them in Sentinel's Motion for a Protective Order [D.I. 106] ("Motion for Protective Order").  Sentinel hereby incorporates by reference the background information and arguments contained in its Motion for Protective Order.
FOREIGN NON-PARTY SENTINEL REINSURANCE, LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING

1. Sentinel filed its Motion for Protective Order on September 2, 2021, on notice to and after significant discussions with UBS (and Beecher) regarding same, and numerous attempts to resolve any discovery dispute. Now, *eight days later*, UBS files its Expedited Hearing Motion seeking an expedited hearing on the Motion for Protective Order, and asserting that an upcoming trial in this adversary proceeding – which Sentinel, a non-party, knew nothing about - necessitates immediate document production. Shockingly, the very first time Sentinel, a foreign non-party to this adversary proceeding, was made aware of such a pending trial date was in reading the Expedited Hearing Motion - UBS never mentioned same to U.S. or Cayman counsel for Sentinel in all discussions and communication over the past several months and never offered same as an explanation as to why it was seeking production on an expedited basis. Sentinel was completely unaware that October 18, 2021 was a relevant date to UBS until it read the Motion.[2]

2. Further, in both the Motion and the opposition papers filed in response to the Motion for Protective Order, UBS advises the Court that it intends to "seek an extension of the remaining deadlines in the Adversary Proceeding, including the week of trial," so it appears that this is not an emergency after all. *See* Mot., n. 4; Response [ECF 108], n. 8.

3. Sentinel filed its Motion for Protective Order to protect from production confidential and privileged documents and information held by its manager, Beecher, as well as to

---

[2] Sentinel, a foreign non-party to this adversary proceeding, has not received notice of dates, motions (other than the Expedited Hearing Motion), or other pending issues in the adversary proceeding or main bankruptcy case. Further, the adversary complaint and request for TRO that UBS insinuates Sentinel should have known about were both filed under seal and the TRO order was never served on Sentinel, so Sentinel had no information regarding the allegations therein and status of the adversary proceeding.

Further, in scheduling a hearing on the Motion for Protective Order, the court clerk reached out to Sentinel's counsel offering to assist with finding an acceptable hearing date for the parties. When Sentinel reached out to UBS regarding the hearing date, UBS advised that the hearing date proposed would not work and that it would move to expedite based on the dates offered by the Court. It is absurd and unfounded to suggest that Sentinel's counsel engaged in improper *ex parte* communications with the Court when the court clerk reached out to counsel for acceptable hearing dates and these communications were clearly administrative in nature.

FOREIGN NON-PARTY SENTINEL REINSURANCE, LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING

request additional time for Beecher's compliance with a Subpoena issued by UBS seeking, among other things, documents held by Beecher in its capacity as Sentinel's Manager. Beecher had informed Sentinel that it intended to begin producing the documents to UBS on September 2, 2021, absent Sentinel seeking a protective order as set forth in the Confidentiality Provision of the Management Agreement by and between the Manager and Sentinel.

4. By its Motion, UBS implies that Sentinel--which has still not been properly served with a subpoena, disputes jurisdiction, and filed a limited appearance to preserve these issues-- is not being cooperative. To the contrary (and as explained in the Motion for Protective Order), Sentinel's new independent directors are currently reviewing the documents in Beecher's possession and, once the review is complete (which includes a review for privileged and confidential documents, in addition to relevance), Sentinel intends to have Beecher produce documents to UBS that UBS is legally entitled to obtain under the Subpoena, i.e., all relevant, non-privileged, non-confidential documents. The directors are complying with their fiduciary duties under the laws of the Cayman Islands by conducting a thorough review of the documents.

5. A review of a subset of the documents to date revealed the potential production included non-relevant documents as well as documents that contain highly confidential personal information which, if disclosed, would fall foul of the Data Protection Act in the Cayman Islands and the overarching statutory requirement to preserve confidential information under the laws of the Cayman Islands.[3] Accordingly, such documents must be either redacted prior to or withheld from production.

---

[3] For example, the document reviewers have found multi-hundred page documents which contain personal information of beneficial owners. Such information is deemed confidential and cannot be produced under the laws of the Cayman Islands.

FOREIGN NON-PARTY SENTINEL REINSURANCE, LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING

6. Sentinel expects to complete its review by the beginning of November 2021 and produce the documents UBS is legally entitled to, without contesting the above (but reserving its rights). As set forth in the Motion for Protective Order, such an extension in no way prejudices UBS, particularly when UBS intends to seek extension of the pending trial and related deadlines, and, under Fed. R. Civ. Pro. Rule 45, protects Beecher from the undue burden of having to review the documents—which contain Sentinel's business information—and determine which documents are responsive, privileged or confidential.

7. <u>UBS presents no case for "cause" to expedite the hearing on Sentinel's Motion for a Protective Order under FRBP 9006(c)</u>. UBS seeks an expedited hearing under Fed. R. Bankr. P. 9006 "for cause" but their own pleading demonstrates that no cause exists. In order to determine whether such cause exists, courts look to a number of factors, including (1) whether the pleadings indicate that an emergency exists, and that the emergency is not of the movant's own making; (2) there must be a separate motion to expedite; (3) the motion should address the prejudice to other parties; and (4) motions to expedite should be used sparingly. *In re Villareal*, 160 B.R. 786, 787-88 (Bankr. W.D. Tex. 1993).

