Thomas C. Scannell (TX 24070559)
Katherine R. Catanese (*pro hac vice* pending)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
tscannell@foley.com
kcatanese@foley.com

*COUNSEL FOR SENTINEL REINSURANCE, LTD.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, LP | § | CASE NO: 19-34054-sgj11 |
| | § | |
| DEBTOR. | § | **(Joint Administration)** |
| | | |
| UBS SECURITIES LLC AND UBS LONDON BRANCH AG, Plaintiff, | § § § | |
| v. | § § | **ADV. PROC. NO. 21-03020** |
| HIGHLAND CAPITAL MANAGEMENT, L.P., Defendant. | § § § | |

**SENTINEL REINSURANCE, LTD.'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AND RESPONSE TO UBS'S OBJECTION TO SAME**

Sentinel Reinsurance, Ltd. ("Sentinel") hereby files this reply (the "Reply")[1] in further support of its Motion for Protective Order ("Motion")[2] [Dkt. No. 106] and in response to UBS's Opposition to the Motion (the "Objection" or "Obj.") [Dkt. No. 108]. In support of the Reply, Sentinel respectfully states as follows:

---

[1] The filing of this Reply and any subsequent motions or briefs by Sentinel shall be construed and are intended to be a special appearance filed out of compulsion to keep its proprietary, privileged, and confidential information protected and to correct misstatements on the record made by UBS. Sentinel hereby reserves and does not waive its challenge to personal jurisdiction of this Court over Sentinel.

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

SENTINEL'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER    PAGE 1
4850-7910-1438.9

**PRELIMINARY STATEMENT**

1.       As an initial matter, Sentinel filed its Motion, not to prevent discovery, but to seek additional time for the newly appointed Independent Directors to review documents (the "Reviewable Documents") prior to production by Beecher, to ensure that any non-relevant, privileged and/or legally confidential information is not produced. On October 25, 2021, Sentinel (through counsel) will provide to Beecher the relevant documents it has reviewed and that UBS is legally entitled to under the Subpoena so Beecher can begin its production to UBS.

2.       UBS spends much of its Objection throwing out baseless, unsupported allegations about Sentinel and its new Independent Directors, even though it has *never* obtained a judgment against Sentinel for any alleged misconduct and has never provided to Sentinel any of the so-called evidence that establishes its allegations against Sentinel.[3] Despite these allegations, Sentinel's Independent Directors are not attempting to prevent document production or further perpetuate some alleged fraud; in fact, the Independent Directors have had no contact with and taken no direction from its beneficial owners, Mr. Dondero and Mr. Ellington. Rather, by the Motion, Sentinel's Independent Directors simply seek additional time to review the Reviewable Documents (defined below) prior to production, in order to fulfill their fiduciary duties, and intend to start providing documents to Beecher for production on October 25, 2021.

3.       Despite Sentinel's consistent communication to UBS in this regard, UBS continues its pattern of misleading the Court by insisting that Sentinel is attempting to block discovery. To be clear, this dispute arose because UBS refused to provide Sentinel with additional time to review documents held by its Manager, Beecher, in order to confirm whether they were 1) indeed responsive to the Subpoena; 2) protected by confidentiality requirements under the law of the

---

[3] Indeed, upon information and belief, such evidence (if any) may be included in pleadings filed under seal in this proceeding, and various deposition transcripts and exhibits that are subject to a confidentiality order, copies of which have never been provided to Sentinel.

Cayman Islands or otherwise; and/or 3) privileged.[4] Sentinel has always maintained, and repeatedly advised UBS, that once the documents were fully reviewed, Sentinel would provide to Beecher and Beecher would produce to UBS, all relevant, non-privileged, non-confidential documents to UBS, which it intends to do, beginning October 25, 2021. Despite Sentinel's good faith attempt to resolve this dispute with UBS without court action, UBS threatened to move to compel Beecher to produce, forcing needless motion practice in both the New York Supreme Court and in this Court.

4. Sentinel has the right to bring the Motion to protect its business information contained in the Reviewable Documents. The Reviewable Documents were initially in Beecher's possession and control solely by operation of the Management Agreement, which outlines a process by which Sentinel must file a motion for protective order if it wants to protect the documents from production by Beecher prior to Sentinel's review. Despite UBS's unsupported arguments to the contrary, Sentinel is not required to intervene in this action in order to protect its business information and documents.

