# **EXHIBIT B**

**Andrew B. Clubok**
Direct Dial: 1.202.637.3323
andrew.clubok@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

May 14, 2021

**CONFIDENTIAL**
**VIA REGISTERED MAIL**

Sentinel Reinsurance, Ltd.
c/o Services Cayman Limited
PO Box 10008
Willow House
Cricket Square
Grand Cayman KY1-1001
Cayman Islands

Re:     Restraining Notice Pursuant to NY CPLR 5222 in connection with *UBS Securities LLC et al. v. Highland Capital Management, L.P. et al.*, No. 650097/2009 (N.Y. Sup. Ct.)

To Whom It May Concern:

We represent UBS Securities LLC and UBS AG London Branch (together, "UBS") in connection with pending litigation in the Supreme Court of the State of New York against Highland CDO Opportunity Master Fund, L.P. ("CDO Fund") and Highland Special Opportunities Holding Company ("SOHC," and together with CDO Fund, the "Funds"), among other defendants, in a consolidated action captioned *UBS Securities LLC et al. v. Highland Capital Management, L.P. et al.*, No. 650097/2009 (N.Y. Sup. Ct.) (the "UBS Litigation").

On February 10, 2020, a judgment was entered in the UBS Litigation in favor of UBS and against Defendant Highland CDO Opportunity Master Fund, L.P. for the sum of $531,619,426.24 and against Defendant Highland Special Opportunities Holding Company for the sum of $510,771,605.55, for a combined total including prejudgment interest (but excluding post-judgment interest) of $1,042,391,031.79. Pursuant to section 5222 of the New York Civil Practice Law and Rules, UBS has issued restraining notices to the Funds, which have the effect of forbidding the Funds, as judgment debtors, from making or suffering any sale, assignment, transfer, or interference with any property in which the Funds have an interest, until the judgment is satisfied (the "Restraining Notices").

A recent investigation has revealed that in or around August 2017, shortly after rulings were issued in favor of UBS in the UBS Litigation and in advance of the impending trial, substantially all of the assets of the Funds, which had a face value of more than $300 million in

May 14, 2021
Page 2

**LATHAM&WATKINS**LLP

the aggregate (the "Transferred Assets") were fraudulently transferred to Sentinel Reinsurance, Ltd. ("Sentinel"). Upon information and belief, the transfer was orchestrated by, among others, James Dondero and Scott Byron Ellington, who indirectly own and control Sentinel. The assets were transferred pursuant to a so-called purchase agreement (the "Purchase Agreement"), purportedly to satisfy a $25,000,000 premium on a $100,000,000 "after the event" legal liability insurance policy issued by Sentinel (the "Insurance Policy"). The Insurance Policy was supposedly intended to insure against an adverse judgment in the UBS Litigation—notwithstanding that the Transferred Assets were worth more than double the amount of the premium and policy limit combined—yet no payment has been made by Sentinel in satisfaction of the February 10, 2020 judgment against the Funds.

Among the assets that were purportedly transferred to Sentinel are assets held by CDO Fund related to Greenbriar CLO Ltd., Greenbriar CLO Corp., Aberdeen Loan Funding Ltd., Eastland CLO Ltd., Grayson CLO Ltd., Valhalla CLO Ltd., and Governance Re, Ltd., including cash payments related to those assets (collectively, the "CDO Fund Assets").

Pursuant to section 5222(b) of the New York Civil Practice Law and Rules, upon receipt of the Restraining Notices, Sentinel is required to restrain any property in its possession or custody in which the Funds, as judgment debtors, have or will have an interest, including the Transferred Assets. This includes assets held by a third party in which the judgment debtor possesses a sufficient interest, including where such assets were fraudulently conveyed by the judgment debtor. *See Bingham v. Zolt*, 231 A.D.2d 479 (1st Dep't 1996), *ERA Mgt. v. Morrison Cohen Singer & Weinstein*, 199 A.D.2d 179 (1st Dep't 1993); *780 E. LLC v. Commerce Bank*, 2005 N.Y. Misc. LEXIS 8564 (Sup. Ct. N.Y. County 2005); *Blue Giant Equip. v. Tec-Ser*, 92 A.D.2d 630 (3d Dep't 1983), *Pensmore Invs. v. Gruppo, Levey & Co.*, 2015 N.Y. Misc. LEXIS 1403 (Sup. Ct. N.Y. County 2018) (Kornreich, J.); *Berkshire Bank v. Tedeschi*, 2016 U.S. Dist. LEXIS 32930 (N.D.N.Y. 2016).

Enclosed are copies of the Restraining Notices. Please confirm promptly that Sentinel will restrain the Transferred Assets held in its accounts. If you have any questions regarding the contents of this letter or the enclosures, please do not hesitate to contact my colleague Robert Allen at (424) 653-5563 or Robert.Allen@lw.com. You can also reach me directly at (202) 637-3323 or Andrew.Clubok@lw.com. We look forward to hearing from you.

Sincerely,

Andrew B. Clubok
of LATHAM & WATKINS LLP