# **EXHIBIT E**

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

# LATHAM&WATKINS LLP

July 21, 2021

**VIA EMAIL**

Stephen Leontsinis
Collas Crill
Floor 2, Willow House
Cricket Square, Grand Cayman
Cayman Islands, KY1-1001

Re:    *UBS Securities LLC and UBS AG London Branch v. Highland Capital Management et al.* (Index No. 650097/2009)

Counsel:

We write in response to your letter dated July 15, 2021.

First, contrary to your denial of "any allegations of wrongdoing against Sentinel," Sentinel's involvement in the fraudulent scheme of Mr. Dondero and Mr. Ellington is well-documented: at a minimum, Sentinel, owned and controlled by Mr. Dondero and Mr. Ellington, issued an insurance policy used in this scheme and well over $100 million worth of assets went into Sentinel bank accounts supposedly to satisfy a $25 million premium.  And despite a billion dollar judgment being entered against the insureds, Sentinel has not paid out a cent on the insurance policy, but instead fraudulently transferred assets to yet another Dondero- and Ellington-controlled entity—Sebastian Clarke. These basic facts (and numerous others) are not reasonably in dispute.

Second, your claim that the information subpoena has not been served "via proper channels and in accordance with the Hague Convention" is baseless, and you noticeably fail to explain *how* service did not satisfy the requirements of the Hague Convention.  As you should know, Article 10 of the Hague Convention—to which the United Kingdom has not objected—allows for service of New York process by a local process server or mail in the Cayman Islands.  *See UMG Recordings, Inc. v Kobler*, 2015 WL 4764207 (Sup. Ct., New York County 2015) (private service of foreign process is permissible "[p]ursuant to Article 10 of the Hague Convention, provided that the country where a defendant is to be served does not object," and the United Kingdom has not objected); *Mutual Benefits Offshore Fund v. Zelster*, 140 A.D.3d 444 (1st Dep't 2016) ("service of process by mail directly to persons abroad is authorized by article 10(a) of the Hague Convention . . . so long as the destination state does not object to such service"); *Ghostbed, Inc. v. Casper Sleep, Inc.*, 315 F.R.D. 689, 692 (S.D. Fla. 2016) ("[t]he United Kingdom – and therefore the Cayman Islands – has not objected to Article 10(a) and, hence, permits service by postal channel").  Here, the subpoena was hand-delivered by a local process server on July 8, 2021.  Further, we understand that since your last letter, the original subpoena was served by registered mail on July 16, 2021.  Therefore, there is no good faith basis for asserting that service was

LATHAM&WATKINS LLP

ineffective or did not satisfy the Hague Convention. We expect Sentinel to comply fully with the information subpoena properly served upon it.

Third, you contend that Sentinel is a captive insurance company under the law of the Cayman Islands, and that it has engaged Beecher Carlson (Cayman) Ltd ("Beecher") as its insurance manager. You also indicated that Beecher's parent company was subpoenaed in a separate action for materials you characterized as "materially the same or similar to the information subpoena which is the subject of this letter." That statement, even if it were accurate, is irrelevant and would not relieve Sentinel of its obligations to respond to the valid subpoena here. At bottom, Sentinel must provide verified, under oath, responses to the questions in the information subpoena irrespective of whether it has any documents in its possession. The engagement of a Cayman insurance manager does not inoculate Sentinel from properly served discovery obligations.

Finally, you stated that Sentinel was in the process of engaging US counsel for advice regarding jurisdiction. That was six days ago. If Sentinel intends to comply with the information subpoena, we are willing to negotiate a reasonable extension. But if Sentinel continues to hide behind ginned up procedural objections and does not promptly state its intention to comply, we will enforce this subpoena in court with no further advanced notice.

Make no mistake, we will not allow Sentinel to continue to assist Mr. Dondero and Mr. Ellington in hiding assets that are owed to UBS pursuant to a lawfully entered judgment, and we are prepared to pursue all lawful avenues to force Sentinel's compliance and hold Sentinel responsible for its fraudulent actions. We would rather that Sentinel come clean and assist us in obtaining the money UBS is lawfully owed. In that spirit, please let us know no later than Friday, July 23 whether Sentinel will comply. If we do not hear from you by that date, we will understand that Sentinel refuses to comply and will proceed accordingly.

Sincerely,

*/s/ Jason R. Burt*

Jason R. Burt
**LATHAM & WATKINS LLP**