# **EXHIBIT F**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| UBS SECURITIES LLC and<br>UBS AG LONDON BRANCH,<br><br>      Plaintiffs,<br><br> - against -<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND CDO OPPORTUNITY MASTER FUND, L.P., HIGHLAND SPECIAL OPPORTUNITIES HOLDING COMPANY, HIGHLAND FINANCIAL PARTNERS, L.P., HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P., HIGHLAND CRUSADER OFFSHORE PARTNERS, L.P., HIGHLAND CREDIT OPPORTUNITIES CDO, L.P., and STRAND ADVISORS, INC.,<br><br>      Defendants. | Index No.: 650097/2009<br><br>Hon. Melissa Crane<br><br>**INFORMATION SUBPOENA** |

## The People of the State of New York

**To:** Beecher Carlson (Cayman) Ltd.
   c/o HLX MANAGEMENT LTD.
   P. O. Box 31325
   5th Floor Anderson Square Building,
   64 Shedden Road,
   Grand Cayman
   KY1-1206
   Cayman Islands

  **WHEREAS**, in the above-captioned action in the Supreme Court of the State of New York, County of New York, between the plaintiffs UBS Securities LLC and UBS AG London Branch (together, "Plaintiffs") and the defendants Highland Capital Management, L.P., Highland CDO Opportunity Master Fund, L.P., Highland Special Opportunities Holding Company, Highland Financial Partners, L.P., Highland Credit Strategies Master Fund, L.P., Highland Crusader Offshore Partners, L.P., Highland Credit Opportunities CDO, L.P., and Strand Advisors, Inc. (together, "Defendants"), a judgment was entered on February 10, 2020, in favor of Plaintiffs, judgment creditors, and against Defendant Highland CDO Opportunity Master Fund, L.P. for the sum of $531,619,426.24 and against Defendant Highland Special Opportunities Holding Company

(together with Highland CDO Opportunity Master Fund, L.P., the "Judgment Debtors") for the sum of $510,771,605.55, for a combined total including prejudgment interest (but excluding post-judgment interest) of $1,042,391,031.79—the entire sum of which, together with interest thereon, remains due and unpaid;

**WHEREAS**, it is believed that you either (a) possess information about a Judgment Debtor (or both Judgment Debtors) that will assist in Plaintiffs' collection of the aforementioned judgment, (b) owe a debt to a Judgment Debtor (or both Judgment Debtors), or (c) are in possession or custody of property in which a Judgment Debtor (or both Judgment Debtors) has an interest;

**NOW, THEREFORE, YOU ARE COMMANDED** to answer, in writing and under oath, separately and fully, each question in the questionnaire accompanying this subpoena, each answer referring to the question to which it responds; and to return the answers together with the original questions within seven (7) days of your receipt of this subpoena and accompanying questionnaire.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

**I HEREBY CERTIFY** that this information subpoena complies with Rule § 5224 of the New York Civil Practice Law and Rules and Section 601 of the General Business Law, and that I have a reasonable belief that the party receiving this subpoena has in their possession information about the Judgment Debtor(s) that will assist Plaintiffs, as the creditors, in collecting the judgment.

**DATED** this 21st day of July, 2021.

**LATHAM & WATKINS LLP**

By: _/s/ Shannon McLaughlin_

Andrew Clubok
Shannon McLaughlin
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-4612
Email: andrew.clubok@lw.com
          shannon.mclaughlin@lw.com

*Counsel for UBS Securities LLC and UBS AG London Branch*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| UBS SECURITIES LLC and<br>UBS AG LONDON BRANCH,<br><br>      Plaintiffs,<br><br> - against -<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND CDO OPPORTUNITY MASTER FUND, L.P., HIGHLAND SPECIAL OPPORTUNITIES HOLDING COMPANY, HIGHLAND FINANCIAL PARTNERS, L.P., HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P., HIGHLAND CRUSADER OFFSHORE PARTNERS, L.P., HIGHLAND CREDIT OPPORTUNITIES CDO, L.P., and STRAND ADVISORS, INC.,<br><br>      Defendants. | Index No.: 650097/2009<br><br>Hon. Melissa Crane<br><br>**QUESTIONS IN CONNECTION WITH INFORMATION SUBPOENA** |

