## **EXHIBIT H**

**FOLEY**

FOLEY & LARDNER LLP

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212-682-7474 TEL
212-687-2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212-338-3496
kcatanese@foley.com EMAIL

August 18, 2021

**VIA EMAIL**

Jason R. Burt
Latham & Watkins LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, D.C. 2004-1304
jason.burt@lw.com

> Re: *UBS Securities LLC and UBS AG London Branch v. Highland Capital Management et al.* (Index No. 650097/2009)

Dear Mr. Burt,

We write as a follow-up to your letter dated August 10, 2021 ("UBS Letter"). We have reviewed the cases cited in the UBS Letter and stand by our position that the Third Party Discovery Documents[1] (including an information subpoena, the "Subpoena") UBS attempted to serve on Sentinel, a ***non-party*** entity incorporated in the Cayman Islands, via service on its registered agent without consideration of the law in the Cayman Islands, are not enforceable outside of the United States. As previously indicated in the letter to you from Collas Crill on July 15, 2021 as a matter of Cayman Islands law, in order for service to be effective on Sentinel in the Cayman Islands, the Subpoena needs to be served via the proper channels and in accordance with the Hague Evidence Convention.

You continue to cite to CPLR 5224(a)(3) in support of the Subpoena; however, the manner of service of the Subpoena as proscribed by the CPLR is irrelevant as to whether New York judgment creditors have jurisdiction to enforce compliance with a subpoena seeking discovery and information from a foreign non-party. As New York Courts have held, with respect to enforcement of Article 52 discovery, "[s]o long as the Court has in personam jurisdiction over a defendant or judgment creditor[,] there is neither a statutory or a due process bar to the Service provided by 5524(a)(3) whether that service is in-state or out." *Estate of Robert Marceca*, 2006 N.Y. Misc. LEXIS 5240, *8, 236 N.Y.L.J. 69 (*citing Banco Do Estado De Sao Paulo S.A. v. Mendes Junior Int'l. Co.*, 1997 N.Y. Misc. LEXIS 786 (Sup. Ct. 1997)) (emphasis added).

Here, as you acknowledge in your letter, Sentinel is ***not a party*** to UBS's proceeding against the Highland entities (or any other proceeding), and is a foreign entity incorporated in the

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in my letter to you dated August 4, 2021.

| BOSTON | JACKSONVILLE | MILWAUKEE | SAN DIEGO | TALLAHASSEE |
| BRUSSELS | LOS ANGELES | NEW YORK | SAN FRANCISCO | TAMPA |
| CHICAGO | MADISON | ORLANDO | SHANGHAI | TOKYO |
| DETROIT | MIAMI | SACRAMENTO | SILICON VALLEY | WASHINGTON, D.C. |

4813-9708-4660.10



FOLEY & LARDNER LLP

Cayman Islands. It does not have offices in New York, conduct business in New York, or hold property belonging to the Highland judgment debtors. The insured parties here are not U.S. entities and, therefore, the losses they suffered were also incurred outside of the U.S. Further, the information sought by the Subpoena is information originating in the Cayman Islands and disclosure of such information (once the Subpoena is properly served) will be governed by the laws of the Cayman Islands.

As such, the Subpoena propounded by UBS on Sentinel is not allowable, since Sentinel, a non-party entity incorporated in the Cayman Islands and a stranger to UBS' proceeding, is not subject to the New York Court's jurisdiction. *See Marceca*, 2006 N.Y. Misc. LEXIS 5240 at *11-12 (finding that since wife of a judgment debtor located outside of New York state "was not a party to the underlying proceeding, no jurisdiction having been obtained over her in that proceeding, and the principles of long-arm jurisdiction are inapplicable to disclosure under CPLR Article 52 … service of the restraining notice on Mrs. Kingsford outside the state were improper.") (*citing Siemens & Halske, Gmbh v. Gres* (37 A.D.2d 768 [*12] [1st Dept 1971]); *Israel Discount Bank Limited v. P.S. Products corp.* (65 Misc. 2d 1002 [Sup. Ct., NY County 1971])).

