# **EXHIBIT I**

| | |
|---|---|
| **From:** | Catanese, Katie |
| **Sent:** | Friday, August 20, 2021 4:43 PM |
| **To:** | Jason.Burt@lw.com; Nann, Alissa M. |
| **Cc:** | Natascha.Steiner-Smith@collascrill.com; Stephen.Leontsinis@collascrill.com; TJCahill@duanemorris.com; Andrew.Clubok@lw.com; Sarah.Tomkowiak@lw.com; Sean.McMahon@lw.com; Danielle.McCall@lw.com; Shannon.McLaughlin@lw.com |
| **Subject:** | RE: Sentinel |

Jason,

      We are currently reviewing 61,000 documents--the number of pages is much greater--and have an appropriate number of reviewers reviewing the documents in our possession. We believe it will take 6-8 weeks to review the entire subset. We do not consent to provide you these documents on a rolling basis, and we do not consent to prioritize the list of documents you tardily sent to us yesterday. We will review the entire subset of documents and produce to Beecher the documents they are legally obligated to produce only after we have fully reviewed them.

      The tenor of your email is threatening and unnecessarily hostile. As was indicated to you on our call last week, it is directly contrary to your statements that you want to work cooperatively and is offensive. As we have reiterated on numerous occasions, this is not an issue of whether to cooperate with UBS or side with Sentinel's owners. The independent directors have duties to Sentinel and must ensure that their legal fiduciary obligations to Sentinel are met. Requiring Sentinel to turn over documents to UBS on a rolling basis is not an efficient use of Sentinel's limited time or resources. Although we still maintain that there is a consensual resolution that can be reached here, Sentinel's directors are unwilling to compromise their fiduciary duties to appease your hostility and unrealistic timeline, especially given the severe deficiencies in service and the lack of jurisdiction the New York Supreme Court has over Sentinel, as further described in our last letter. The 6-8 weeks it will take for Sentinel to complete its review of documents will in no way prejudice your client.

      Sentinel does not waive and hereby reserves any and all of its objections to the subpoenas that were improperly served on Sentinel, as well as the jurisdiction of the New York Supreme Court over Sentinel for any purpose whatsoever. In addition, Sentinel has not conceded coverage and reserves all rights to deny coverage with respect to any insurance policies issued to the Highland entities.

      Please govern yourselves accordingly.
Katie


Katherine R. Catanese
Foley & Lardner, LLP
90 Park Avenue
New York, NY 10016
O: 212-338-3496
C: 517-449-7587

---

**From:** Jason.Burt@lw.com <Jason.Burt@lw.com>
**Sent:** Thursday, August 19, 2021 4:13 PM
**To:** Catanese, Katie <KCatanese@foley.com>; Nann, Alissa M. <ANann@foley.com>
**Cc:** Natascha.Steiner-Smith@collascrill.com; Stephen.Leontsinis@collascrill.com; TJCahill@duanemorris.com; Andrew.Clubok@lw.com; Sarah.Tomkowiak@lw.com; Sean.McMahon@lw.com; Danielle.McCall@lw.com;

**Subject:** RE: Sentinel

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Katie,

Thank you for your note. As I made clear in my email yesterday, if we do not hear from Sentinel by tomorrow with a final answer on whether they will be producing documents on a rolling basis, we will unfortunately be forced to seek court intervention. The list we provided is purely a courtesy to help facilitate the first rolling document production; it has nothing to do with the question whether Sentinel will cooperate with the UBS. The directors have had months to make that decision, and we can delay no longer. If they agree to cooperate, we will of course work in good faith on a reasonable schedule of rolling production, starting with the categories of documents identified below. Further, your promise last Thursday to provide us at a bare minimum the volume and number of documents for review was in no way dependent on our provision the list below. We are disappointed that your letter yesterday did not include even this basic promised information. We sincerely hope that the answer tomorrow is that Sentinel will work with us in good faith, but we are prepared to move forward immediately if it is otherwise.

