PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Robert J. Feinstein (NY Bar No. 1767805) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX  75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| UBS SECURITIES LLC AND UBS AG LONDON BRANCH,<br><br>Plaintiffs,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Defendant. | Adversary Proceeding No.<br><br>21-03020 |

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357).  The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S JOINDER TO UBS'S OPPOSITION TO FOREIGN NON-PARTY SENTINEL REINSURANCE, LTD.'S MOTION FOR PROTECTIVE ORDER**

Highland Capital Management, L.P., the reorganized debtor and defendant in the above-captioned adversary proceeding ("Highland"), hereby submits this joinder (the "Joinder") in support of *UBS's Opposition to Foreign Non-Party Sentinel Reinsurance, Ltd.'s Motion for Protective Order* [Adv. Docket No. 108] (the "Opposition") and in opposition to *Foreign Non-Party Sentinel Reinsurance, Ltd.'s Motion for Protective Order* [Adv. Docket No. 106] (the "Motion"). In support of its Joinder, Highland respectfully states as follows:

**JOINDER**

1. In early 2021, Highland, through the diligence of the independent directors appointed by this Court (the "Independent Directors"), discovered that certain of Highland's former employees and management had caused Highland CDO Opportunity Master Fund, L.P. ("CDO Fund") and Highland Special Opportunities Holding Company ("SOHC," and together with CDO Fund, the "Funds"), among others, to transfer in excess of $300 million in face-amount of assets and securities to Sentinel Reinsurance, Ltd. ("Sentinel")[2] in August 2017 ostensibly to pay the $25 million "premium" on a $100 million "after-the-event" insurance policy (the "Policy"). The Policy was ostensibly designed to pay the costs of defending against the lawsuit brought by UBS Securities LLC and UBS AG London Branch (together, "UBS") against the Funds and any judgments entered in that suit. Because of these transfers, Highland was forced to renegotiate its settlement with UBS – a settlement ultimately approved by this Court.

---

[2] Sentinel is a Cayman-domiciled entity indirectly owned and controlled by James Dondero and Scott Ellington.

1

2. Since March 2021, CDO Fund has made multiple demands on the Policy; engaged in a lengthy letter-writing campaign with Sentinel and its directors;[3] and provided Sentinel and its directors with substantial information about the Policy and the assets transferred in August 2017.[4] To date, Sentinel has provided no relevant information in return and provided no insight into when (or if) CDO Fund will receive payments on the Policy and/or the return of its assets. Instead, Sentinel now states it must conduct an investigation[5] and review approximately 61,000 documents before it can begin its assessment of CDO Fund's rights under the Policy and whether to return (if possible) the assets transferred in August 2017.

3. Sentinel's delay is causing Highland and its post-effective-date management, who are caught in the middle of UBS's dispute with Sentinel, to expend time and effort and to incur costs at a time when they should be focusing on monetizing Highland's assets for the benefit of Highland's prepetition creditors.

4. After a review of the pleadings, and for the reasons set forth above, Highland joins in UBS's Opposition to the Motion and UBS's request that the subpoena be enforced. Highland also reiterates its previous request to Sentinel that Sentinel intervene in this action and/or in the action currently pending in the Supreme Court of the State of New York if Sentinel believes that its rights and property are being affected.

---

[3] At the time of CDO Fund's initial demand, Sentinel's directors were Matthew DiOrio, Jan Neveril, and Daniel Austin (the "Former Directors"). Those directors resigned in or around May 2021 and were replaced by the current directors (the "New Directors"). Before his termination in February 2021, Mr. DiOrio was a Highland employee. Mr. DiOrio is currently employed by Skyview – the entity providing services to Mr. Dondero and his controlled entities. Mr. DiOrio and Mr. Ellington, among other former employees, were actively involved in the concealment of the August 2017 transfers and the Policy from Highland, the Independent Directors, UBS, and this Court.

[4] Copies of all correspondence between and among Highland, CDO Fund, Mr. Seery, and Sentinel are attached hereto as **Exhibits A-O**. Certain of the attachments to the correspondence have been excluded for the sake of brevity.

[5] Highland has been advised that the New Directors did not contact Mr. Dondero or Mr. Ellington as part of their investigation. We have been further advised that the New Directors also did not discuss Sentinel or its assets with the Former Directors although they attempted to contact Mr. DiOrio but were informed by Mr. DiOrio's counsel that Mr. DiOrio could not be contacted directly.

DOCS_NY:44350.6 36027/003

| | |
|---|---|
| Dated:  October 26, 2021 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Robert J. Feinstein (NY Bar No. 1767805)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>      rfeinstein@pszjlaw.com<br>      jmorris@pszjlaw.com<br>      gdemo@pszjlaw.com<br>      hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward (Texas Bar No. 24044908)<br>Zachery Z. Annable (Texas Bar No. 24053075)<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br>Email:  MHayward@HaywardFirm.com<br>       ZAnnable@HaywardFirm.com<br><br>*Counsel for Highland Capital Management, L.P.* |