**EXHIBIT M**

**WALKERS**

**BY EMAIL**

13 September 2021

Collas Crill
P.O. Box 709
Willow House, 2 Floor
Cricket Square
Grand Cayman KY1-1007
Cayman Islands

**Attention: Stephen Leontsinis**

Dear Sirs

**RE: HIGHLAND CAPITAL LP**

Dear Sirs




Our Ref: CW/NDbt/171091

**RECEIVED FROM WALKERS**

Name: ALEX SOLOMON
Company: CIMA
Date: 14/09/21
Time: 9:55
Signature: [signed]

We are instructed on behalf of Highland Capital Management ("**HCM**") in relation to your letter dated 30 August 2021.

First and foremost, all further communications in respect of this matter should be addressed to our attention, and you should not contact James P. Seery, Jr., either directly or indirectly, concerning this matter.

Second, it is incorrect to state that HCM acts as asset manager for, or indeed provides any services to, Sentinel. As such, HCM is not in a position to provide the information sought in your numbered points.

To the extent that the incoming directors have any queries in relation to Sentinel's assets, or indeed the date upon which they were transferred, those may be best addressed in the first instance to James Dondero or Scott Ellington, whom we understand to be the beneficial owners of Sentinel. In addition, Mr. Dondero was the president and chief executive officer of HCM with control over HCM's operations prior to the order of the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Bankruptcy Court**"), dated 9 January 2020 appointing an independent board to manage HCM in his stead.

We also understand that Matthew DiOrio, a former Sentinel director who still works with Messrs. Dondero and Ellington, has extensive knowledge concerning Sentinel's assets and the transfers that occurred in and after August 2017.

Given that it appears that Messrs Dondero, Ellington, and DiOrio are likely to already be in possession of all information necessary to explain any transactions referred to your 30 August letter, it is unclear to us why the directors should seek this information from our client, and we would be grateful for clarification in this regard.

Third, we note your unparticularised assertion that a balance in excess of US$32.8 million is due and owing to Sentinel from HMSC as well as your request that HCM provide information on when Sentinel can expect payment on such asset and other assets you allege belong to Sentinel.

**Walkers**

190 Elgin Avenue, George Town
Grand Cayman KY1-9001, Cayman Islands

25279964.1 H3771.171091    T +1 345 949 0100  F +1 345 949 7886  www.walkersglobal.com

With effect from 1 July 2021, Walkers (Cayman) has converted to Walkers (Cayman) LLP but will continue to trade as Walkers.

**WALKERS**  Page 2

As you know, on 31 March 2021, UBS Securities LLC and UBS AG London Branch (collectively, "UBS") filed an adversary proceeding in the Bankruptcy Court against HCM, which among other things, sought to enjoin HCM from making any distributions, either directly or indirectly, to Sentinel (Adv. Proc. No. 21-03020-sgj (Bankr. N.D. Tex. Mar. 31, 2021)) (the "**UBS Adversary Proceeding**"). As you also know, on 9 April 2021, the Bankruptcy Court entered an order granting UBS' application for a temporary restraining order (Adv. Proc. No. 21-03020-sgj, Docket No. 21 (Bankr. N.D. Tex. Apr. 9, 2021)) (the "**TRO**").

The TRO prohibits HCM from directly or indirectly making any transfers or payments to Sentinel or its affiliates, providing, inter alia, that:

[HCM] is temporarily enjoined and restrained from making or allowing funds under its management or control (including, but not limited to, [HMSC] and CDO Fund) to make any payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets until this Court's decision on UBS's requested preliminary injunction.

A copy of the TRO is attached as Appendix A.

While the TRO is only a preliminary and temporary restraining order, HCM understands that UBS is seeking to convert the TRO into a permanent injunction.

HCM will not, under any circumstances, violate the TRO, which is a valid and final order under U.S. law. Furthermore, HCM, based on the facts and circumstances presently known to it, does not see any proper basis upon which to defend UBS's application for permanent injunctive relief. If you have any material that you would like HCM to consider in evaluating whether there is any basis for HCM to oppose a request for a permanent injunction, please forward that information to us immediately.

If and to the extent Sentinel believes it is entitled to receive any amounts related to HMSC or any other asset allegedly held or managed by HCM, Sentinel should seek to intervene in the UBS Adversary Proceeding in order to protect whatever interests it might have. Sentinel is also urged to raise any and all issues on its own behalf should it wish to contest the permanent injunctive relief sought by UBS. Any lack of action from Sentinel going forward will be deemed by HCM as amounting to both consent to the relief being entered and a waiver of any objection to the cessation of distributions to Sentinel by HCMS or with respect to any of the other assets subject to the TRO.

Please note that HCM would have no objection to Sentinel's intervention in the UBS Adversary; indeed, it appears that Sentinel's participation in the UBS Adversary would be the best way in which to resolve the issues alleged in Sentinel's 30 August letter and any issues arising from the TRO.

HCM reserves any and all rights that it may have against, inter alia, Sentinel and its directors and nothing herein amounts to or shall be construed as a waiver of any such rights.

Yours faithfully

*[signature]*
**WALKERS**
colette.wilkins@walkersglobal.com
**1 345 914 4215**

CC: CIMA

25279964.1 H3771.171091



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 9, 2021**

_____
United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re § | Chapter 11 |
| § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] § | Case No. 19-34054-SGJ11 |
| § | |
| Debtor. § | |
| § | |
| UBS SECURITIES LLC AND UBS AG § | Adversary Proceeding |
| LONDON BRANCH, § | |
| § | No. 21-03020-sgj |
| Plaintiffs, § | |
| § | |
| vs. § | |
| § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § | |
| § | |
| Defendant. § | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.



¦1934054210409000000000005¦

## ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

Having considered *Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction* (the "Motion"), *Plaintiffs' Memorandum of Law in Support of Motion for a Temporary Restraining Order and Preliminary Injunction* (the "Memorandum of Law")[2], and the *Declaration of Sarah Tomkowiak in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction*, including the exhibits annexed thereto; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1409; and this Court having found that injunctive relief is warranted under section 105(a) of the Bankruptcy Code and that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; and this Court having found that UBS's notice of the Motion was appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and the Memorandum of Law establish good cause for the relief granted herein; and this Court taking note that the Debtor does not object to the relief sought herein; and after due deliberation and sufficient cause appearing therefor and for the reasons set forth in the record on this Motion, it is **HEREBY ORDERED THAT**:

    1.    The Motion is **GRANTED** as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Memorandum of Law.

2.	The Debtor is temporarily enjoined and restrained from making or allowing funds under its management or control (including, but not limited to, Multi-Strat and CDO Fund) to make any payments or further transfers to Sentinel or any of its affiliates or any transferees of the Sentinel Entities consisting of, resulting from, or relating to the Transferred Assets until this Court's decision on UBS's requested preliminary injunction.

3.	All objections to the Motion are overruled in their entirety.

4.	The Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

### ### END OF ORDER ###

Respectfully submitted,

*/s/ Andrew Clubok*

**LATHAM & WATKINS LLP**
Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, District of Columbia 20004
Telephone: (202) 637-2200
Email: andrew.clubok@lw.com
          sarah.tomkowiak@lw.com

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Email: jeff.bjork@lw.com
          kim.posin@lw.com

**BUTLER SNOW LLP**
Martin Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Telephone: (469) 680-5502
Email: martin.sosland@butlersnow.com

candice.carson@butlersnow.com

*Counsel for UBS Securities LLC and UBS AG London Branch*