

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 1, 2021**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| *In re* | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | |
| | § | Case No. 19-34054-sgj11 |
| Debtor. | § | |
| | § | |
| UBS SECURITIES LLC and UBS AG LONDON BRANCH, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary Proceeding |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | No. 21-03020-sgj |
| | § | |
| Defendant. | § | |
| | § | |

---

[1]    The last four digits of the Debtor's taxpayer identification number are 6725.  The Debtor's headquarters and service address is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

### ORDER DENYING FOREIGN NON-PARTY SENTINEL REINSURANCE, LTD.'S MOTION FOR PROTECTIVE ORDER AND UBS'S MOTION FOR LEAVE TO FILE SUR-REPLY

Pending before the Court are *Foreign Non-Party Sentinel Reinsurance, Ltd.'s Motion for Protective Order* [Adv. Dkt. No. 106] (the "Motion") by non-party Sentinel Reinsurance, Ltd. ("Sentinel"), and *UBS's Motion for Leave to File Sur-Reply in Opposition to Foreign Non-Party Sentinel Reinsurance, Ltd.'s Motion for Protective Order* [Adv. Dkt. No. 141] (the "Sur-Reply Motion") by UBS Securities LLC and UBS AG London Branch (together, "UBS").   Upon consideration of the briefing, submissions, and argument on the Motion and Sur-Reply Motion, the Court hereby **ORDERS** that Sentinel's Motion and UBS's Sur-Reply Motion are **DENIED** for the reasons stated on the record at the October 27, 2021 hearing.

For the avoidance of doubt, non-party Beecher Carlson Insurance Services, LLC ("Beecher") is obligated to comply with UBS's subpoena dated June 29, 2021, and commence producing documents to UBS pursuant to the agreement reached between Beecher and UBS. Based on the representations of counsel for UBS and Beecher at the October 27 hearing, the Court understands that Beecher and UBS have agreed on a schedule for an expeditious rolling production, to which Beecher shall adhere.  The production will be made under the January 21, 2020 protective order entered in the main bankruptcy case (Dkt. No. 382), attached hereto as Exhibit A.  If there are any disputes regarding this schedule, they shall be brought to the Court's attention promptly.  Documents produced by Beecher will be produced to UBS and Defendant Highland Capital Management, L.P., simultaneously and UBS will provide a secure cloud upload where Beecher can upload the production to share with UBS and Highland Capital Management, L.P.

**###End of Order###**

Order prepared by:

*/s/ Sarah Tomkowiak*

**LATHAM & WATKINS LLP**
Andrew Clubok (*pro hac vice*)
Sarah Tomkowiak (*pro hac vice*)
Jason R. Burt (*pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email:     andrew.clubok@lw.com
           sarah.tomkowiak@lw.com
           jason.burt@lw.com

Jeffrey E. Bjork (*pro hac vice*)
Kimberly A. Posin (*pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Email:     jeff.bjork@lw.com
           kim.posin@lw.com

Kathryn George (*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:     kathryn.george@lw.com

**BUTLER SNOW LLP**
Martin Sosland (TX Bar No. 18855645)
Candice Carson (TX Bar No. 24074006)
2911 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
Telephone: (469) 680-5502
Email:     martin.sosland@butlersnow.com
           candice.carson@butlersnow.com

*Counsel for UBS Securities LLC and UBS AG London
Branch*

# EXHIBIT A



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 21, 2020**

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054 (SGJ) |
| | ) | |
| Debtor. | ) | |

## <u>AGREED PROTECTIVE ORDER</u>

This Agreed Protective Order (the "<u>Order</u>") governs any document, information, or other thing that has been or will be produced or received by a Party (as defined below) in the action *In re Highland Capital Management, L.P.*, Case No. 19-34054 (SGJ) (the "<u>Bankruptcy Case</u>"), pending in the United States Bankruptcy Court for the Northern District of Texas (the "<u>Court</u>") (collectively, the "<u>Discovery Materials</u>").   Discovery Materials include, without limitation, testimony adduced at depositions; responses to interrogatories; responses to requests for admission (and documents produced in connection with such responses); and documents and things produced

---

[1]  The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

voluntarily or in response to any type of request. "Party" or "Parties" means any person or entity that (1) produces, (2) designates, (3) receives, formally or informally, or (4) reviews any Discovery Materials designated as Confidential or Highly Confidential Information, as defined in this Order.

