# EXHIBIT 9

June 18, 2020

Each person set out in Schedule 1
c/o SAS Asset Recovery Ltd.
Grand Pavilion Commercial Centre
802 West Bay Road
Grand Cayman KY1-1102
Cayman Islands

RE: Sentinel Reinsurance, Ltd. indemnity

Dear Sir/Madam,

On behalf of Sentinel Reinsurance, Ltd. (the "**Company**"), we would like to thank you for your continued support of the Company. In connection with your continued efforts (including representing the Company as an agent, preparation of documents/reports and other activities, in each case, as requested by the Company from time to time), the Company wishes to clarify the terms of the indemnity it will provide to you on the terms contained in this letter (this "**Deed**").

With effect from the date of this letter, the Company hereby agrees as follows:

1.      <u>Director and Officers</u>. Nothing in this Deed shall be construed to relieve the directors or officers of the Company from the performance of their respective duties or limit the exercise of their powers in accordance with the Company's constituent documents, applicable law or otherwise. The activities of the Company shall at all times be subject to the control and direction of their respective directors and officers. The Company reserves the right to make all decisions with regard to any matter upon which you have rendered your advice and consultation. You shall not, and shall have no authority to, control the Company or the Company's day to day operations, whether through the performance of your duties or otherwise.  Moreover, although the Company may grant to you the authority to sign, review or approve the Company's checks, payments, expenditures, transfers, conveyances and/or other documents, any such grant of authority shall be made by the Company and accepted by you with the express understanding and limitation that you shall possess and exercise such authority solely in its capacity as a provider of services pursuant to the terms of this Deed and in no other capacity, and that no inference shall be drawn therefrom as to any ability of you to control the Company or the Company's day to day operations or as to any liability or responsibility therefor.  The Company's directors, officers and employees shall retain all responsibility for the Company and its operations as and to the extent required by the Company's constituent documents and applicable law.

2.      <u>Limitation of Liability</u>.  You undertake to ensure the use of proper skill and care in carrying out your delegated duties, functions and obligations on behalf of the Company and under this Deed provided however that neither you, nor any successor by operation of law (including your estate) (all of the foregoing, collectively, the "**Indemnitees**") shall be liable to the Company for any loss or damage incurred by the Company as a result (whether direct or indirect) of any functions they have carried out or that they may carry out unless that liability arises through the actual fraud or wilful default of such Indemnitees. No person shall be found to have committed actual fraud or wilful default under this Deed unless or until a court of competent jurisdiction shall have made a finding to that effect.

3.      <u>Indemnification; Advancement</u>.  Every Indemnitee shall be indemnified out of the assets of the Company against any liability, action, proceeding, claim, demand, costs, damages or expenses, including legal expenses, whatsoever, which they or any of them may incur as a result of any act or failure to act in carrying out their functions other than such liability (if any) that they may incur by reason of their own actual fraud or wilful default.

The Company shall advance (no later than 30 days from an Indemnitee presenting a written demand and/or receipt to the Company) to each Indemnitee reasonable attorneys' fees and other costs and expenses incurred in connection with the defence of any action, suit, proceeding or investigation involving such Indemnitee (the "**Claim**") for which indemnity will or could be sought. In connection with any advance of any expenses hereunder, the Indemnitee shall execute an undertaking to repay the advanced amount to the Company if it shall be determined by final judgment or other final adjudication that such Indemnitee was not entitled to indemnification pursuant to this Deed. If it shall be determined by a final judgment or other final adjudication that such Indemnitee was not entitled to indemnification with respect to such judgment, costs or expenses, then such party shall not be indemnified with respect to such judgment, costs or expenses and any advancement shall be returned to the Company (without interest) by the Indemnitee.

The indemnity and exculpation provisions in this Deed are in addition to the indemnity and exculpation provisions each Indemnitee may have under an existing employment contract, an existing applicable insurance policy or otherwise. The Company hereby agrees that each Indemnitee can utilize this Deed, subject to its terms, as a primary instrument to cover their Claims.

If any provision of this Deed (or any portion thereof) or the application of any such provision (or any portion thereof) to any Person or circumstance shall be held invalid, illegal or unenforceable in any respect by a court of competent jurisdiction, such invalidity, illegality or unenforceability shall not affect any other provision hereof (or the remaining portion thereof) or the application of such provision to any other persons or circumstances.

This Deed shall be construed in accordance with, and this Deed and all matter or claims arising out of or relating in any way whatsoever (whether in contract, tort or otherwise) hereto shall be governed by the law of the Cayman Islands.

Please acknowledge receipt of this letter by signing and returning the attached acknowledgement.

[Signature page follows]

**IN WITNESS** whereof the Company has executed and unconditionally delivered this letter **AS A DEED** on the day and year first above written.


Yours truly,

_____
Name:  Damien Austin
Director
Sentinel Reinsurance, Ltd.

The undersigned hereby acknowledges receipt of the foregoing letter and represents that to the best of their knowledge and belief they are not aware of any outstanding or potential claim(s) that could be drawn against the indemnity as of this date.

_____

Matthew DiOrio

The undersigned hereby acknowledges receipt of the foregoing letter and represents that to the best of their knowledge and belief they are not aware of any outstanding or potential claim(s) that could be drawn against the indemnity as of this date.

Stephanie Vitiello

The undersigned hereby acknowledges receipt of the foregoing letter and represents that to the best of their knowledge and belief they are not aware of any outstanding or potential claim(s) that could be drawn against the indemnity as of this date.

Katie Irving

The undersigned hereby acknowledges receipt of the foregoing letter and represents that to the best of their knowledge and belief they are not aware of any outstanding or potential claim(s) that could be drawn against the indemnity as of this date.


Isaac Leventon

The undersigned hereby acknowledges receipt of the foregoing letter and represents that to the best of their knowledge and belief they are not aware of any outstanding or potential claim(s) that could be drawn against the indemnity as of this date.

Scott Ellington

The undersigned hereby acknowledges receipt of the foregoing letter and represents that to the best of their knowledge and belief they are not aware of any outstanding or potential claim(s) that could be drawn against the indemnity as of this date.

_____
JP Sevilla

## **Schedule 1**

Matthew DiOrio
Stephanie Vitiello
Katie Irving
Isaac Leventon
Scott Ellington
JP Sevilla