**To:** JP Sevilla[jsevilla@sasmgt.com]; 'Paul Scrivener'[PScrivener@solomonharris.com]
**Cc:** Tom Adamczak[tadamczak@beechercarlson.com]
**From:** Pete Kranz[/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=FA905CD66ECE4CF2BA1CB543082D8644-PETE KRANZ]
**Sent:** Tue 8/8/2017 10:16:53 PM Coordinated Universal Time
**Subject:** RE: Draft ATE policy

I see no issues with one policy.


**From:** JP Sevilla [mailto:jsevilla@sasmgt.com]
**Sent:** Tuesday, August 08, 2017 3:45 PM
**To:** 'Paul Scrivener'
**Cc:** Kranz, Pete
**Subject:** RE: Draft ATE policy


Paul,

1. We would like to consolidate the policies into one policy, with three insureds, all of whom are co-defendants with equal liability – do you see any issue in doing so? The policy limit $120m, and the premium will be $30m. The three insureds are listed below. Please tweak the operative provisions as necessary.
2. Need to tweak the own costs to be a bit more broad – please use "costs and expenses of the Representative and other service providers in the normal course, including related tax, which are incurred during the conduct of the legal action on behalf of the insured."
3. Finally, please remove the clause that says in Section 3 that it's an exclusion if insured does not have funds to prosecute the action. Thank you.

Insureds:
Highland CDO Opportunity Master Fund, LP
Highland CDO Holding Company
Highland Special Opportunities Holding Company

Pete, please weigh in if you see any problem with having one policy cover all three defendants.


Thank you,

JP

**From:** Paul Scrivener [mailto:PScrivener@solomonharris.com]
**Sent:** Monday, August 7, 2017 7:12 AM
**To:** JP Sevilla <jsevilla@sasmgt.com>
**Cc:** 'Kranz, Pete' <pkranz@beechercarlson.com>
**Subject:** RE: Draft ATE policy


JP

Thank you for your emails of Friday.

I attach for your use final drafts of the two policies – one for Highland CDO Opportunity Fund, Ltd. and the other for Highland CDO Holding Company - based upon the draft that I sent to you on 2 June. Apart from tidying up/formatting etc. the only changes are as follows:-

1. I removed the Contents page as there seems to be a flaw in the document with the auto-renumbering and also it would not let me manually re-number for some reason.
2. In 19.13.1 and 19.3.2, further to your email immediately below, I have provided that "own costs" are now also

BC SEN0000745902
12/14/21
Highly Confidential

       included in the coverage.  As you will see, I have achieved this by providing that "legal liability" is now A + B where A = court awarded sum or settlement sum, as the case may be, (including other party's legal costs in each case) and B = insured's own legal costs.
3. Inclusion of signature page.

As you mention below, I will leave you to add the signature blocks on the signature page and complete the Schedule to each policy.

Obviously, in the usual way, you will need to organize authorizing board resolutions of Sentinel and will want to inspect authorizing board resolutions of the two insureds.

I will revert to you separately with any comments on the draft APA that you provided.

Kind regards

Paul



Paul Scrivener
Independent Consultant



Grand Cayman, Cayman Islands | Zurich, Switzerland

FirstCaribbean House, 3rd Floor,  PO Box 1990, Grand Cayman KY1-1104,  Cayman Islands
T: 1 345-949-0488   F: 1 345-949-0364   W: www.solomonharris.com

CONFIDENTIALITY : This email is only intended for the addressee named above. As this email may contain confidential or privileged information, if you are not the addressee, any disclosure, copying, distribution, or other use of this communication is strictly prohibited. If you have received this email in error please contact us immediately by telephone at 345-949-0488.
SECURITY WARNING: Please note that this e-mail has been created in the knowledge that Internet e-mail is not a 100% secure or error-free communications medium. Email messages could be intercepted, corrupted, lost or arrive late. We advise that you understand and observe this lack of security when e-mailing us.
VIRUSES: Although we have taken steps to ensure that this e-mail and attachments are free from any virus, we advise that in keeping with good computing practice the recipient should ensure they are actually virus free.

**From:** JP Sevilla [mailto:jsevilla@sasmgt.com]
**Sent:** Friday, August 04, 2017 5:33 PM
**To:** Paul Scrivener <PScrivener@solomonharris.com>
**Cc:** 'Kranz, Pete' <pkranz@beechercarlson.com>
**Subject:** RE: Draft ATE policy


One more point, Paul – can you please add language into the policies that specifies that the insurance policies WILL cover the insureds own costs and expenses as of the effective date? Thank you.



**From:** JP Sevilla
**Sent:** Friday, August 4, 2017 4:34 PM
**To:** 'Paul Scrivener' <PScrivener@solomonharris.com>
**Cc:** Kranz, Pete <pkranz@beechercarlson.com>
**Subject:** RE: Draft ATE policy


Paul, we are ready to move forward with these. Can you please give a final review and add signature pages and any other final cleanups – we will enter the correct signature blocks. Below are the names of the insureds – there will be two separate policies, one for each of the below entities. We will handle filling out the schedule and final numbers.

- Highland CDO Opportunity Fund, Ltd.
- Highland CDO Holding Company

Thank you.

---

**From:** Paul Scrivener [mailto:PScrivener@solomonharris.com]
**Sent:** Monday, June 12, 2017 7:11 AM
**To:** Neil Horner <Neil.Horner@aswlaw.com>
**Cc:** JP Sevilla <jsevilla@sasmgt.com>; pkranz@beechercarlson.com; Robert Humphries <RHumphries@solomonharris.com>
**Subject:** Draft ATE policy


Dear Neil

I hope all is well.  It will be good to be working with you and your team again.

