PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Robert J. Feinstein (NY Bar No. 1767805) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) *(admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| UBS SECURITIES LLC AND UBS AG LONDON BRANCH, | § | |
| | § | Adv. Proc. No. 21-03020 |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Defendant. | § | |
| | § | |

---

[1] The Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

**HIGHLAND'S SECOND AMENDED RESPONSES AND
OBJECTIONS TO UBS'S INTERROGATORIES**

Highland Capital Management, L.P., the reorganized debtor[2] ("Highland" or, as may be temporally required, the "Debtor") hereby submits its second amended responses and objections (the "Amended Responses") to *UBS's Interrogatories to Defendant Highland Capital Management, L.P.* (the "Interrogatories")[3] served by UBS Securities LLC and UBS AG London Branch (together "UBS") in the above-captioned adversary proceeding (the "Adversary Proceeding").  Highland's Amended Responses are made pursuant to Federal Rules of Civil Procedure ("FRCP") 26, 33, and 34 as made applicable in bankruptcy cases pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, and 7034.

**GENERAL OBJECTIONS**

Unless otherwise specified, the following general objections and caveats are applicable to each and every Response and are incorporated into each Response as though set forth in full:

1.     Highland's management was replaced on January 20, 2020, and the majority of its employees were terminated in February 2021.  The Responses contained herein are based upon information actually known and ascertained using reasonable efforts by Highland's current management and employees and may not include information known or in the possession of Highland's former management and employees.

---

[2] On February 22, 2021, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital* Management*, L.P.*, as modified (the "Plan").  The Plan went Effective (as defined in the Plan) on August 11, 2021, and Highland is the Reorganized Debtor (as defined in the Plan) since the Effective Date. *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 2700].

[3] Capitalized terms not defined herein shall have the meanings set forth in the Interrogatories.

2. Highland objects to the Interrogatories to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other privilege or immunity.

3. Highland objects to the Interrogatories to the extent they request information that is not reasonably or readily available to it, in its possession, custody or control, or is more readily available to UBS from another source or for which the burden of obtaining such information is not substantially greater for UBS than it is for the Debtor.

4. Highland objects to the Interrogatories to the extent they call for legal conclusions and/or legal analyses.

5. Highland objects to the Interrogatories to the extent they seek to expand on or conflict with Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and/or the Local Rules of the Bankruptcy Court for the Northern District of Texas.

6. All specific responses to the Interrogatories are provided without waiver of, and with express reservation of (a) all objections as to competency, relevancy, materiality, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceedings in this matter; (b) all privileges, including the attorney-client privilege and work product doctrine; (c) the right to object to the use of such responses, or the subject matter thereof, on any ground in any further proceeding in this action; and (d) the right to object on any ground at any time to a demand or request for further responses to these or any other discovery requests or other discovery proceedings.

7. These General Objections and Responses shall be deemed to be incorporated by reference into the Specific Responses and Objections set forth below.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

For each request in UBS's Requests for Admission to Defendant Highland Capital Management, L.P. that You did not admit, explain Your reasoning.

**RESPONSE TO INTERROGATORY NO. 1:**

Highland objects to Interrogatory No. 1 on the grounds that it calls for a legal analysis or legal conclusion, and is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY NO. 2:**

State, with specificity, the basis for Your belief prior to February 2021 that the Funds and HFP were "ghost funds" that had no material assets.

**RESPONSE TO INTERROGATORY NO. 2:**

Highland objects to Interrogatory No. 2 on the ground that it is vague to the extent it asks for a "belief." Subject to the General Objections and this specific objection, Highland states that it does not have a current "belief" regarding "ghost funds," and the matter is subject to an ongoing investigation in this Adversary Proceeding. Highland further states that it has previously produced documents in which former officers of Highland refer to the Funds and HFP as "ghost funds."

**INTERROGATORY NO. 3:**

State, with specificity, the basis for Your representation to UBS in October 2020 that productions were "substantially complete" in response to UBS's discovery requests for Asset Information.

**RESPONSE TO INTERROGATORY NO. 3:**

Highland objects to Interrogatory No. 3 on the ground that it is not relevant to the parties' claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and this specific objection, Highland states that its former in-house counsel represented to Highland's outside counsel that productions were "substantially complete" in response to UBS's discovery requests for Asset Information.

