PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Robert J. Feinstein (NY Bar No. 1767805) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 19-34054-sgj11 |
| UBS SECURITIES LLC AND UBS AG LONDON BRANCH, <br><br> Plaintiff, <br><br> v. <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Defendant. | Adv. Proc. No. 21-03020 |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

## HIGHLAND'S AMENDED RESPONSES AND OBJECTIONS TO UBS'S REQUESTS FOR ADMISSION

Highland Capital Management, L.P., the reorganized debtor[2] ("Highland" or, as may be temporally required, the "Debtor") hereby submits its amended responses and objections (the "Amended Responses") to *UBS's Requests for Admission to Defendant Highland Capital Management, L.P.* (the "Requests")[3] served by UBS Securities LLC and UBS AG London Branch (together "UBS") in the above-captioned adversary proceeding (the "Adversary Proceeding"). The Debtor's Amended Responses to the Requests are made pursuant to Federal Rules of Civil Procedure ("FRCP") 26, 33, and 34 as made applicable in bankruptcy cases pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, and 7034.

## GENERAL OBJECTIONS

Unless otherwise specified, the following general objections and caveats are applicable to each and every Response and are incorporated into each Response as though set forth in full:

1. The Responses contained herein are based upon information presently known and ascertained by the Highland.

2. Highland objects to the Requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other privilege or immunity. The inadvertent disclosure or production of any document that is protected from discovery by any privilege or immunity shall not constitute a

---

[2] On February 22, 2021, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.*, as modified (the "Plan"). The Plan went Effective (as defined in the Plan) on August 11, 2021, and Highland is the Reorganized Debtor (as defined in the Plan) since the Effective Date. *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 2700].

[3] Capitalized terms not defined herein shall have the meanings set forth in the Requests.

2

waiver of any such privilege or immunity. All references in these objections and responses to the Debtor's agreement to produce documents shall be construed to mean non-privileged documents.

3. Highland objects to the Requests to the extent they request information that is not reasonably or readily available to it, in its possession, custody or control, or is more readily available to UBS from another source or for which the burden of obtaining such information is not substantially greater for UBS than it is for Highland.

4. Highland objects to the Requests to the extent they call for legal conclusions and/or legal analyses.

5. All specific responses to the Requests are provided without waiver of, and with express reservation of (a) all objections as to competency, relevancy, materiality, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceedings in this matter; (b) all privileges, including the attorney-client privilege and work product doctrine; (c) the right to object to the use of such responses, or the subject matter thereof, on any ground in any further proceeding in this action; and (d) the right to object on any ground at any time to a demand or request for further responses to these or any other discovery requests or other discovery proceedings.

6. Highland objects to the Requests to the extent they seek to expand on or conflict with Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and/or the Local Rules of the Bankruptcy Court for the Northern District of Texas.

7. These General Objections and Responses shall be deemed to be incorporated by reference into the Specific Responses and Objections set forth below.

## RESPONSES TO REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**:

Admit that You did not inform UBS of the existence of the Insurance Policy prior to mid-February 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admit.

**REQUEST FOR ADMISSION NO. 2**:

Admit that You did not inform UBS of the existence of the Purchase Agreement prior to mid-February 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admit.

**REQUEST FOR ADMISSION NO. 3**:

Admit that You did not inform UBS of the August 2017 Transfers prior to mid-February 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admit.

**REQUEST FOR ADMISSION NO. 4**:

Admit that Your post-petition management did not discover the events underlying the Insurance Policy, Purchase Agreement, or August 2017 Transfers until early 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admit.

**REQUEST FOR ADMISSION NO. 5**:

Admit that "USP 1" in the Sentinel and SAS Structure Charts is Scott Ellington.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

In response to Request for Admission No. 5, Highland states that based on certain discovery, including documents produced or deposition testimony, Highland believes this

statement to be true, but Highland does not possess knowledge or information sufficient to conclusively admit or deny this Request. *See* Fed. R. Civ. P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 6**:

Admit that "USP 2" in the Sentinel and SAS Structure Charts is James Dondero.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

In response to Request for Admission No. 6, Highland states that based on certain discovery, including documents produced or deposition testimony, Highland believes this statement to be true, but Highland does not possess knowledge or information sufficient to conclusively admit or deny this Request. *See* Fed. R. Civ. P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 7**:

Admit that You transferred or attempted to transfer the below assets from CDO Fund to Sentinel in August 2017 to satisfy the premium payment on the purported Insurance Policy.