8. Here, UBS's own pleadings undercut the request for an expedited hearing, given that it will seek an extension of upcoming trial dates. Further, this "emergency" is of UBS's own making—the Subpoena to Beecher has been outstanding for months and UBS is only now seeking to enforce it even though it knew of the upcoming trial date.

9. UBS argues that Sentinel's proposed production date of November 1, 2021 is "*two weeks after the trial date*" (emphasis in original) which is "highly prejudicial to UBS". Motion ¶8. However, in the footnote referenced in that same paragraph, UBS states that it "expects it will need to seek an extension of the remaining deadlines in the Adversary Proceeding, including the

FOREIGN NON-PARTY SENTINEL REINSURANCE, LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING

week of trial." *Id*., fn. 4. Therefore, the existing dates in the adversary proceeding are irrelevant to the determination of cause under Rule 9006, and expediting the hearing is unnecessary. There is no prejudice to UBS when, by its own admission, it does not have the discovery it requires to go to trial on the current schedule due to ongoing discovery disputes with a number of parties other than Sentinel and Beecher. This failure to obtain the discovery in time for its own trial is an emergency of UBS's own making.

10. Further, it bears repeating that Sentinel fully intends to produce all documents UBS is legally entitled to, i.e. responsive and non-privileged documents with a privilege log, within a reasonable period of time following service of the Subpoena--responsive conduct that is completely in compliance with Rule 45. Sentinel simply needs more time to review the tens of thousands of potentially responsive documents – a regular task occurring in the ordinary course of conduct in discovery when responding to a subpoena. If UBS needed the requested documents prior to the current trial setting, then UBS should have served the Subpoena (or taken steps to properly serve the subpoena on Sentinel) with sufficient lead time in advance of the trial setting. Sentinel should not bear the burden of UBS's mismanaged pretrial timeline. Under Rule 45, Sentinel is entitled to an appropriate, reasonable amount of time to review the responsive documents prior to production.

11. In addition, despite numerous communications over several months between UBS's counsel and Sentinel's counsel - both in the United States and the Cayman Islands – UBS's counsel never disclosed the existence of the trial or the schedule for same.[4] Sentinel is not a party to the

---

[4] Based on a review of the Amended Stipulation and Scheduling Order [D.I. 103], fact discovery closed on August 6, 2021, and dispositive motions were due by September 3, 2021. It is unclear to Sentinel why UBS didn't disclose this timeline to Sentinel in its numerous discussions regarding service and document production – again, issues which Sentinel is not aware of since it is not a party to same, and since the complaint and motion for TRO were filed under seal and copies of same have not been provided to Sentinel.

FOREIGN NON-PARTY SENTINEL REINSURANCE, LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING

action, and cannot be expected to be aware of deadlines in a case that they have not been involved in. If there were an emergency, it would be one of UBS's own making, also making relief under Rule 9006 improper. *Villareal,* 160 B.R. at 787.

12. <u>Sentinel's independent directors are not parties to any fraud by Highland or its former directors</u>. Further, by the Motion, UBS flagrantly suggests that there is a continuing fraud to which Sentinel is a party, due to its failure to produce documents on UBS's expedited (without explanation) timeline and without proper service to Sentinel.[5] Nothing could be further from the truth. Sentinel is now controlled by independent directors who are not affiliated with or taking direction from Mr. Dondero, Mr. Ellington or any of Sentinel's former directors (as alleged by UBS) – in fact, the independent directors have never communicated with Mr. Dondero or Mr. Ellington or their former counsel. The "roadblocks" (Mot. ¶ 5) seemingly plaguing UBS have nothing to do with Sentinel and to lump them together without facts or evidence is specious, at best, and self-serving.

13. <u>The relief requested by Sentinel is reasonable and does not require an expedited hearing</u>. By its Motion for Protective Order, Sentinel has proposed a simple and efficient solution to the unnecessary discovery dispute created by UBS: allow Sentinel a reasonable time to review the documents to determine which documents are responsive to the Subpoena, and which are privileged or confidential, and then provide those documents and a privilege log to Beecher for further production to UBS. Sentinel has also agreed to complete its review process on or before November 1, 2021, which is a reasonable timeline given the volume of production in question

---

[5] As discussed in the Motion for Protective Order, as a Cayman non-party, UBS was required to serve Sentinel through the Hague Evidence Convention. Sentinel's Cayman counsel advised counsel to UBS that service was not proper or effective as early as July 9, 2021. If obtaining the documents on an emergency basis was really necessary, UBS has taken no steps to properly serve Sentinel or otherwise enforce its subpoenas issued to Sentinel. Instead it has focused its efforts on attempting to compel compliance from Beecher as Manager in an end-run around seeking Sentinel's documents directly from Sentinel to avoid compliance with the Hague Evidence Convention.