5. The Reviewable Documents include multi-hundred page documents which contain personal information of the underlying beneficial owners of certain CLOs and CDOs held by Sentinel and/or other Highland entities. Such information is deemed confidential by and cannot be produced under the laws of the Cayman Islands--in particular, the Data Protection Act and Confidential Information Disclosure Act, which requires that certain categories of information needs to be kept confidential. To the extent that Sentinel or Beecher, as Manager, intend to disclose that information, the disclosing party must seek consent from the principal to the information, and if such consent is withheld, must apply to the Courts in the Cayman Islands to obtain directions.

---

[4] This is especially relevant given that Beecher never confirmed to Sentinel that it will refrain from producing confidential or privileged information. In fact, in reviewing the Reviewable Documents to date, Sentinel has uncovered numerous non-relevant, and potentially confidential documents related to other clients of Beecher (and not Sentinel), including copies of passports of directors of other companies (not Sentinel), as well as privileged communications with counsel. Such a finding underscores the Independent Directors' concerns that Beecher was prepared to produce non-relevant as well as privileged and confidential documents, further supporting the need for Sentinel's review.

6.  Sentinel is not attempting to use the law of the Cayman Islands to shield relevant or responsive documents from production. Sentinel simply seeks to review the documents for responsiveness, privilege and redact where appropriate for confidentiality under Cayman Island privacy law.

7.  Finally, and perhaps most relevant, there is no prejudice to UBS in granting Sentinel's Motion and providing Beecher with additional time to produce documents. As this Court is aware, UBS requested and obtained a several-month extension of the trial and other dates in this action and has provided no other justification for requiring an expedited time frame for document production. *See Order Granting Agreed Motion to Continue Trial and Pre-Trial Deadlines,* dated September 20, 2021 [Dkt. No. 115]. Therefore, granting the Motion to allow Sentinel additional time to review the Reviewable Documents does not harm any of the parties and allows the Independent Directors the opportunity to fulfill their fiduciary obligations to protect privileged and confidential documents under the laws of the Cayman Islands.

## ARGUMENT

### I. UBS CONTINUES ITS PATTERN OF MISREPRESENTATION AND UNSUPPORTED ALLEGATIONS

8.  UBS alleges that Sentinel "facilitated the massive (ongoing) fraud" and that purported wrongdoers, Mr. Dondero and Mr. Ellington, are in control of the company and are directing its effort. Obj. ¶¶15, 1, respectively. With respect to the Independent Directors, nothing could be further from the truth, and UBS presents no evidence to the contrary. The Independent Directors are operating in an information vacuum, having been appointed without the benefit of a full briefing by the former directors, and currently restricted from corresponding with same per instructions from Baker McKenzie (counsel to certain of the former directors). The Independent Directors, like UBS, are working to ascertain the status of the assets of Sentinel. Further, the Independent Directors are purposefully not speaking to either Mr. Dondero or Mr. Ellington in

order to maintain their independence. UBS's allegations to the contrary are unsupported and cannot be corroborated.

9. Furthermore, UBS incorrectly asserts that Sentinel has "attempt[ed] to avoid producing documents" and "seeks to prevent" production of documents by Beecher. Obj. ¶¶ 2; 15. As an initial matter, Sentinel did not seek to quash the Subpoena or seek similar relief to prevent production. In fact, Sentinel has always stated that it intends to review the Reviewable Documents and then provide them to Beecher for production; indeed, this review is in process and the first set of documents will be provided to Beecher for production to UBS on October 25, 2021. Consistent with their fiduciary duties under the laws of the Cayman Islands, the Independent Directors are completing their review of the Reviewable Documents and seek additional time to do so given the gravity of the allegations that UBS is asserting against them on the one hand, while, on the other, certain of the Insured Parties have made a claim for coverage under the allegedly fraudulent Insurance Policy. The Independent Directors continue to coordinate with the Cayman Islands Monetary Authority (CIMA), and provide regular updates to them regarding their progress as it relates to Sentinel, including with respect to the document production to UBS.

10. Further, Beecher's inaction in this matter is of no moment. Beecher and Sentinel have a Management Agreement that governs the production of Sentinel's documents, which UBS ignores in its Objection.[5] As described in the Motion, Section 6 of the Management Agreement provides that Sentinel's documents are confidential and if Beecher is subpoenaed, Sentinel must file a motion for a protective order if it wants to review the documents before Beecher can produce them. This is exactly what Sentinel has done, and Beecher, in order to fulfill its obligations under the Management Agreement, has not produced the documents pending an order of this Court and/or the New York Supreme Court—no further action by Beecher is required.