## The People of the State of New York

**To:** Beecher Carlson (Cayman) Ltd.
   c/o HLX MANAGEMENT LTD.
   P. O. Box 31325
   5th Floor Anderson Square Building,
   64 Shedden Road,
   Grand Cayman
   KY1-1206
   Cayman Islands

   _____being duly sworn deposes and says; that deponent is the _____of _____, recipient of an information subpoena herein and of the original and a copy of questions accompanying said subpoena.[1] The answers set forth below are made from information obtained from the records of the recipient.

---

[1] N.Y. CPLR § 5224(a)(3) provides: "Answers shall be made in writing under oath by the person upon whom served, if an individual, or by an officer, director, agent or employee having information, if a corporation, partnership or sole proprietorship. Each question shall be answered separately and fully and each answer shall refer to the question to which it responds. Answers shall be returned together with the original of the questions within seven days after receipt."

## DEFINITIONS

The terms utilized herein shall have the meanings specified below. Any term referencing any business, legal, or governmental entity or association shall be deemed a reference to any and all of its predecessors, successors, affiliates, and subsidiaries, as well as any and all of its past or present officers, directors, partners, members, managers, employees, consultants, advisors, representatives, attorneys, and agents. Defined terms include the following:

1. "Asset" means anything tangible or intangible that is capable of being owned or controlled to produce value of ownership that can be converted into cash.

2. "BC Caymans" means Beecher Carlson (Cayman) Ltd.

3. "CDO Fund" means Highland CDO Opportunity Master Fund, L.P.

4. "Collateral" means an Asset or Interest pledged to secure a loan or Debt.

5. "Communication" means the transmittal of information, in the form of facts, opinions, ideas, data transmission, inquiries or otherwise, whether oral, written or electronic.

6. "Debt" or "Indebtedness" of any Person means:

    a. all obligations of such Person for borrowed money;

    b. all obligations of such Person for (i) the deferred purchase price of any Asset, Interest, or services and (ii) any earn-out, purchase price adjustment or similar obligation until such obligation appears in the liabilities section of the balance sheet of such Person;

    c. all obligations of such Person evidenced by notes, bonds, debentures, or other similar instruments;

    d. all obligations created or arising under any conditional sale or other title retention agreement with respect to an Asset or Interest acquired by such Person;

  e. all obligations of such Person to purchase, redeem, retire, defease, or otherwise make any payment in respect of any equity interests in such Person or any other Person or any warrants, rights, or options to acquire such equity interests, valued, in the case of redeemable preferred interests, at the greater of its voluntary or involuntary liquidation preference plus accrued and unpaid dividends;

  f. all obligations of such Person, contingent or otherwise, as an account party or applicant under acceptance, letter of credit or similar facilities in respect of obligations of the kind referred to in subsections (a) through (e) of this definition;

  g. all guaranty obligations of such Person in respect of obligations of the kind referred to in subsections (a) through (f) above;

  h. all obligations of the kind referred to in subsections (a) through (g) above secured by (or which the holder of such obligation has an existing right, contingent or otherwise, to be secured by) any lien or encumbrance on an Asset or Interest (including accounts and contract rights) owned by such Person, whether or not such Person has assumed or become liable for the payment of such obligation; and

  i. all Debt of any partnership, limited liability company or unincorporated joint venture in which such Person is a general partner, a member, or a joint venturer, respectively (unless such Debt is expressly made non-recourse to such Person).

7. "Document" means each and every writing, of whatsoever nature, whether an original, draft or a copy, however produced or reproduced, and each and every tangible thing from which information can be processed or transcribed. This term includes, but is not limited to, any written, recorded, computer-generated, computer-stored or graphic matter, letters, correspondence, photographs, videos, telegrams, telexes, drawings, artistic renderings,

work sheets, prints, memoranda, reports, calendar and diary entries, notes, drafts, books, pamphlets, graphics, mechanical or electrical reproductions or reproductions of any kind, and copies of any Documents which are not identical duplicates or originals (*e.g.* because handwritten or "blind" copy notes appear thereon or are attached thereto).