As stated in our previous letter, *Orlich* and its progeny apply, regardless of whether the discovery sought is through an information subpoena or otherwise, as the use of non-judicial taking of evidence in a foreign country is "an affront to their sovereignty" and "[s]uch an exercise would be particularly offensive where, as here, the entity being subjected to the court-ordered fact gathering . . .*is not even a party to the litigation*. . ." *Orlich v. Helm Bros., Inc.*, 160 A.D.2d 135, 143 (1st Dep't 1990) (emphasis added). *See also Matter of Estate of Agusta*, 171 A.D.2d 595, 596 (1st Dept. 1991) (reversing Surrogate's Court order that a non-party witness who was an Italian citizen living in Monaco appear in New York for a deposition, finding that the Hague Evidence Convention needed to be used, particularly when the discovery is sought from a non-party); *Ayyash v. Koleilat*, 38 Misc. 3d 916 (N. Y. Sup. 2012), aff'd 115 A.D. 3d 495 (1st Dep't, 2014) (holding that party seeking to enforce foreign judgment had to use Hague Evidence Convention to obtain bank account information from branches outside of New York, even though the banks had branches in New York); *Peters v. Peters*, 127 A.D.3d 656 (1st Dep't 2015) (Hague Evidence Convention was appropriate to obtain discovery from non-party UBS, particularly where disclosure could violate Swiss banking law); *Intercontinental Credit Corp., Div. of Pan Am. Trade Dev. Corp. v. Roth*, 154 Misc. 2d 639 (Sup. Ct. 1991) (Hague Evidence Convention procedure required after *Agusta* to obtain disclosure from Israeli bank as to accounts held outside of the United States, even if Israeli banking laws were not clearly implicated); *Bank of Tokyo-Mitsubishi, Ltd., New York Branch v. Kvaerner*, 175 Misc. 2d 408 (Sup. Ct. 1998) (discussing *Agusta* and *Roth,* and agreeing with the finding that the only method to compel a deposition of a foreign non-party is under the Hague Convention since the entity whose deposition was sought was not under the jurisdiction of the New York court. "The key to the holding in both of those cases is that the discovery was sought from a non-party, that was not affiliated in any legal sense with the parties before the court.").



The cases cited in the UBS Letter supporting the proposition that service on Sentinel was proper are inapposite (and manner of service is irrelevant). These cases primarily discuss (i) service of an information subpoena *on the judgment debtor itself* or other party to the proceeding, and not on a third-party stranger to the action, or (ii) service of process on a would-be party to an action. Further, in certain cases, the parties at issue had either consented to jurisdiction in New York, had branches or other operations in New York, or other basis for jurisdiction to compel enforcement of the subpoenas. *See, e.g., Aquavella v. Equivision, Inc.*, 181 Misc.2d 322 (Sup. Ct. 1999) (subpoena served on judgment debtor); *Ghostbed, Inc. v. Casper Sleep, Inc.* 315 F.R.D. 689 (S.D. Fla. 2016) (service of process); *Harbor Footwear Group v. ASA Trading*, 1 Misc.3d 911(A) (Sup. Ct. 2004) (subpoena served on judgment debtor where same had agreed to arbitration in New York); *International Soc. for Krishna Consciousness, Inc. v. Lee*, 105 F.R.D. 435 (S.D.N.Y. 1984) (subpoena served on defendant Lufthansa; while a foreign-based company, Lufthansa conducted business within the United States and was found to be amenable to the jurisdiction of American courts for discovery purposes); *Wilson v. Lufthansa German Airlines*, 108 A.D.2d 393 (App. Div. 1985) (same); *U.S. Corrugated, Inc. v. Scott*, 2015 WL 6829381 (Sup. Ct. 2015) (subpoena served on judgment debtor); *Mutual Benefits Offshore Fund v. Zeltser*, 140 A.D.3d 444 (App. Div. 2016) (service of process); *UMG Recordings, Inc. v. Kobler*, 2015 WL 4764207 (Sup. Ct. 2015) (service of process); *Banco Do Estado De Sao Paulo S.A. v. Mendes Junior Int'l. Co.*, 1997 N.Y. Misc. LEXIS 786 (Sup. Ct. 1997) (subpoena served on judgment debtor).

Notwithstanding the above, as discussed on last week's call, Sentinel and its independent directors are preparing a response to UBS as to whether it will produce certain documents on a rolling basis. UBS had requested such a response by today; however, we have not yet received the list of key documents which UBS is requesting be produced first. We await receipt of that list from you, and will consider it and respond appropriately to it, in due course. As you may be aware, the Cayman Islands is currently closed for business as Tropical Storm Grace moves through the region, with many businesses having lost power. We will advise when things are back online.

Sentinel does not waive and hereby reserves any and all of its objections to the Third Party Discovery Documents, as well as the jurisdiction of the New York Supreme Court over Sentinel for any purpose whatsoever. In addition, Sentinel has not conceded coverage and reserves all rights to deny coverage with respect to any insurance policies issued to the Highland entities.



We welcome the opportunity to discuss these matters with you further.

Very Truly Yours,

/s/ Katherine R. Catanese

Katherine R. Catanese

cc:    Stephen Leontsinis, Collas Crill
Thomas Cahill, Duane Morrie