Best,
Jason

---

**From:** Catanese, Katie <KCatanese@foley.com>
**Sent:** Thursday, August 19, 2021 9:21 AM
**To:** Burt, Jason (DC) <Jason.Burt@lw.com>; Nann, Alissa M. <ANann@foley.com>
**Cc:** Natascha.Steiner-Smith@collascrill.com; Stephen.Leontsinis@collascrill.com; TJCahill@duanemorris.com; Clubok, Andrew (DC) <Andrew.Clubok@lw.com>; Tomkowiak, Sarah (DC) <Sarah.Tomkowiak@lw.com>; McMahon, Sean (NY) <Sean.McMahon@lw.com>; McCall, Danielle (DC) <Danielle.McCall@lw.com>; McLaughlin, Shannon (NY) <Shannon.McLaughlin@lw.com>
**Subject:** RE: Sentinel

Jason,

Thank you for this list. As I am sure you can understand, we need this list to consider the information you seek regarding the number of reviewers, amount of time for production, etc., and we were hoping to have this list last week after our call. As we clearly indicated on the call, upon receiving the list, we would assess the additional information you are seeking. At this point, the public reports indicate that the majority of Grand Cayman is without power or internet, and most businesses closed around 2pm on Tuesday to prepare for Tropical Storm Grace, which likely impacted the document review process. As soon as I am able to make contact with Cayman counsel and the independent directors regarding the below, we will be in touch.

Katie

Katherine R. Catanese
Foley & Lardner, LLP
90 Park Avenue
New York, NY 10016
O: 212-338-3496
C: 517-449-7587

---

**From:** Jason.Burt@lw.com <Jason.Burt@lw.com>
**Sent:** Wednesday, August 18, 2021 5:15 PM
**To:** Nann, Alissa M. <ANann@foley.com>
**Cc:** Catanese, Katie <KCatanese@foley.com>; Natascha.Steiner-Smith@collascrill.com;

Stephen.Leontsinis@collascrill.com; TJCahill@duanemorris.com; Andrew.Clubok@lw.com; Sarah.Tomkowiak@lw.com; Sean.McMahon@lw.com; Danielle.McCall@lw.com; Shannon.McLaughlin@lw.com
**Subject:** RE: Sentinel

**\*\* EXTERNAL EMAIL MESSAGE \*\***
Counsel:

We have received your letter of August 18, which does not address the central points the parties agreed to last Thursday. During that call, you specifically agreed to tell us no later than **today, August 18**, (1) the size and scope of review of documents Beecher has made available for Sentinel to review, and (2) whether Sentinel would cooperate with UBS in responding to the information subpoena by providing documents on a rolling basis or whether the parties are at an impasse. While we provide below the list of documents/categories of documents that should come first in a rolling production, UBS's provision of this list was never a condition of Sentinel providing answers to items (1) and (2) above. The decision whether Sentinel will cooperate has nothing to do with what documents UBS would like it to focus on first in a rolling production. Further, while we appreciate that "many businesses" have lost power in the Cayman Islands, you do not tell us whether this has specifically affected the directors or their ability to provide a response to items (1) and (2) today. We can thus only interpret your letter as further equivocation and refusal to cooperate.

Nonetheless, in a final showing of a good-faith effort to avoid needless litigation and in light of the tropical storm, we will allow the directors until this **Friday, August 20** to provide definitive answers to items (1) and (2) above. UBS will interpret any further equivocation or failure to provide definitive answers to items (1) and (2) as a refusal to cooperate and will proceed accordingly. The Sentinel directors have had time enough to decide whether to cooperate with UBS or side with Sentinel's owners in opposing UBS's efforts to obtain the lawful judgment owed it.

Best,
Jason

- Actuary engagement letters and reports (Jason Stubbs was an actuary involved, but there could be others)
- Audit engagement letters and reports
- Communications regarding Endorsements Nos. 1 and 2 to the Insurance Policy
- Reports, memos, or other valuations of the assets transferred from the judgment debtors and related entities in 2017 to satisfy the premium – at the time of transfer and subsequently
- The location and identity of the accounts that received or held the assets transferred by the judgment debtors and related entities in 2017 to satisfy the premium (both at the time the assets were received and any accounts to which these assets have subsequently been moved)
- Documents related to 2019 transfer of assets to Sebastian Clarke, including information about the bank accounts used to facilitate the transfer
- Emails to/from/cc/bcc Dondero and/or Ellington
- Minutes of board meetings starting April 2017
- Board resolutions (all board resolutions are sought, but focus is on those to the Insurance Policy, actuary reports, premium payment, and endorsements)
- Meetings with CIMA regarding the ATE policy
- Communications regarding "worthless" assets being taken off Sentinel's books / impacting Sentinel's audit outcomes, especially to/from CIMA

Please note that this is not an exhaustive list, and UBS reserves the right to supplement it and follow up on any items included in the list

**From:** Nann, Alissa M. <ANann@foley.com>
**Sent:** Wednesday, August 18, 2021 4:04 PM