## TERMS OF AGREED ORDER

1.    Confidential Information.  As used in this Order, "Confidential Information" means all documents, data, reports, interpretations, forecasts, financial and business projections, records, agreements, contracts, business plans, marketing materials and vendor agreements or programs (whether in oral or written form, electronically stored, or otherwise) containing or otherwise reflecting information provided by or on behalf of any Party or any of the Parties' respective Representatives (as defined below) before, on, or after the date hereof, and all reproductions of such information (whether in written form, electronically stored, or otherwise or substantially derived from the information described above), that the producing Party reasonably believes in good faith is confidential or sensitive proprietary, personal, commercial, financial, or business information or that is otherwise subject to protection under a pre-existing agreement or applicable law or regulation.  Accordingly, for example, "Confidential Information" does not include information that (a) is or becomes generally available to the public other than as a result of disclosure by a Party or any of the Parties' Representatives in breach of this Order; (b) was lawfully within a Party's possession prior to it being furnished to such Party in the Bankruptcy Case; (c) becomes available to a Party from a source other than the producing Party or any of its Representatives, provided that such source is not, to such receiving Party's knowledge, bound by a confidentiality agreement with, or other contractual, legal or fiduciary obligation of confidentiality to, the producing Party with respect to such information; or (d) is independently developed by a receiving Party without reference to or reliance upon any information furnished to such receiving Party by or on behalf of the producing Party.

2

2.      <u>Use and Disclosure of Confidential Information</u>.  Subject to the terms of this

Order, each Party shall (i) keep the Confidential Information confidential in accordance with the

terms of this Order; (ii) not disclose any Confidential Information except in accordance with the

terms of this Order; (iii) not use any Confidential Information in any way other than in connection

with the Bankruptcy Case; and (iv) hold and treat all Confidential Information in confidence and

with the same degree of care that such Party exercises with regard to its own Confidential

Information; *provided, however*, that each Party may disclose any Confidential Information (A) to

any other Party subject to this Order; (B) counsel and other professionals retained by the Official

Committee of Unsecured Creditors of Highland Capital Management, L.P. (the "<u>Committee</u>,");

(C) to any Representative of any Party other than the Committee, which is addressed in paragraph

2(iv)(B); (D) to the extent permitted pursuant to paragraph 9 below; (E) to the United States

Bankruptcy Court for the Northern District of Texas and its personnel; (F) the United States

Trustee for the Northern District of Texas (the "<u>U.S. Trustee</u>"); (G) any person who is indicated

on the face of a document or its related documents to have been an author, addressee or copy

recipient of such document, an actual or intended recipient of such document, or in the case of

meeting minutes, an attendee of the meeting; (H) for purposes of witness preparation, any deponent

or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation

for his or her noticed deposition, hearing, or trial testimony where such material is determined by

counsel in good faith to be necessary to the anticipated subject matter of testimony; (I) in the case

of a deposition, to any court reporter, stenographer, or videographer in attendance; and (J) in

response to a subpoena issued from another court or as otherwise required by law.  For purposes

of this Order, "Representatives" means a Party's parent(s), subsidiaries, affiliates, officers,

ACTIVE 253524293

directors, employees, contractors, attorneys (whether in-house or outside counsel), financial advisors and other professionals engaged by the Party, or its agents and representatives.

3.  <u>Highly Confidential Information</u>. A producing Party may designate information that it reasonably believes in good faith is so personally, economically, or competitively sensitive that (a) disclosure would materially affect or threaten injury to its personal, commercial, or financial interests, and (b) the protections provided to Confidential Information in this Order are insufficient, as being restricted Highly Confidential Information (the "<u>Highly Confidential Information</u>").

4.  <u>Use and Disclosure of Highly Confidential Information</u>. Discovery Materials designated as "Highly Confidential" may only be viewed by the people and entities identified in paragraphs 2(iv) (B), (D), (E), (F), (G), (H) (I) or (J). Discovery Materials designated as "Highly Confidential" may not otherwise be disclosed without the producing Party's prior written consent or further order of the Court. Highly Confidential Information may be disclosed to the United States Bankruptcy Court for the Northern District of Texas and its personnel as long as the information is filed under seal under the procedures set forth in L.B.R. 9077-1.

5.  <u>Designating Confidential and Highly Confidential Information</u>. Where practicable, the producing Party may designate Discovery Materials as Confidential or Highly Confidential by applying the legend "Confidential" or "Highly Confidential" to the Discovery Materials. In the case of data stored in electronic form ("<u>ESI</u>"), the legend shall be printed on the cover or container of the disk, tape or other medium in which the electronic data is produced and/or on the ESI itself. If such measures are not practicable, the producing Party shall designate the Discovery Materials as Confidential or Highly Confidential through other feasible means.