Please see attached my mark up of the template policy provided by the client and below my covering email of 2 June which attached the mark up.

The insurer here, Sentinel Reinsurance, Ltd ("Sentinel"), is a Cayman licensed insurer and is affiliated with both a litigation funding business and a US hedge fund management company.  Sentinel and the litigation funding business are existing clients of Solomon Harris. I understand that this policy will be the first third party business written by Sentinel, with Sentinel initially set up to insure or reinsure certain group risks.

The insureds under this policy will be Cayman and Bermuda hedge funds (the "Funds") that are currently embroiled in well-advanced litigation as defendants.  The matter is set down for trial in August/September this year.  The total potential exposure in the litigation is in the order of US$500 million and the total assets of the Funds have an NAV of around US$100 million.  There is scope for a settlement still.  The deal that Sentinel has reached with the Funds is that for a premium of US$20 million, Sentinel will provide cover of up to US$85 million on either (1) judgment against the Funds or (2) settlement being reached.  Cover includes any legal costs payable to the plaintiffs but not the Funds' own legal costs. The US$20 million premium will be satisfied in kind by the Funds transferring their investment portfolios to Sentinel. There will be an actuarial assessment of the portfolio assets. The client has confirmed that they have CIMA approval to accept in kind premium.

I believe that broadly summarises the deal but by copy of this email I am inviting JP Sevilla from the client and Pete Kranz of Beecher Carlson, Sentinel's insurance manager, to add anything material that I may have missed or be unaware of.  Obviously, please let us know if you have any questions or anything is unclear.

The client has requested a Bermuda law review to see if any of the provisions in the policy might be problematic from a Bermuda law or regulatory perspective having regard to the fact that there is a Bermuda insured under the policy.

As you are aware, the absolute deadline for comments is this Friday but I know that JP and Pete would appreciate comments earlier than that if at all possible.

Many thanks

Kind regards

Paul

Paul Scrivener



Grand Cayman, Cayman Islands | Zurich, Switzerland

FirstCaribbean House, 3rd Floor,  PO Box 1990, Grand Cayman KY1-1104,  Cayman Islands
T: 1 345-949-0488   F: 1 345-949-0364   W: www.solomonharris.com

CONFIDENTIALITY : This email is only intended for the addressee named above. As this email may contain confidential or privileged information, if you are not the addressee, any disclosure, copying, distribution, or other use of this communication is strictly prohibited. If you have received this email in error please contact us immediately by telephone at 345-949-0488.
SECURITY WARNING: Please note that this e-mail has been created in the knowledge that Internet e-mail is not a 100% secure or error-free communications medium. Email messages could be intercepted, corrupted, lost or arrive late. We advise that you understand and observe this lack of security when e-mailing us.
VIRUSES: Although we have taken steps to ensure that this e-mail and attachments are free from any virus, we advise that in keeping with good computing practice the recipient should ensure they are actually virus free.

**From:** Paul Scrivener
**Sent:** Friday, June 02, 2017 9:33 AM
**To:** 'JP Sevilla'
**Cc:** Kranz, Pete; Robert Humphries
**Subject:** RE: Draft ATE policy


JP

I am pleased to attach a marked up copy of the policy for your consideration.  I have amended as necessary to ensure compliance with Cayman law and regulation.  I have also removed any provisions that would not typically be included in a policy governed by Cayman law in order to shorten and simplify the document e.g. removal of complaints section.

In addition, I have made some drafting changes and changes with a view to meeting the commercial objectives of the policy as you described on the phone the other day.  Obviously, these latter changes are somewhat beyond the scope of my engagement and so please do review carefully to ensure that I have properly captured what is intended.

Please note the following:-

1.   Please consider my definition of "legal liability" carefully.  As you will see this covers the other party's costs as well as the judgment amount or settlement amount.  It does not cover the insured's own costs which I assume is the intention.  The limit of indemnity obviously applies.
2.   I have left in the provisions dealing with the possibility of the insurer providing a bond but these can be removed if not applicable.
3.   I have assumed that cover also extends to any appeal and does not terminate on judgment of the first instance court.

By, the way, I was thinking further about the idea that the premium will be satisfied by the transfer of the hedge funds' investment portfolios.  Has any thought been given as to the legal validity of such a transfer bearing in mind that these assets will then be put beyond the reach of the plaintiffs in the US litigation against the funds?  Obviously, the last thing that you want to find is that the "premium" has to be returned or is set aside as some unlawful preference or similar.  Obviously, an issue for US counsel but just thought that I should raise it.

I look forward to hearing from you further once you have had an opportunity to review the draft.

Kind regards

Paul

Paul Scrivener



Grand Cayman, Cayman Islands | Zurich, Switzerland

BC SEN0000745905
12/14/21
Highly Confidential

FirstCaribbean House, 3rd Floor, PO Box 1990, Grand Cayman KY1-1104, Cayman Islands
T: 1 345-949-0488   F: 1 345-949-0364   W: www.solomonharris.com

CONFIDENTIALITY : This email is only intended for the addressee named above. As this email may contain confidential or privileged information, if you are not the addressee, any disclosure, copying, distribution, or other use of this communication is strictly prohibited. If you have received this email in error please contact us immediately by telephone at 345-949-0488.
SECURITY WARNING: Please note that this e-mail has been created in the knowledge that Internet e-mail is not a 100% secure or error-free communications medium. Email messages could be intercepted, corrupted, lost or arrive late. We advise that you understand and observe this lack of security when e-mailing us.
VIRUSES: Although we have taken steps to ensure that this e-mail and attachments are free from any virus, we advise that in keeping with good computing practice the recipient should ensure they are actually virus free.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

BC SEN0000745906
12/14/21
**Highly Confidential**