**INTERROGATORY NO. 4:**

Identify the face and market value of each asset listed on Schedule A of the Purchase Agreement on an annual basis from 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 4:**

Highland objects to Interrogatory No. 4 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).  Subject to the General Objections and these specific objections, Highland states that it has previously provided a tax memo and a valuation of the assets listed on Schedule A as of 2017 to UBS, but has not conducted valuations for years after 2017, and will not conduct such a valuation on the basis that it would impose burdens beyond the scope of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 36(a)(4).

**INTERROGATORY NO. 5:**

Identify each of Your current or former employees with knowledge of the face and market values of any asset listed on Schedule A of the Purchase Agreement from July 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 5:**

Highland objects to Interrogatory No. 5 on the ground that the Highland cannot speak on behalf of "former" employees.  Subject to the General Objections and this specific objection, the Debtor identifies the following "current" employee:

David Klos

**INTERROGATORY NO. 6:**

Identify each member of Your valuation team from July 2017 to the present.

**RESPONSE TO INTERROGATORY NO. 6:**

In response to Interrogatory No. 6, Highland identifies, to the best of its knowledge, the following individuals:

  Sean Fox

  James Mills

  Michael Beispiel

  Brendan Flaherty

  David Klos

**INTERROGATORY NO. 7:**

Identify each of Your current or former employees with knowledge of the Insurance Policy, Purchase Agreement, or August 2017 Transfers as of January 1, 2021.

**RESPONSE TO INTERROGATORY NO. 7:**

In response to Interrogatory No. 7, Highland identifies, to the best of its knowledge, the following individuals:

  Matthew DiOrio

  Isaac Leventon

  Scott Ellington

  Katie (Irving) Lucas

  Stephanie Vitiello

  Jean Paul Sevilla

  Thomas Surgent

**INTERROGATORY NO. 8:**

Identify any assets listed on Schedule A of the Purchase Agreement that were not successfully transferred to Sentinel and the current location of any such assets.

**RESPONSE TO INTERROGATORY NO. 8:**

Highland objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it asks for the "current location of any such assets." *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY NO. 9:**

Identify any asset currently held by CDO Fund, including the value and location of each asset and account information if applicable.

**RESPONSE TO INTERROGATORY NO. 9:**

Highland objects to Interrogatory No. 9 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these specific objections, Highland states that is has not performed a full accounting of CDO Fund's assets. Highland has produced documents to UBS including bank account statements. Additionally, Highland states that approximately $6 million in cash is in CDO Funds' custody in an account with the Bank of New York, the majority of which was received during August 2021 on account of the Greenbriar securities. Greenbriar and Aberdeen are still registered in the name of CDO Fund, but the ownership of each of those assets is disputed. Highland makes no representation regarding the ownership of those assets held by CDO Fund, and the location of the Greenbriar and Aberdeen securities is unknown.

**INTERROGATORY NO. 10:**

Identify all cash distributions made to CDO Fund on account of its CLO interests from August 2017 though the present, including the date, amount, and transferor of each such distribution and the details of any subsequent dissipation of such distributions.

**RESPONSE TO INTERROGATORY NO. 10:**

Highland objects to Interrogatory No. 10 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these specific objections, Highland has produced documents to UBS

including bank account statements. Additionally, Highland states that there were no distributions to CDO Fund on account of any its CLO interests from August 2017 through the present except as reflected in those bank account statements.

**INTERROGATORY NO. 11:**

Identify any asset or cash transfers from You or an entity You own, manage, or control, including but not limited to CDO Fund, to Sentinel from October 16, 2019 through the present.

**RESPONSE TO INTERROGATORY NO. 11:**

Highland objects to Interrogatory No. 11 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these specific objections, Highland states that it has previously produced documents reflecting transfers made by the Funds, HFP, and others to Sentinel, but Highland, as the manager of certain CLOs, has no information regarding the beneficial owners of the securities issued by the CLOs.

**INTERROGATORY NO. 12:**

Identify any and all asset sales, transfers, or transactions from the Funds to any other entity or individual from 2009 through the present.