| ISIN | Description | Traded Shares or Par Value |
|---|---|---|
| KY009A1KXYH6 | ABERDEEN LN FDG LTD PFD | 12,000,000.00 |
| KY84427P2029 | SOUTHFORK CLO LTD CUM PFD 144A | 10,000.00 |
| KYG829101032 | SOUTHFORK CLO LTD PFD | 9,000.00 |
| US00306M3007 | ABERDEEN LN FDG LTD PFD | 5,000.00 |
| US3624682098 | GSC ABS CDO 2006-4U LT CUM PFD 144A | 16,000.00 |
| US39364P2011 | GREENBRIAR CLO LTD PFD 144A | 16,250.00 |
| US43009L2034 | HIGHLAND FINL PARTNERS LP | 615,733.00 |
| US43009L9898 | HIGHLAND FINL PARTNERS LP NPV | 3,000,000.00 |
| US5431742056 | LONGSTREET CDO I LTD PFD 144A | 3,000.00 |
| US65340G2057 | NEXPOINT C COM USD0.001 (POST REV S) | 100.00 |
| US69763NAD30 | PAM CAP FDG LP 0.0 01MAY13 144A | 48,500,000.00 |
|  | FRN | 42,868,390.80 |
| US8729623038 | TOUSA INC 8.0 PFD 144A | 1,337.00 |
| US91914QAA40 | VALHALLA CLO LTD 0.0 01AUG23 | 6,000,000.00 |
|  | 144A | 6,000,000.00 |
| US925331AA89 | VERTICAL ABS CDO 2 0.0 09MAY46 | 6,000,000.00 |
|  | 144A | 6,000,000.00 |
| N/A | HIGHLAND CREDIT OPPORTUNITIES CDO LTD. PARTNERSHIP INTEREST | 24,313.00 |

5

|  | $2,157,088 PROMISSORY NOTE (GOVERNANCE RE, LTD. AS MAKER) AND CASH OF $539,272 – RE: NEXPOINT MULTIFAMILY CAPITAL TRUST INTEREST | 269,636.00 |
|---|---|---|
| N/A | NEXPOINT REAL ESTATE STRAT – Z | 97,257.00 |
| N/A | HIGHLAND GEMINI PROGRAM (POLLUX) | 65,314.00 |
| N/A | $2,399,996 PROMISSORY NOTE (THE DUGABOY INVESTMENT TRUST AS MAKER) AND CASE OF $599,999 – RE: SURVIOS INTEREST | 2,999,995.00 |
| BCC0MVTX4 | CAMBR 5X FLOATING – 12/2045 | 19,350,000.00 |
| N/A | CASH | $7,779,722.00 |

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admit, based on information uncovered to date regarding actions of Highland's prior management.

**REQUEST FOR ADMISSION NO. 8**:

Admit that You transferred or attempted to transfer the below assets from Highland CDO Opportunity Fund, Ltd. to Sentinel in August 2017 to satisfy the premium payment on the purported Insurance Policy.

| ISIN | Description | Traded Shares or Par Value |
|---|---|---|
| N/A | CASH | $2,349,436.00 |

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admit, based on information uncovered to date regarding actions of Highland's prior management.

**REQUEST FOR ADMISSION NO. 9**:

Admit that You transferred or attempted to transfer the below assets from Highland CDO Holdings Company to Sentinel in August 2017 to satisfy the premium payment on the purported Insurance Policy.

| ISIN | Description | Traded Shares or Par Value |
|---|---|---|
| US404185AD22 | HFT REAL EST 3.33867 25NOV51 | 750,000.00 |
|  | 144A F | 750,000.00 |

6

| | | |
|---|---|---|
| US65340G2057 | NEXPOINT C COM USD0.001 (POST REV S) | 165,395.00 |
| US65341D1028 | NEXPOINT R COM USD0.001 'WI' | 220,527.00 |
| US86280AAE73 | STRATFORD CL 3.16956 01NOV21 | 300,000.00 |
| | 144A F | 300,000.00 |
| USG44392AF82 | HIGHLAND PARK C 4.93867 | 17,000,000.00 |
| | 25NOV51 FRN | 24,076,296.18 |
| N/A | PROMISSORY NOTE – CLO HOLDCO, LTD. AS MAKER – 12/23/2025 | $32,801,593.00 |
| N/A | CASH | $539,641.00 |
| N/A | DIVIDENDS RECEIVABLE – HIGHLAND CAPITAL MANAGEMENT, LP | $136,598.00 |

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admit, based on information uncovered to date regarding actions of Highland's prior management.