FOREIGN NON-PARTY SENTINEL REINSURANCE, LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING

4821-4886-8602.5

(approx. 61,000 documents) and that the independent directors were appointed in May and June of this year and are still analyzing the various issues raised by UBS in its extensive litigation with the Debtor and its affiliates.

14. Further, this timeline will not prejudice UBS since (i) any "emergency" that exists if of UBS's own making, (ii) UBS never made Sentinel aware of any relevant dates or deadlines in the adversary proceeding or otherwise, (iii) discovery and dispositive motions deadlines in the adversary proceeding appear to have already passed, so arguing these documents are necessary at trial is specious and pretextual, and (iv) UBS intends to seek extensions of trial dates and all pending extension deadlines. It is UBS's burden to establish cause here and it has not met its burden.

15. Even if there were prejudice to UBS (there is not) that was not of its own making, Sentinel's due process rights to protect its own privileged and confidential information is a right that deserves significant protection and deference. *Id*. at 788. That deference includes time to prepare adequately for a hearing on its protective order and respond to the allegations in UBS's Objection to the Motion for Protective Order, including preparing a reply and providing declarations in support of the Motion for Protective Order. In addition, setting the hearing date toward the end of October, it may obviate the need for any hearing because Sentinel may be in a position to produce documents at that time, or, at the least, will have reviewed a substantial subset of the documents by then.

16. Conversely, Sentinel will be significantly prejudiced if it cannot protect its interests and review documents containing its business information prior to production by Beecher. Allowing Sentinel the time to review the documents and prepare them for production is appropriate and this Court should deny UBS' Motion for an Expedited Hearing.

FOREIGN NON-PARTY SENTINEL REINSURANCE, LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING

4821-4886-8602.5

17. Sentinel respectfully requests that the Court deny Plaintiffs' Motion for an Expedited Hearing, and respectfully requests all equitable and just relief to which it is entitled.

DATED: September 13, 2021

Respectfully submitted by:

*/s/ Thomas C. Scannell*
Thomas C. Scannell (TX 24070559)
Katherine R. Catanese (*pro hac vice* pending)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
tscannell@foley.com
kcatanese@foley.com

**COUNSEL FOR SENTINEL REINSURANCE, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that, on September 13, 2021, a true and correct copy of the foregoing document was served electronically by the Court's CM/ECF PACER system on all parties registered to receive notice in these cases, including, without limitation, the following parties:

Counsel for Debtors:
Zachery Z. Annable
Hayward PLLC
10501 N. Central Expressway
Suite 106
Dallas, TX 75231
(972) 755-7108
Fax : (972) 755-7108
Email: zannable@haywardfirm.com

Melissa S. Hayward
Hayward PLLC
10501 N. Central Expry, Ste. 106
Dallas, TX 75231
972-755-7104
Fax : 972-755-7104
Email: MHayward@HaywardFirm.com

Juliana Hoffman
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000 Dallas, TX 75201
(214) 969-3581
Fax : (214) 981-3400
Email: jhoffman@sidley.com

Paige Holden Montgomery
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000 Dallas, TX 75201
(214) 981-3300
Fax : (214) 981-3400
Email: pmontgomery@sidley.com

Counsel for UBS:

Jeffrey E. Bjork
Latham & Watkins LLP
355 S. Grand Ave., Ste. 100
Los Angeles, CA 90071
213-485-1234
Email: jeff.bjork@lw.com

Candice Marie Carson
Butler Snow LLP
2911 Turtle Creek
Suite 1400
Dallas, TX 75219

FOREIGN NON-PARTY SENTINEL REINSURANCE, LTD.'S OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXPEDITED HEARING

4821-4886-8602.5

(469) 680-5505
Fax : (469) 680-5501
Email: Candice.Carson@butlersnow.com

Andrew Clubok
Latham & Watkins lLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
Fax : (202) 637-2201
Email: andrew.clubok@lw.com

Katherine George
LATHAM & WATKINS LLP
330 North Wabash Avenue, Ste. 2800
Chicago, IL 60611
Email: Kathryn.George@lw.com

Kimberly A. Posin
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
(213)485-1234
Fax : (213)891-8763
Email: kim.posin@lw.com

Zachary F. Proulx
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
212-906-1200
Email: Zachary.Proulx@lw.com

Martin A. Sosland
Butler Snow LLP
2911 Turtle Creek
Suite 1400
Dallas, TX 75219
(469) 680-5502
Fax : (469) 680-5501
Email: martin.sosland@butlersnow.com

Sarah Tomkowiak
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
202-637-2335
Fax : 202-637-2201
Email: sarah.tomkowiak@lw.com

Jamie Wine
 Latham & Watkins LLP
885 Third Ave.
New York, NY 10022-4834
Email: Jamie.Wine@lw.com

Counsel for Beecher (notice to be provided by email):

Robert T. Bowling
Brown & Brown
300 N. Beach Street
Daytona Beach, FL  32114
Email: rbowling@bbins.com

Christopher B. Weldon
Keidel, Weldon & Cunningham, LLP
925 Westchester Ave.
White Plains, New York 10604
Email: cweldon@kwcllp.com

*/s/ Thomas C. Scannell*
Thomas C. Scannell