---

[5] Sentinel has produced a copy of the Management Agreement and an Affidavit from Casey McDonald, one of the Independent Directors, to UBS in the litigation running concurrently in the New York Supreme Court.

11. In fact, UBS's statements that Beecher intended to produce documents and has not filed a concurrence with the Motion (Obj. ¶ 1) are directly contrary to the language of the Management Agreement, which prevents Beecher from producing documents once Sentinel has filed a motion for protective order. To wit, Beecher voluntarily produced all of the Reviewable Documents to Sentinel for review in advance of its production to UBS.

## II. SENTINEL HAS STANDING TO SEEK A PROTECTIVE ORDER AND IS NOT REQUIRED TO INTERVENE

12. UBS concedes, as it must, that Sentinel can seek relief if it has a "personal right or privilege" in the Reviewable Documents. Obj. ¶ 11. It does. Sentinel retained Beecher as its Manager to handle all of the day-to-day operations of the business. Beecher managed Sentinel's email and other documents as part of its duties under the Management Agreement. As is customary, Sentinel does not maintain books and records other than those held by Beecher. The Reviewable Documents contain Sentinel's business information, and accordingly, Sentinel has standing to seek a protective order with respect to its own documents and business records under the Federal Rules. *See, e.g.*, *Total Rx Care, LLC v. Great N. Ins. Co.*, 318 F.R.D. 587, 594 (N.D. Tex. 2017) ("A party, although not in possession or control of the materials sought in a subpoena and not the person to whom the subpoena is directed, has standing to file a motion to quash or modify under Federal Rule of Civil Procedure 45(d)(3) if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it."); *Monitronics Int'l, Inc. v. Skyline Sec. Mgmt., Inc.*, No. 3:16-CV-2716-M-BK, 2017 WL 7520612, at *2 (N.D. Tex. Oct. 30, 2017) ("Even if one is not in possession or control of the materials sought in a subpoena and is not the person/entity to whom the subpoena is directed, a party has standing to move to quash or modify the subpoena under Federal Rule of Civil Procedure § 45(d)(3) if it has a 'personal right or privilege with respect to the materials subpoenaed.'").

13. Despite UBS' assertions to the contrary, Sentinel is not required to intervene in this action in order to seek the relief requested in the Motion. UBS has not cited to a single case in this

Circuit which mandatorily requires a non-party to intervene in order to seek a protective order to have the right to review its own documents and business information prior to production, whether under Fed. R. Civ. P. § 26, 45 or otherwise.[6] The cases cited by UBS deal with intervention where a non-party seeks protected information, in appeals, or by government agencies where intervention is specifically required under Fed. R. Civ. P. § 24(c) (*see* Obj. ¶10) and are wholly inapplicable to the facts at hand.

14. The plain language of Rule 26 provides that any party from whom discovery is sought may move for a protective order and does not require intervention to seek the same ("A party *or any person* from whom discovery is sought *may* move for a protective order in the court where the action is pending…") F.R.C.P. § 26(c)(1) (emphasis added). Sentinel has standing with respect to the documents to be produced by Beecher *because the documents sought by UBS contain Sentinel's sensitive business information*. UBS has served Beecher with the Subpoena only as an end-run around service on Sentinel or its Manager--both Cayman entities and non-parties to any litigation in the United States.[7] It would be wholly inequitable to allow UBS to obtain Sentinel's documents through the U.S. parent of the Manager and then require Sentinel, a foreign non-party with no presence in the U.S., to intervene in this proceeding just so that it can review its own documents prior to production, particularly where it cannot be disputed that Sentinel, and not Beecher, is the target of the Subpoena.[8]

---

[6] UBS cites to *SEC v. Dowdell*, 144 F. App'x 716, 723 (10th Cir. 2005), an unreported decision in which the Tenth Circuit requires a non-party to intervene to seek a protective order to prevent the SEC from contacting his clients, where that non-party had not been subpoenaed. As an initial matter, this same requirement could not be found in the Fifth Circuit. Further, in the same decision, the court discusses the non-party's motion to quash a subpoena to a bank for his personal bank records. The non-party was not required to intervene in order to move to quash the subpoena for his bank records. This situation is more akin to the relief being sought by Sentinel in the Motion.

[7] The Manager has an affiliate in the United States which is subject to the jurisdiction of this Court and does not require use of the Hague Evidence Convention to serve a subpoena, unlike Sentinel.

[8] Alternatively, the Court has the discretion to modify the subpoena under Fed. R. Civ. P. Rule 45 to allow Sentinel additional time to review the Reviewable Documents.