8. "Indebted" as to a Person, refers to that Person's present or future condition of Debt or Indebtedness to another Person.

9. "Interest" means (but not by way of limitation) money, checks, drafts, bullion, bank deposits, savings accounts, notes, debentures, stocks, bonds, coupons, and other financial securities, bankers' acceptances, mortgages, pledges, liens or other rights in the nature of security, warehouse receipts, bills of lading, trust receipts, bills of sale, any other evidences of title, ownership or indebtedness, powers of attorney, goods, wares, merchandise, chattels, stocks on hand, ships, goods on ships, real estate mortgages, deeds of trust, vendors' sales agreements, land contracts, real estate and any interest therein, leaseholds, ground rents, options, negotiable instruments, trade acceptances, royalties, book accounts, accounts payable, judgments, patents, trademarks, copyrights, contracts or licenses affecting or involving patents, trademarks or copyrights, insurance policies, safe deposit boxes and their contents, annuities, pooling agreements, contracts of any nature whatsoever, services, and any other property, real, personal, or mixed, tangible or intangible, or interest or interests therein, present, future or contingent.

10. "Judgment Debtor" or "Judgment Debtors" means CDO Fund and SOHC, together or separately as context requires.

11. "Person" means without limitation any natural person, corporation, partnership, proprietorship, association, public authority, municipal corporation, limited liability company, limited liability partnership, state government, or local or county government.

12. "SOHC" means Highland Special Opportunities Holding Company.

13. "Record" means Documents and/or Communications.

14. "You" or "Your" means BC Caymans.

15. "Your Institution" means any of Your corporate parents, any of Your subsidiaries, and/or any other corporate entities related to or affiliated with You.

16. "UBS" means UBS Securities, LLC, and UBS AG London Branch.

## INSTRUCTIONS

1. Each Request shall be answered separately and fully, in writing and under oath.

2. No Request shall be read as limiting any other Request.

3. The terms used herein are to be given their most expansive and inclusive interpretation unless otherwise expressly limited. This includes, without limitation, the following:

    a. construing "and" and "or" in the disjunctive or conjunctive as necessary to make a request more inclusive;

    b. construing "any" to mean any, all, each, and every;

    c. construing "among" to mean between or among and vice versa;

    d. construing the masculine, feminine, or neutral pronouns to include other genders;

    e. construing the singular form of a word to include the plural and vice versa;

    f. construing the present tense of a verb to include its past tense and vice versa; and

    g. construing "concerning," "relating to," and "regarding" broadly to mean all information, facts, Communications, or Documents that directly, indirectly, or in any other way support, concern, negate, bear upon, touch upon, incorporate, affect, include, pertain to, or are otherwise connected with the subject matter of the Request.

4. In answering these Requests, rely upon all information available to You or Your Institution, including information in the possession of Your or Your Institution's employees, attorneys, consultants, investigators for Your or Your Institution's attorneys, and those otherwise subject to Your control, and not merely information known based on personal knowledge.

5. When a Request asks that You "identify" a Communication, You shall:

    a. state the date and place of such Communication;

  b. identify each Person present at, involved in, connected with, or who participated in such Communication;

  c. identify the type of Communication (e.g., letter, conference, meeting, telephone conversation, etc.);

  d. state the substance of such Communication;

  e. identify each Document reflecting or comprising such Communication; and

  f. describe all actions taken as a result of the Communication.

6. When a Request asks that You "identify" an individual, You shall state with respect to such individual:

  a. his or her name;

  b. his or her present or last-known employer and present or last-known position; and

  c. all positions he or she held with You or Your Institution, including the dates each such period of employment commenced and terminated, and a brief description of the responsibility of such position.