ACTIVE 253524293

6.      <u>Disputes Over Designation of Confidential Information.</u>  In the event that any Party objects to any designation of Discovery Materials as Confidential Information (the "<u>Objecting Party</u>"), the Objecting Party shall notify the producing or designating Party in writing, stating the grounds of the objection.  The producing or designating Party shall have ten (10) business days following the receipt of an objection from the Objecting Party of any Confidential Information designation to attempt to resolve the objection, at the end of which the Objecting Party may seek a ruling from the Court by written notice and a motion and pursuant to the Court's individual rules and procedures that such information should not be treated as Confidential Information.  For the avoidance of doubt, the burden of establishing the Confidential nature of any Discovery Materials shall be borne by the producing or designating Party.

7.      <u>Disputes Over Designation of Highly Confidential Information.</u>  In the event that any Party objects to any designation of Discovery Materials as Highly Confidential Information, the Objecting Party shall notify the other producing or designating Party in writing, stating the grounds of the objection.  The producing or designating Party shall have five (5) business days following receipt of an objection from the Objecting Party of any Highly Confidential Information designation to attempt to resolve the objection, at the end of which, if the dispute is not resolved, the producing or designating Party must seek a ruling from the Court by written notice and a motion and pursuant to the Court's individual rules and procedures that such information should be treated as Highly Confidential Information.  In the absence of such a filing within five (5) business days from the receipt of the objection, the information will be deemed Confidential Information (and not Highly Confidential Information) under this Order.  For the avoidance of doubt, the burden of establishing the Highly Confidential nature of any Discovery Materials shall be borne by the producing or designating Party.

ACTIVE 253524293

8. <u>Depositions.</u> During any deposition or interview, if counsel for any Party reasonably believes that any answer to a question will result in the disclosure of Confidential Information or Highly Confidential Information, counsel may require that all persons other than those entitled to view the Confidential Information or Highly Confidential Information, as the case may be, leave the room during the relevant portion of the deposition or interview. Any Party shall have the right to designate on the record, or within ten (10) business days following receipt of the final transcript of the deposition, any portion of the deposition transcript as Confidential Information or Highly Confidential Information. Transcripts of testimony or portions thereof so designated during the deposition may, at the option of any Party, be appropriately marked.

9. <u>Legally Required Disclosure.</u> If any Party is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process, or by applicable law or the rules or regulations of any regulatory authority having jurisdiction over such Parties) to disclose in connection with a matter that is not the Bankruptcy Case any of the Confidential Information or Highly Confidential Information, such Party shall provide the Party that produced or designated such information with prompt written notice of any such request or requirement so that the producing or designating Party may seek a protective order or other remedy, and/or waive compliance with the provisions of this Order. In the absence of a protective order or other remedy at the time of the deadline for the production of the Confidential Information or Highly Confidential Information (including any extensions of such deadline), the Party may, without liability hereunder, disclose that portion of the Confidential Information or Highly Confidential Information which is legally required to be disclosed.

6

10. Nothing herein shall prevent the U.S. Trustee from disclosing Discovery Material for civil or criminal law enforcement purposes in compliance with a subpoena or court order, or pursuant to any request under the Freedom of Information Act or other applicable law requiring disclosure, subject to the U.S. Trustee providing prompt notice to the Producing Party as described in Paragraph 9 above.

11. <u>No Waiver</u>. The failure to designate any Discovery Materials as Confidential Information or Highly Confidential Information shall not constitute a waiver of such claim. If at any time any of the Parties believes that certain testimony or some portion of Discovery Materials that was previously produced should have been designated as Confidential Information or Highly Confidential Information, that Party shall promptly notify all of the other Parties who have received such testimony or Discovery Materials in writing, and such designated testimony or portion of Discovery Materials will thereafter be treated as Confidential Information or Highly Confidential Information under the terms of this Order. If such information has been disclosed by a Party between the time of production or receipt of the transcript containing the testimony and the time at which a Party gives notice that the Discovery Materials are to be designated as Confidential Information or Highly Confidential Information, such disclosure shall not constitute a violation of this Order.

12. <u>Claw Back of Inadvertently Produced Protected Materials</u>. If Discovery Materials protected from disclosure under Federal Rule of Civil Procedure 26(b)(5) ("<u>Protected Materials</u>") are inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege

7

or other protection.  If the producing Party inadvertently or mistakenly produces Protected

Materials, upon written request by the producing Party after the discovery of such inadvertent or

mistaken production, the receiving Party shall use all commercially reasonable efforts to return or

destroy the Protected Materials and all copies of it, including any work product containing,

identifying, or referencing such information, and the receiving Party shall not use such information

for any purpose other than in connection with a motion to compel production of the information.