**RESPONSE TO INTERROGATORY NO. 12:**

Highland objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY NO. 13:**

Identify any and all asset sales, transfers, or transactions from HFP to any other entity or individual from 2009 through the present.

**RESPONSE TO INTERROGATORY NO. 13:**

Highland objects to Interrogatory No. 13 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY NO. 14:**

Identify all asset sales, transfers, or transactions between Sentinel Reinsurance, Ltd. and You or any of Your affiliated entities, including but not limited to the Funds and/or Multi-Strat, from 2009 through the present.

**RESPONSE TO INTERROGATORY NO. 14:**

Highland objects to Interrogatory No. 14 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these specific objections, Highland states that it has previously produced documents showing that the Funds transferred assets to pay for the Insurance Policy.

**INTERROGATORY NO. 15:**

Identify all asset sales, transfers, or transactions between Sentinel Re Holdings, Ltd. and You or any of Your affiliated entities, including but not limited to the Funds, from 2009 through the present.

**RESPONSE TO INTERROGATORY NO. 15:**

Highland objects to Interrogatory No. 15 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these specific objections, Highland states that it previously produced documents reflecting (a) that the Funds, HFP, and others transferred assets to Sentinel ostensibly to pay for the Insurance Policy, and (b) a transfer of limited partnership interests in Multi-Strat to Sentinel in 2015, and is unaware of any other asset sales, transfers, or transactions except as reflected in those documents.

**INTERROGATORY NO. 16:**

Identify all asset sales, transfers, or transactions between SS Holdings Ltd. and You or any of Your affiliated entities, including but not limited to the Funds, from 2009 through the present.

**RESPONSE TO INTERROGATORY NO. 16:**

Highland objects to Interrogatory No. 16 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these specific objections, Highland further states that it does not possess knowledge or information responsive to this Interrogatory.

**INTERROGATORY NO. 17:**

Identify all investors in Multi-Strat with outstanding redemptions, including the date each redemption was submitted and the amount of each such redemption.

**RESPONSE TO INTERROGATORY NO. 17:**

In response to Interrogatory No. 17, Highland refers UBS to **Exhibit A**, attached hereto.

**INTERROGATORY NO. 18:**

Identify each governing document relating to Multi-Strat's obligation to pay outstanding redemptions.

**RESPONSE TO INTERROGATORY NO. 18:**

Highland objects to Interrogatory No. 18 on the ground that information responsive to this Interrogatory is in UBS's custody and control. Subject to the General Objections and this specific objection, Highland identifies, to the best of its knowledge, the following governing documents:

*Series A Shares Supplement to Confidential Private Offering Memorandum of Highland Multi Strategy Credit Fund, Ltd.*

*Confidential Private Placement Memorandum Series B, Series C and Series D Limited Partner Interests in Highland Multi Strategy Credit Fund, Ltd.*

*Confidential Private Offering Memorandum Series B, Series C and Series D Shares of Highland Multi Strategy Credit Fund, Ltd.*

*Third Amended and Restated Investment Management Agreement*, dated November 1, 2013

*Fourth Amended and Restated Limited Partnership Agreement*, dated November 1, 2014

*Amended and Restated Memorandum and Articles of Incorporation of Highland Multi Strategy Credit Fund, Ltd.*

*Certificate of Incorporation on Change of Name*

*Certificate of Amendment, dated August 27, 2014*

*Limited Liability Company Agreement of Highland Credit Opportunities CDO GP, L.L.C.*

*Agreement of Limited Partnership of Highland Credit Opportunities CDO GP, L.L.C.*

*Amendment to Certificate of Limited Partnership, dated August 27, 2014*

*Highland Multi Strategy Credit Fund, L.P. Fourth Amended and Restated Limited Partnership Agreement, dated November 1, 2014*

*Highland Multi Strategy Credit Fund, L.P. Incumbency Certificate, dated January 9, 2020*

*Memorandum and Articles of Association of Highland Credit Opportunities CDO Asset Holdings GP, LTD.*

*Written Resolutions of the Sole Director of the Company, dated April 29, 2009*

*Amended and Restated Memorandum and Articles of Association of Highland Multi Strategy Credit Fund, LTD.*

**INTERROGATORY NO. 19:**

Identify whether any redemption payments have been made by Multi-Strat to Sentinel from 2009 through the present.