**REQUEST FOR ADMISSION NO. 10**:

Admit that You transferred or attempted to transfer the below assets from SOHC to Sentinel in August 2017 to satisfy the premium payment on the purported Insurance Policy.

| ISIN | Description | Traded Shares or Par Value |
|---|---|---|
| US247126AC93 | DELPHI CORP DEL 7.125 01MAY29 | 1,500,000.00 |
| US247126AD76 | DELPHI CORP DEL 6.55 15JUN06 USD | 3,000,000.00 |
| | LONGSTREET CDO I LTD PFD 144A | 1,570.00 |
| US8729623038 | TOUSA INC 8.0 PFD 144A | 5,349.00 |
| US925331AA89 | VERTICAL ABS CDO 2 0.0 09MAY46 | 5,000,000.00 |
| | 144A | 5,000,000.00 |
| N/A | CASH | $295,136.00 |

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Admit, based on information uncovered to date regarding actions of Highland's prior management.

**REQUEST FOR ADMISSION NO. 11**:

Admit that You transferred or attempted to transfer the below assets from Highland Financial Corp. to Sentinel in August 2017 to satisfy the premium payment on the purported Insurance Policy.

7

| ISIN | Description | Traded Shares or Par Value |
|---|---|---|
| N/A | CASH | $80,144.00 |
| N/A | TAX REFUND RECEIVABLE – HIGHLAND CAPITAL MANAGEMENT, LP | $477,637.00 |

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Admit, based on information uncovered to date regarding actions of Highland's prior management.

**REQUEST FOR ADMISSION NO. 12**:

Admit that You transferred or attempted to transfer the below assets from HFP to Sentinel in August 2017 to satisfy the premium payment on the purported Insurance Policy.

| ISIN | Description | Traded Shares or Par Value |
|---|---|---|
| N/A | CASH | $29,252.00 |

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Admit, based on information uncovered to date regarding actions of Highland's prior management.

**REQUEST FOR ADMISSION NO. 13**:

Admit that the cash amounts listed in Schedule A of the Purchase Agreement were transferred to a Bank of New York account held by Sentinel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

The Debtor denies Request for Admission No. 13. On information and belief, no amounts were transferred to an account at Bank of New York. Highland admits, based on information uncovered to date regarding actions of Highland's prior management, that cash amounts were transferred to, or intended to be transferred to, a Sentinel account.

**REQUEST FOR ADMISSION NO. 14:**

Admit that assets held by entities that were not defendants in the State Court Action were transferred as part of the premium payment on the purported Insurance Policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Admit, based on information uncovered to date regarding actions of Highland's prior management.

**REQUEST FOR ADMISSION NO. 15:**

Admit that as of mid-2018, You estimated the market value of the assets transferred to Sentinel in the August 2017 Transfers as more than $105 million at the time of their transfer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

In response to Request for Admission No. 15, Highland states that it does not possess knowledge or information sufficient to conclusively admit or deny this Request. *See* Fed. R. Civ. P. 36(a)(4). Subject to the General Objections and the foregoing, Highland further states that it produced documents substantially contemporaneous with the August 2017 Transfers that reflect the valuation of $105 million according to authors of those documents. Highland has subsequently attempted to produce more recent valuations of those assets in question that reflect a lesser valuation of those assets, and such valuations were also provided to UBS.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the market value You calculated in mid-2018 for the assets transferred to Sentinel in the August 2017 Transfers was greater than the Insurance Policy premium.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Highland objects to Request for Admission No. 16 on the basis that it has not conducted a valuation of the assets transferred to Sentinel in the August 2017 Transfers and will not conduct such a valuation on the ground that it would impose obligations on Highland that go beyond the scope of those imposed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 36(a)(4). Subject to the General Objections and these specific objections, Highland admits that the market

9

value of the assets transferred to Sentinel in the August 2017 Transfers was greater than the Insurance Policy Premium.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the market value You calculated in mid-2018 for the assets transferred to Sentinel in the August 2017 Transfers was greater than the limit of indemnity coverage provided for in the Insurance Policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In Response to Request for Admission No. 17, In Response to Request for Admission No. 16, Highland objects on the basis that it has not conducted a valuation of the assets transferred to Sentinel in the August 2017 Transfers, and will not conduct such a valuation on the ground that it would impose obligations on Highland that go beyond the scope of those imposed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 36(a)(4). Subject to the General Objections and these specific objections, Highland admits that the market value of the assets transferred to Sentinel in the August 2017 Transfers was greater than the Insurance Policy Premium.