### III. SENTINEL'S EVIDENCE IS TIMELY AND SUPPORTS ITS REQUEST FOR A PROTECTIVE ORDER

15. UBS argues that a motion for a protective order requires evidence to support it. Obj. ¶16. The Motion will be supported by live testimony and exhibit evidence at the scheduled hearing, and Sentinel will timely file its witness and exhibit lists and timely exchange marked exhibits with UBS in advance of the hearing in accordance with Local Bankruptcy Rule 9014-1(c). No case cited by UBS states that such evidence must be provided at the time a motion for relief is filed. In arguing this point, UBS implicitly suggests that each time a movant seeks relief, it must marshal all of its testimony in support of its motion and disclose the same along with the motion. That process would undermine the purpose of conducting live testimony at evidentiary hearings on contested matters. UBS misunderstands the purpose of Federal Rule 9006 and has ignored the purpose and function of evidentiary hearings on motions in this District, as consistent with Local Rule 9014-1(c).

16. Further, through its document review, which has been ongoing since before its Motion was filed, Sentinel has discovered additional facts that support the relief requested in the Motion, including that it appears Beecher was ready to produce non-relevant and privileged documents, which information further supports the relief requested in the Motion. Courts recognize that there are circumstances when a person who has an interest in documents sought in discovery wishes to protect those documents, but does not have the documents and therefore, cannot initially provide the evidence to support its request. *See, e.g.*, *Performance Pulsation Control, Inc. v. Sigma Drilling Technologies,* No. 4:17-CV-00450, *LLC,* 2018 WL 5636160 *3 (E.D. Tex. Oct. 30, 2018) (court denied motion to quash where defendant could not provide evidence of confidential information in the documents sought, but modified subpoena to require the information be provided to defendant for review for confidential information prior to production).[9]

---

[9] UBS relies on this case to demonstrate the motion to quash should be denied when there is no evidence to support it. Obj. ¶12. However, UBS' discussion of the case omits any mention of the court's recognition that entities that have an

IV. **SENTINEL HAS NOT WAIVED PRIVILEGE BY ALLOWING AN AGENT TO HOLD ITS DOCUMENTS**

17. UBS argues that by Sentinel providing documents to Beecher, its manager, it has waived privilege. However, Sentinel is entitled to assert its privilege, as Beecher, as Manager, acts as an agent of Sentinel under the Management Agreement. Providing documents to an agent or representative does not waive work product privilege, *see United States ex rel. Mitchell v. CIT Bank, N.A.*, No. 4:14-CV-00833, 2021 U.S. Dist. LEXIS 185751, *19 (E.D. Tex. 2021), or attorney-client privilege, *see Osherow v. Vann (In re Hardwood P-G, Inc.)*, 403 B.R. 445, 458 (W.D. Tex. 2009). Further, "[w]aiver is a fact-specific question that should be assessed on a case-by-case basis." *Alpert v. Riley*, 267 F.R.D. 202, 209 (S.D. Tex. 2010) (*citing Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993)). Nevertheless, this issue is premature and best left for after Beecher submits a privilege log. *See United States ex rel. Mitchell*, 2021 U.S. Dist. LEXIS 185751, *21. Further, the Confidentiality Provision of the Management Agreement demonstrates that Sentinel has an expectation that Beecher, as its manager, will keep documents and communications confidential.

18. Beecher is nothing more than Sentinel's representative in this matter. Beecher manages Sentinel's business on a day-to-day basis and maintains Sentinel's books and records. Beecher assists Sentinel in conducting its own business, including obtaining legal advice. Therefore, any disclosure to Beecher, which has occurred by virtue of Beecher and Sentinel's relationship, is protected. "A corporate client has the privilege to refuse to disclose, and prevent its attorneys from disclosing confidential communications between its representatives and attorneys when the communications were made to obtain legal advice." *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999).

---

interest in protecting their information should have the right to review it before production, even when it is in the hands of another party. This is exactly the relief that Sentinel has sought.

19. UBS also relies on *Nguyen* in arguing that disclosure to a third party waives attorney client privilege. Obj. ¶ 21. However, the case is inapplicable here. In *Nguyen*, the Fifth Circuit found that the privilege was waived when witnesses disclosed privileged conversations with counsel and does not address sharing of otherwise privileged documents with an agent. *Nguyen*, 197 F.3d at 207. Here, Sentinel has always claimed that there may be privileged information within the Reviewable Documents and has not made any disclosures of such information. Furthermore, Beecher also raised privilege as an objection to the Subpoena in the first instance, sending its objection via letter to UBS's counsel.