7. When a Request asks that You "identify" a Document, You shall state:

  a. the individual(s) who prepared and/or drafted the Document;

  b. the individual(s) who received and/or approved the Document;

  c. the type of Document (e.g., letter, memorandum, etc.); and

  d. a description of the Document.

Alternatively, if the Document has been produced to UBS, You may describe the Document specifically enough for UBS to locate it in Your or Your Institution's Document production.

REQUEST NO. 1:    Do You or Your Institution have a Record of any account (open or closed) in which any Judgment Debtor may have an Asset or Interest, or may have had an Asset or Interest, whether under the name of any Judgment Debtor, under a trade or corporate name, or in association with others, as of the date of the subpoena or at any time prior thereto?

RESPONSE TO REQUEST NO. 1:

REQUEST NO. 2:    As to each and every account justifying Your response to Request No. 1, if any, please provide (a) the exact title of the account, (b) the date opened, (c) the names and addresses of the account holders, and (d) the amount presently on deposit. If any such account is closed, also provide: (a) the amount on deposit when closed, and (b) the date closed.

RESPONSE TO REQUEST NO. 2:

REQUEST NO. 3:    As to each account described in Request No. 2, if any, please provide (a) the highest value or balance of the account between December 5, 2008 and present and (b) the date on which this value or balance was held.

RESPONSE TO REQUEST NO. 3:

REQUEST NO. 4:    As to each account identified in Your responses to Request Nos. 1 through 3, if any, please identify all transactions completed between December 5, 2008 and the present

RESPONSE TO REQUEST NO. 4:

REQUEST NO. 5:    Do You or Your Institution have a Record of any safe deposit box in which any Judgment Debtor may have an Interest, whether under the name of the Judgment Debtor, under a trade or corporate name, or in association with others, as of the date of the subpoena or at any time prior thereto?

RESPONSE TO REQUEST NO. 5:

REQUEST NO. 6:    As to each and every safe deposit box justifying Your response to Request No. 5, if any, please provide (a) the exact designation of the lessees thereof, (b) the date hired, (c) whether the box is presently maintained or discontinued and, (d) if discontinued, the date the box was discontinued and the names of those who previously had access thereto

RESPONSE TO REQUEST NO. 6:

REQUEST NO. 7:    Do You or Your Institution hold Collateral in which any Judgment Debtor has or may have an Interest?

RESPONSE TO REQUEST NO. 7:

REQUEST NO. 8:    As to each and every item of Collateral justifying Your response to Request No. 7, if any, please provide the description and value of each item of Collateral

RESPONSE TO REQUEST NO. 8:

REQUEST NO. 9:    What Interest does or did the Judgment Debtor appear to have in each item of Collateral identified in Request No. 8?

RESPONSE TO REQUEST NO. 9:

REQUEST NO. 10:    Is any Judgment Debtor or its affiliate Indebted to You or Your Institution in any way not otherwise addressed herein?

RESPONSE TO REQUEST NO. 10:

REQUEST NO. 11:   As to each and every Indebtedness justifying Your response to Request No. 10, if any, please provide (a) the amount of the original Indebtedness, (b) the nature of such Indebtedness, (c) the date incurred, (c) the amount repaid, and (d) the date of such repayment(s).

RESPONSE TO REQUEST NO. 11:

REQUEST NO. 12:   Do You or Your Institution hold any lien, mortgage or other instrument, against an Asset or Interest of any Judgment Debtor or its affiliates?

RESPONSE TO REQUEST NO. 12:

REQUEST NO. 13:   As to each and every lien, mortgage or other instrument justifying Your response to Request No. 12, if any, please provide (a) the nature of each such instrument, (b) the full description of the Asset or Interest affected by the instrument, (c) the location and identity of the office of the filing or recording and full indexing information, and (d) any other known owners of such Asset or Interest.

RESPONSE TO REQUEST NO. 13:

REQUEST NO. 14:   Are You or Your Institution in possession or custody of any Asset or Interest of any Judgment Debtor or any Judgment Debtor's affiliate, even if subject to liens, attachments, or other encumbrances?