The Parties shall not use any inadvertently produced Protected Materials, or information gleaned

exclusively from any inadvertently produced Protected Materials, in connection with the

Bankruptcy Case, except to the extent that the inadvertently producing Party withdraws its

designation of the relevant material as Protected Materials or that the Court determines that the

relevant material was not properly designated as Protected Materials.

13.     No Bar Against Seeking Further Protection.  Nothing in this Order shall be

construed as preventing any Party from seeking further protection for or disclosure of any

Discovery Material.

14.     No Admission Regarding Admissibility or Relevancy.  Nothing in this

Order shall be construed to affect in any way the admissibility or relevance of any Discovery

Material or other evidence.

15.     No Bar to Use of Party's Own Discovery Material.  This Order shall have

no effect on, and shall not apply to, a producing Party's use or disclosure of its own Discovery

Material for any purposes whatsoever.

16.     Conclusion of Litigation and Return of Confidential Information.  Within

sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals,

or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party

or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing Party all materials and documents containing Confidential Information or Highly Confidential Information, and to certify to the producing Party that this destruction or return has been done. However, outside counsel for any Party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Agreed Protective Order.

17.    <u>No Third-Party Beneficiaries</u>. No Third-Party Beneficiaries. There are no third-party beneficiaries to this Order. For the avoidance of doubt, this provision precludes non-Debtor affiliates, and their Representatives, including any entity affiliated with, owned by, or controlled in any way, directly or indirectly, by James Dondero and his affiliates (the "<u>Dondero Parties</u>") from seeking to enforce or rely on this Order in any way, unless any of the Dondero Parties is asked (formally or informally) to produce or receive Discovery Materials thereby becoming a "Party" as defined herein. The Dondero Parties are subject to the exclusive jurisdiction of this Court. Nothing in this order shall be deemed to limit third parties (other than the Dondero Parties) who receive a subpoena issued by the Court from seeking to quash or modify that subpoena in the court for the district where compliance is required pursuant to FRCP 45(d).

18.    <u>Exclusive Jurisdiction.</u> This Court retains exclusive jurisdiction for matters arising from or related to this Order, including but not limited to after confirmation of any plan of reorganization or conversion of this Bankruptcy Case. The Court further reserves the right to amend this Order upon a motion of any party in interest after notice and a hearing.

*[Remainder of Page Intentionally Left Blank]*

9

Dated:  January 21, 2020

Respectfully submitted,

PACHULSKI STANG ZIEHL &JONES LLP

*/s/ Jeffrey N. Pomerantz*

Jeffrey N. Pomerantz (CA Bar No.143717)
(*admitted pro hac vice*)
 Ira D. Kharasch (CA Bar No. 109084)
 (*admitted pro hac vice*)
 Maxim B. Litvak (SBN: 24002482)
 Gregory V. Demo (NY Bar 5371992)
 (*admitted pro hac vice*)
 10100 Santa Monica Blvd., 13th Floor
 Los Angeles, CA 90067
 Telephone: (310) 277-6910
 Facsimile: (310) 201-0760
 E-mail:     jpomerantz@pszjlaw.com
                 ikharasch@pcszjlaw.com
                 mlitvak@pszjlaw.com
                 gdemo@pszjlaw.com


 -and-

HAYWARD & ASSOCIATES PLLC

Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel and Proposed Counsel for the*
*Debtor and Debtor-in-Possession*


SIDLEY AUSTIN LLP

*/s/ Juliana L. Hoffman*

Penny P. Reid (15402570)
preid@sidley.com
Paige Holden Montgomery (24037131)
pmontgomery@sidley.com
Juliana L. Hoffman (24106103)
jhoffman@sidley.com
2021 McKinney Avenue, Suite 2000
Dallas, Texas 74201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
-and-

Bojan Guzina (admitted *pro hac vice*)
bguzina@sidley.com
Matthew A. Clemente (admitted *pro hac vice*)
mclemente@sidley.com
Dennis M. Twomey (admitted *pro hac vice*)
dtwomey@sidley.com
Alyssa Russell (admitted *pro hac vice*)
alyssa.russell@sidley.com
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Counsel For the Official Committee of*
*Unsecured Creditors*


### End of Order ###

10