**RESPONSE TO INTERROGATORY NO. 19:**

In response to Interrogatory No. 19, Highland states that, to the best of its knowledge, there was a redemption payment of $683,931.55 in December 2016 regarding the interests that Sentinel held prior to 2017. Highland further states that there is an ongoing investigation regarding this matter in the Adversary Proceeding.

**INTERROGATORY NO. 20:**

State, with specificity, any formal or informal policies and/or procedures governing Multi-Strat redemptions, including regarding the timing for making redemption payments.

**RESPONSE TO INTERROGATORY NO. 20:**

Highland objects to Interrogatory No. 20 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these specific objections, Highland, to the best of its knowledge, refers UBS to its Response to Interrogatory No. 18.

**INTERROGATORY NO. 21:**

State, with specificity, any remedies a redeeming investor could pursue against Multi-Strat if redemptions payments are delayed or withheld.

**RESPONSE TO INTERROGATORY NO. 21:**

Highland objects to Interrogatory No. 21 on the grounds that it calls for a legal analysis or legal conclusion. Highland further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these specific objections, Highland, to the best of its knowledge, refers UBS to its Response to Interrogatory No. 18.

**INTERROGATORY NO. 22:**

Identify Sentinel's interests in Multi-Strat and the circumstances surrounding Sentinel's acquisitions of those interests.

**RESPONSE TO INTERROGATORY NO. 22:**

In response to Interrogatory No. 22, Highland, identifies, to the best of its knowledge, the following agreements surrounding Sentinel's interests in Multi-Strat: (i) *Purchase Agreement*, as between Sentinel, and each of Highland CDO Opportunity Master Fund, L.P., Highland CDO Holding Company, and Highland Special Opportunities Holdings Company, dated August 7, 2017, (ii) *Purchase and Sale Agreement*, as between the Debtor and Sentinel, dated 15, 2017, (iii) *Agreement*, as between Starck, Ltd. and Sentinel, dated December 30, 2015.

**INTERROGATORY NO. 23:**

Identify all interests held by CDO Fund in Survios, Inc. prior to August 15, 2017, including when and how CDO Fund acquired such interest.

**RESPONSE TO INTERROGATORY NO. 23:**

Highland objects to Interrogatory No. 23 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these specific objections, Highland identifies, to the best of its knowledge, the following interest held by CDO Fund in response to Interrogatory No. 23:

Series C investment of preferred shares, with approximately $3 million of cash invested on or about November 4, 2016; 411, 714 shares at $7.2866 per share.

**INTERROGATORY NO. 24:**

Identify all direct or indirect beneficial owners of Survios, Inc.

**RESPONSE TO INTERROGATORY NO. 24:**

Highland objects to Interrogatory No. 24 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject to the General Objections and these specific objections, Highland states that it does not possess knowledge or information responsive to this Interrogatory.

**INTERROGATORY NO. 25:**

Identify all interests in BB Highland Floating Rate fund held by CDO Fund from February 2009 through the present, including the circumstances for CDO Fund's acquisition and disposition of such interests.

**RESPONSE TO INTERROGATORY NO. 25:**

Highland objects to Interrogatory No. 25 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Subject

to the General Objections and these specific objections, Highland identifies, to the best of its knowledge, the following interests in response to this Interrogatory:

$5 million cash subscription in August 2014.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

Dated: November 30, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
rfeinstein@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## VERIFICATION

STATE OF NEW YORK §
§
COUNTY OF NEW YORK §

Before me, the undersigned notary, on this day personally appeared James P. Seery, Jr., the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is James P. Seery, Jr. I am capable of making this Verification. I have read the foregoing document. Subject in all respects to the general objections contained the answers to UBS's Interrogatories to Defendant Highland Capital Management, L.P. (the "Answers"), the facts stated in the Answers, are based upon information actually known and ascertained using reasonable efforts by Highland's current management and employees and may not include information known or in the possession of Highland's former management and employees."

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: [signature]

Title: Chief Executive Officer

SWORN TO AND SUBSCRIBED before me this
30 day of November, 2021

[signature] Naomi Chisum
NOTARY PUBLIC

Naomi Chisum
My Commission Expires
03/22/2025
ID No. 132987623