**REQUEST FOR ADMISSION NO. 18:**

Admit that, at all times since August 2017 through the present, You have exercised control over CDO Fund.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that, at all times in and since August 2017, Highland CDO Holdings Company has been a wholly-owned subsidiary of HFP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Admit.

**REQUEST FOR ADMISSION NO. 20:**

DOCS_NY:43039.7 36027/002

Admit that, at all times in and since August 2017, Highland Financial Corp. has been a wholly-owned subsidiary of HFP.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that CDO Fund currently holds approximately 16,250 preference shares in Greenbriar CLO Ltd.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

The Debtor denies Request for Admission No. 21 on the ground that, upon information and belief, as Highland previously advised UBS, there appears to have been an effort to transfer these preference shares to Sentinel as a partial payment for the insurance policy premiums that failed, and the shares were lost. The Debtor admits that CDO Fund is, indirectly, the holder of record of 16,250 preference shares in Greenbriar CLO Ltd.

**REQUEST FOR ADMISSION NO. 22:**

Admit that CDO Fund never completed the transfer of the Greenbriar CLO Ltd. preference shares contemplated by the Purchase Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Admit.

**REQUEST FOR ADMISSION NO. 23:**

Admit that CDO Fund currently holds approximately 5,000 shares in Aberdeen Loan Funding Ltd.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

In response to Request for Admission No. 23, Highland states that it does not possess knowledge or information sufficient to conclusively admit or deny this Request. *See* Fed. R. Civ. P. 36(a)(4). Highland will supplement this Response if and when additional information is received.

**REQUEST FOR ADMISSION NO. 24:**

Admit that CDO Fund currently holds approximately 4,000 shares in Eastland CLO Ltd.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

In response to Request for Admission No. 24, Highland states that it does not possess knowledge or information sufficient to conclusively admit or deny this Request. *See* Fed. R. Civ. P. 36(a)(4). Highland will supplement this Response if and when additional information is received.

**REQUEST FOR ADMISSION NO. 25:**

Admit that CDO Fund currently holds approximately 5,000 shares in Grayson CLO Ltd.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

In response to Request for Admission No. 25, Highland states that it does not possess knowledge or information sufficient to conclusively admit or deny this Request. *See* Fed. R. Civ. P. 36(a)(4). Highland will supplement this Response if and when additional information is received.

**REQUEST FOR ADMISSION NO. 26:**

Admit that CDO Fund currently holds shares in Valhalla CLO Ltd.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

In response to Request for Admission No. 26, Highland states that it does not possess knowledge or information sufficient to conclusively admit or deny this Request. *See* Fed. R. Civ. P. 36(a)(4). Highland will supplement this Response if and when additional information is received.

DOCS_NY:43039.7 36027/002

**REQUEST FOR ADMISSION NO. 27:**

Admit that CDO Fund currently holds a promissory note issued by Governance Re Ltd.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

In response to Request for Admission No. 27, Highland states that it does not possess knowledge or information sufficient to conclusively admit or deny this Request. *See* Fed. R. Civ. P. 36(a)(4). Highland will supplement this Response if and when additional information is received.

**REQUEST FOR ADMISSION NO. 28:**

Admit that CDO Fund did not make a claim on the Insurance Policy until March 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Admit.

**REQUEST FOR ADMISSION NO. 29:**

Admit that SOHC has not made a claim on the Insurance Policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Admit.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Highland CDO Holdings Company has not made a claim on the Insurance Policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Admit.

**REQUEST FOR ADMISSION NO. 31:**

Admit that between June and October 2020, UBS made no less than ten formal and informal requests to You seeking Asset Information.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

In response to Request for Admission No. 31, Highland states that it does not possess knowledge or information sufficient to conclusively admit or deny the Request. *See* Fed. R. Civ. P. 36(a)(4). Highland admits that it received a series of formal and informal discovery requests from UBS between June and October 2020.

**REQUEST FOR ADMISSION NO. 32:**

Admit that You tasked Your legal department, and Isaac Leventon and Scott Ellington in particular, with collecting documents in response to UBS's discovery requests for Asset Information.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Admit.

**REQUEST FOR ADMISSION NO. 33:**

Admit that by October 2020, You represented to UBS that documents responsive to UBS's discovery requests for Asset Information were limited or did not exist and Your production of Asset Information was substantially complete.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Highland objects to Request for Admission No. 33 on the ground that it is not relevant to the parties' claim or defenses. *See* Fed. R. Civ. P. 36(a)(4). Subject to the General Objections and this specific objection, Highland admits that it represented to UBS that discovery was substantially complete based on representations made to Highland by former in-house counsel.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the Insurance Policy pertains to the Asset Information.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Admit.