## V. THERE IS NO PREJUDICE TO UBS IN THE MOTION BEING GRANTED BY THE COURT

20. UBS has sought and obtained an extension of the trial and other dates in this matter. [Dkt. No. 115]. This Court has already recognized the lack of prejudice to UBS in denying UBS's motion to expedite the hearing on the Motion. [Dkt. No. 119]. The lack of prejudice is even more apparent now, as the hearing on the Motion will occur approximately five days after the date that Sentinel has committed to begin providing documents to Beecher for production. UBS has provided no other evidence to support that it is prejudiced in permitting Sentinel the additional time it seeks to review its documents and information. This is especially true given that Sentinel will begin production to Beecher on October 25, 2021.

## CONCLUSION

21. This Court should grant Sentinel the additional time it has requested to complete its review, either by issuing a protective order or modifying the Subpoena to allow that time, particularly where there is no prejudice to UBS and Sentinel expects to begin production on October 25, 2021.

| | |
|---|---|
| DATED: October 20, 2021 | Respectfully submitted by:<br><br>*/s/ Thomas C. Scannell*<br>Thomas C. Scannell (TX 24070559)<br>Katherine R. Catanese<br>**FOLEY & LARDNER LLP**<br>2021 McKinney Avenue, Suite 1600<br>Dallas, TX 75201<br>Telephone: (214) 999-3000<br>Facsimile: (214) 999-4667<br>tscannell@foley.com<br>kcatanese@foley.com<br><br>**COUNSEL FOR SENTINEL REINSURANCE, LTD.** |

**CERTIFICATE OF SERVICE**

  I hereby certify that, on October 20, 2021, a true and correct copy of the foregoing document was served electronically by the Court's CM/ECF PACER system on all parties registered to receive notice in these cases, including, without limitation, the following parties:

Counsel for Debtors:
Zachery Z. Annable
Hayward PLLC
10501 N. Central Expressway
Suite 106
Dallas, TX 75231
(972) 755-7108
Fax : (972) 755-7108
Email: zannable@haywardfirm.com

Melissa S. Hayward
Hayward PLLC
10501 N. Central Expry, Ste. 106
Dallas, TX 75231
972-755-7104
Fax : 972-755-7104
Email: MHayward@HaywardFirm.com

Juliana Hoffman
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000 Dallas, TX 75201
(214) 969-3581
Fax : (214) 981-3400
Email: jhoffman@sidley.com

Paige Holden Montgomery
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000 Dallas, TX 75201
(214) 981-3300
Fax : (214) 981-3400
Email: pmontgomery@sidley.com

Counsel for UBS:

Jeffrey E. Bjork
Latham & Watkins LLP
355 S. Grand Ave., Ste. 100
Los Angeles, CA 90071
213-485-1234
Email: jeff.bjork@lw.com

Candice Marie Carson
Butler Snow LLP
2911 Turtle Creek
Suite 1400
Dallas, TX 75219
(469) 680-5505

Fax : (469) 680-5501
Email: Candice.Carson@butlersnow.com

Andrew Clubok
Latham & Watkins lLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
(202) 637-2200
Fax : (202) 637-2201
Email: andrew.clubok@lw.com

Katherine George
LATHAM & WATKINS LLP
330 North Wabash Avenue, Ste. 2800
Chicago, IL 60611
Email: Kathryn.George@lw.com

Kimberly A. Posin
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
(213)485-1234
Fax : (213)891-8763
Email: kim.posin@lw.com

Zachary F. Proulx
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
212-906-1200
Email: Zachary.Proulx@lw.com

Martin A. Sosland
Butler Snow LLP
2911 Turtle Creek
Suite 1400
Dallas, TX 75219
(469) 680-5502
Fax : (469) 680-5501
Email: martin.sosland@butlersnow.com

Sarah Tomkowiak
Latham & Watkins LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
202-637-2335
Fax : 202-637-2201
Email: sarah.tomkowiak@lw.com

Jamie Wine
 Latham & Watkins LLP
885 Third Ave.

New York, NY 10022-4834
Email: Jamie.Wine@lw.com

Counsel for Beecher (notice to be provided by email):

Robert T. Bowling
Brown & Brown
300 N. Beach Street
Daytona Beach, FL  32114
Email: rbowling@bbins.com

Christopher B. Weldon
Keidel, Weldon & Cunningham, LLP
925 Westchester Ave.
White Plains, New York 10604
Email: cweldon@kwcllp.com

*/s/ Thomas C. Scannell*
Thomas C. Scannell