RESPONSE TO REQUEST NO. 14:

REQUEST NO. 15:   As to each and every Asset or Interest justifying Your response to Request No. 14, if any, please provide (a) a description of the Asset or Interest, (b) the location of the Asset or Interest, (c) the present value of the Asset or Interest, and (d) the custodian of each such Asset or Interest.

RESPONSE TO REQUEST NO. 15:

REQUEST NO. 16:    Are You or Your Institution involved in or aware of any transactions involving any Judgment Debtor, directly or indirectly, as a result of which the Judgment Debtor may now or in the future be entitled to money, credit, or other Interest?

RESPONSE TO REQUEST NO. 16:

REQUEST NO. 17:    As to each and every transaction justifying Your response to Request No. 16, if any, please provide a detailed description of the transaction.

RESPONSE TO REQUEST NO. 17:

REQUEST NO. 18:    Has there been any Communication between You or Your Institution and any Judgment Debtor respecting its financial condition?  Please identify any such Communication.

RESPONSE TO REQUEST NO. 18:

REQUEST NO. 19:    As to any Assets or Interests disclosed in any Communication identified in Request No. 18: please provide a description of any such Assets or Interests.

RESPONSE TO REQUEST NO. 19:

REQUEST NO. 20:    Is any Judgment Debtor an endorser or guarantor of any Debt to You or Your Institution?

RESPONSE TO REQUEST NO. 20:

REQUEST NO. 21: As to each and every endorsement or guarantee justifying Your response to Request No. 20, if any, please provide (a) the name and address of the principal debtor, (b) the amount of Indebtedness, (c) the date the Debt was incurred, (d) the amount repaid, and (e) the date of any such repayment.

RESPONSE TO REQUEST NO. 21:

REQUEST NO. 22: Do You or Your Institution have any Record of any Judgment Debtor's signatory powers to any account that is not registered under the Judgment Debtor's name?

RESPONSE TO REQUEST NO. 22:

REQUEST NO. 23: As to each and every account justifying Your response to Request No. 22, if any, please identify all transactions completed between December 5, 2008 and the present.

RESPONSE TO REQUEST NO. 23:

REQUEST NO. 24: Do You or Your Institution have awareness of any claim (including counterclaims or contingent or unliquidated claims) of any nature or kind that any Judgment Debtor has against any Person?

RESPONSE TO REQUEST NO. 24:

REQUEST NO. 25: As to each and every claim justifying Your response to Request No. 24, if any, please describe (a) the nature of each such claim, (b) the amount or value of any such claim, (c) the name and address of all Persons against whom the Judgment Debtor has or will have a claim.

RESPONSE TO REQUEST NO. 25:

REQUEST NO. 26:    Has any Judgment Debtor or its affiliate (or agent acting on behalf of its affiliate) transferred, sold, conveyed, or otherwise converted any tangible or intangible Asset or Interest to any Person?

RESPONSE TO REQUEST NO. 26:

REQUEST NO. 27:    As to each and every transfer, sale, conveyance, or conversion justifying Your response to Request No. 26 please provide (a) the full name of the recipient(s), (b) the address of the recipient(s), and (c) the date of any such transfer, sale, conveyance, or conversion.

RESPONSE TO REQUEST NO. 27:

REQUEST NO. 28:    Are You or Your Institution aware of any Records of or with respect to any Judgment Debtor that have been destroyed, discarded, or otherwise disposed of?

RESPONSE TO REQUEST NO. 28:

REQUEST NO. 29:    Please describe each and every such destroyed, discarded, or disposed of Record justifying Your response to Request No. 28, if any, in detail, including but not limited to the circumstances of their disposal.

RESPONSE TO REQUEST NO. 29:

REQUEST NO. 30:    Are You or Your Institution aware that any Judgment Debtor or its affiliate (or agent acting on behalf of its affiliate) concealed any money, property, or other Asset or Interest of any kind and/or has any Judgment Debtor or its affiliate (or agent acting on behalf of its affiliate) committed any fraudulent act or transfer with respect to such money, property, or other Asset or Interest?