**REQUEST FOR ADMISSION NO. 35:**

Admit that the August 2017 Transfers pertain to the Asset Information.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

14

Admit.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the Purchase Agreement pertains to the Asset Information.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Admit.

**REQUEST FOR ADMISSION NO. 37:**

Admit that approximately $10,665.64 in November 2017 cash distributions to CDO Fund on Aberdeen Loan Funding were claimed by and transferred to Sentinel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

In response to Request for Admission No. 37, Highland states that based on certain discovery, including documents produced or deposition testimony, Highland believes this statement to be true, but Highland does not possess knowledge or information sufficient to conclusively admit or deny this Request. *See* Fed. R. Civ. P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 38:**

Admit that approximately $88,099.94 in November 2017 cash distributions to CDO Fund on Greenbriar CLO, Ltd. were claimed by and transferred to Sentinel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

In response to Request for Admission No. 38, Highland states that based on certain discovery, including documents produced or deposition testimony, Highland believes this statement to be true, but Highland does not possess knowledge or information sufficient to conclusively admit or deny this Request. *See* Fed. R. Civ. P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 39:**

Admit that approximately $1,408.77 in February 2018 cash distributions to CDO Fund on Valhalla CLO Ltd. were claimed by and transferred to Sentinel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

In response to Request for Admission No. 39, Highland states that it does not possess knowledge or information sufficient to conclusively admit or deny this Request. *See* Fed. R. Civ. P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 40:**

Admit that approximately $1,408.77 in February 2019 cash distributions to CDO Fund on Valhalla CLO Ltd. were claimed by and transferred to Sentinel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

In response to Request for Admission No. 40, Highland states that based on certain discovery, including documents produced or deposition testimony, Highland believes this statement to be true, but Highland does not possess knowledge or information sufficient to conclusively admit or deny this Request. *See* Fed. R. Civ. P. 36(a)(4).

**REQUEST FOR ADMISSION NO. 41:**

Admit that pursuant to Section 5 of the May Settlement Agreement, Multi-Strat was restricted from making any distributions or redemption payments to any of Multi-Strat's limited partners, general partners, shareholders, or other equity holders absent Your mutual agreement with UBS or court order.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Highland objects to Request for Admission No. 41 on the grounds that it calls for a legal conclusion or legal analysis and the document speaks for itself. Subject to the General Objections and these specific objections, Highland admits this Request.

**REQUEST FOR ADMISSION NO. 42:**

Admit that Section 5 of the May Settlement Agreement is no longer in effect to restrict Multi-Strat from making any distributions or redemption payments to any of Multi-Strat's limited partners, general partners, shareholders, or other equity holders.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Highland objects to Request for Admission No. 42 on the grounds that it calls for a legal conclusion and the document speaks for itself.

**REQUEST FOR ADMISSION NO. 43:**

Admit that the temporary restraining order issued in this adversary proceeding [Adv. Dkt. No. 21] is currently the only limitation on Your ability to make distributions or redemption payments from Multi-Strat to Sentinel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Highland objects to Request for Admission No. 43 on the ground that it calls for a legal conclusion or legal analysis. Subject to the General Objections and this specific objection, Highland states that it is not aware of any other limitations, contractual or otherwise, on its ability to make distributions or redemption payments from Multi-Strat to Sentinel, other than practical limitations, such as liquidity constraints.

**REQUEST FOR ADMISSION NO. 44:**

Admit that in or around April 2018, You transferred approximately $196,000 to Sentinel as the purported assignee of CDO Fund's interest in the BB Highland Floating Rate fund.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

In response to Request for Admission No. 44, Highland states while certain discovery, including documents produced or deposition testimony, reflects that this transfer may have occurred, Highland does not possess knowledge or information sufficient to conclusively admit or deny this Request. *See* Fed. R. Civ. P. 36(a)(4).

| | |
|---|---|
| Dated: September 3, 2021 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Robert J. Feinstein (NY Bar No. 1767805)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>E-mail: jpomerantz@pszjlaw.com<br>  ikharasch@pcszjlaw.com<br>  rfeinstein@pszjlaw.com<br>  jmorris@pszjlaw.com<br>  gdemo@pszjlaw.com<br>  hwinograd@pszjlaw.com |

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

18