RESPONSE TO REQUEST NO. 30:

REQUEST NO. 31: Please describe any such concealment, act, or transfer relating to Your response to Request No. 30 in detail, as well as the circumstances surrounding such concealment, act, or transfer.

RESPONSE TO REQUEST NO. 31:

REQUEST NO. 32: Please identify any Communication You or Your Institution has had with any Judgment Debtor (or agent acting on behalf of a Judgment Debtor) concerning the above-captioned action in the Supreme Court of the State of New York, County of New York.

RESPONSE TO REQUEST NO. 32:

REQUEST NO. 33: Please identify any Communications You or Your Institution has had with any Judgment Debtor concerning the Legal Liability Insurance Policy dated as of August 1, 2017 between Sentinel Reinsurance, Ltd. as Insurer and Highland CDO Opportunity Master Fund, LP, Highland CDO Holding Company, and Highland Special Opportunities Holding Company as Insureds.

RESPONSE TO REQUEST NO. 33:

REQUEST NO. 34: Please identify any Communication You or Your Institution has had with any Judgment Debtor concerning the Purchase Agreement dated as of August 7, 2017 between Sentinel Reinsurance, Ltd. as Purchaser and each of Highland CDO Opportunity Master Fund, L.P., Highland CDO Holding Company, and Highland Special Opportunities Holding Company as Sellers.

RESPONSE TO REQUEST NO. 34:

REQUEST NO. 35: Please identify any sales, transfers, conveyances, or conversions of the Assets or Interests listed in Schedule A to the Purchase Agreement described in Request No. 34 in which You or Your Institution were involved or of which You or Your Institution are aware:

please (1) identify and describe in detail any such sale, transfer, conveyance, or conversion including but not limited to (a) the full name of any recipient(s), (b) the address of any recipient(s), (c) the price paid or consideration given, if any, by the recipient, and (d) the date of any such transfer, sale, conveyance, or conversion.

RESPONSE TO REQUEST NO. 35:

REQUEST NO. 36:   Please identify any Communications You or Your Institution has had with any Judgment Debtor concerning the June 30, 2018 Memorandum entitled "Tax Consequences of Sentinel Acquisition of HFP/CDO Opportunity Assets": please (1) identify any such Communication.

RESPONSE TO REQUEST NO. 36:

REQUEST NO. 37:   Have You or Your Institution had any financial, business, or other relationship with any Judgment Debtor (or agent, trustee, officer, or director thereof, including in their capacity as individuals) within the past two years?

RESPONSE TO REQUEST NO. 37:

REQUEST NO. 38:   Please identify each and every Person and relationship justifying your response to Request No. 37.

RESPONSE TO REQUEST NO. 38:

REQUEST NO. 39:   Are You or Your Institution Indebted to any Judgment Debtor or its affiliate in any way not otherwise addressed herein?

RESPONSE TO REQUEST NO. 39:

REQUEST NO. 40:    As to each and every Indebtedness justifying Your response to Request No. 39, if any, please provide (a) the amount of the original Indebtedness, (b) the nature of such Indebtedness, (c) the date incurred, (c) the amount repaid, and (d) the date of such repayment(s).

RESPONSE TO REQUEST NO. 40:

REQUEST NO. 41:    Please detail the steps taken to verify that all information supplied herein is true and complete and that no responsive information has been omitted.

RESPONSE TO REQUEST NO. 41:

[[SIGNATURES TO FOLLOW]]

I have personally completed this questionnaire. The answers supplied herein are true, correct, and complete to the best of my knowledge.

_____

**Signature of Deponent**

_____

**Print Name of Deponent**

Sworn to before me on this ___ day of _____, 2021.

_____

**Notary Public**


Return to:     **LATHAM & WATKINS LLP**
                       Attention: Andrew Clubok and Shannon McLaughlin
                       1271 Avenue of the Americas
                       New York, New York 10020
                       (212) 906-1200
                       andrew.clubok@lw.com
                       shannon.mclaughlin@lw.com